| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>ELECTRONICALLY<br>-------------------------------------------------------------------X FILED.<br><br>**PRUDENTIAL EQUITY GROUP, LLC,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　- against -<br><br>THOMAS R. AJAMIE, AJAMIE LLP, ROBERT WEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, ROSNER NAPIERALA, LLP, BRIAN ROSNER, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL, LLP, JOHN DOES 1-25, and ABC CORPORATIONS 1-25,<br><br>　　　　　　　　　　**Defendants.**<br><br>-------------------------------------------------------------------X | THIS DOCUMENTS HAS BEEN<br><br><br><br><br><br>**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 07 CIV 5606 (JSR) |

　　　　**MARTIN N. KROLL,** an attorney duly admitted to practice law before this Court, affirms the following under penalty of perjury:

　　　　1.　　I am a member of the firm of Kroll, Moss & Kroll, LLP, one of the Defendants herein, and I make this Affirmation in response to the Order to Show Cause granted by this Court on June 12, 2007, with a return date of June 20, 2007.

　　　　2.　　In or about August 2001, Charanjit Sahni consulted with Kroll, Moss & Kroll, LLP, concerning accounts numbered HKA-094629-23, HKA-094637-23, HKA-094581-23 and HKA-095638-23 which were maintained at Prudential Securities by Charanjit Sahni, individually, and as custodian for his children Simran and Angad, his wife, his mother and Nasimang Enterprises, an entity in which he is a principal.

I was not personally retained by the Sahni's, but I did participate in my firm's representation of the Sahni's in such action.

3. A retainer was entered into with the Sahni's wherein they retained the services of Kroll, Moss & Kroll, LLP, to pursue claims against Prudential Securities and/or its agents upon the following terms:

A. An advance retainer of $15,000.00 was to be paid to Kroll, Moss & Kroll, LLP , by the Sahni's at a rate of $5,000.0 per month for a three month period;

B. The Sahni's to pay all "out of pocket" expenses incurred within the month in which such expenses were invoiced to the Sahni's;

C. Kroll, Moss & Kroll, LLP agreed to accept a reduced hourly rate for services rendered in the amount of $250.00; and

D. The Sahni's were to pay a sum equal to 1/3 of any sums recovered with credit given for all monies previously paid by the Sahni's.

4. After retention, Kroll, Moss & Kroll, LLP undertook to assemble and review the materials provided by the Sahni's concerning the subject accounts.

5. Thereafter, the firm of Secure Financial Services was retained on behalf of the Sahni's to perform account analysis of the Sahni's accounts and arrangements were made to discuss the Sahni's claims with a representative of such firm who had a background in securities regulations and trading as a potential expert witness on behalf of the Sahni's.

6. After such analysis and conversations with the potential expert witness recommended by Secure Financial Services, we contacted Prudential to discuss the matter prior to filing a Claim and urge the damages suffered by the Sahni's.

7. In or about March, 2002, Prudential Securities made an offer to settle the Sahni's claims for the sum of $225,000.00, in response to the initial discussions and urging of damages suffered by the Sahni's.

8. Prior to such settlement offer, Kroll, Moss & Kroll, LLP had earned and the Sahni's had paid to Kroll, Moss & Kroll, LLP the sum of $10,000.00 of the total $15,000.00 Advance Retainer to be paid by the Sahni's.

9. By letter dated April 2, 2002, Kroll, Moss & Kroll, LLP advised the Sahni's of such settlement offer.  However, the Sahni's elected to reject such offer and continue pursuit of the claims against Prudential Securities and/or its agents.

10. Thereafter, the Sahni's advised that they wished to terminate their relationship with Kroll, Moss & Kroll, LLP, and would seek to retain new counsel to pursue their claims.

11. Kroll, Moss & Kroll, LLP was contacted by Co-Defendant Robert H. Weiss & Associates, LLP, and advised that they were incoming counsel for the Sahni's.  An agreement was reached whereby Kroll, Moss & Kroll, LLP 's claims for attorney's fees would be addressed at the conclusion of the matter.

12. Thereafter, Kroll, Moss & Kroll, LLP was contacted by the Houston Texas firm of Co-Defendant Adjamie, LLP, as substitute counsel for the Sahni's, to arrange for the release of the Sahni's file maintained by Kroll, Moss & Kroll, LLP.

Again it was agreed that Kroll, Moss & Kroll, LLP's claim for attorneys fees would be addressed at the conclusion of the matter.

13. In or about August, 2003, Charanjit Sahni appeared at the offices of Kroll, Moss & Kroll, LLP, to retrieve his file maintained by Kroll, Moss & Kroll, LLP. The entire file maintained by Kroll, Moss & Kroll, LLP was turned over to Charanjit Sahni based upon the representation that Kroll, Moss & Kroll, LLP reserved its right to compensation based upon the above mentioned settlement offer.

14. In or about September, 2006, Kroll, Moss & Kroll, LLP discovered that the matter involving the Sahni's and Prudential Securities had been resolved.

15. By letter dated September 12, 2006, Kroll, Moss & Kroll, LLP contacted Charinjit Sahni and urged its entitlement to the sum of $64,250.00, as its fee based upon the settlement offer made by Prudential prior to its substitution as counsel for the Sahni's, with credit given for the $10,000.00 previously paid by the Sahni's.

16. On September 14, 2006, Charanjit Sahni contacted Kroll, Moss & Kroll, LLP by telephone to discuss the above demand letter and advised that the arbitration award granted to the Sahni's was being appealed by Prudential Securities.

17. Thereafter, Kroll, Moss & Kroll, LLP was contacted by counsel for Prudential advising that it was paying out the arbitration award, but that as there were a number of attorneys identified as having claim to a portion of such award, they could not pay over such sums.

18. An agreement was reached with Prudential's counsel that they would transfer 70% of the award to Sahni's current counsel and hold 30% in escrow

pending a joint direction from the attorneys involved as to how such sums should be paid out or in the alterative, that Prudential's attorneys could make application to deposit such sum with the Court.

    19.    Kroll, Moss & Kroll, LLP executed such Stipulation and advised that the only attorneys we were aware of besides our firm were the Weiss firm and the Adjamie firm.

    20.    As the instant application is in furtherance of the terms of a Stipulation which Kroll, Moss & Kroll, LLP executed, we have no objection to Plaintiff's current application, and submit that the claim of Kroll, Moss & Kroll, LLP is for the sum of $64,250.00, as set forth above.

**DATED:**    **Garden City, New York**
                **June 19, 2007**

                                            **S/**
                                            **MARTIN N. KROLL (MK-1222)**
                                            **KROLL, MOSS & KROLL, LLP**
                                            **Defendants Pro Se**
                                            **400 Garden City Plaza**
                                            **Garden City, New York 11530**
                                            **516-873-8000**

JKM/kh
Z:\Docs\SAHNI\USDC\AFM-MNK-FIN.wpd