UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRUDENTIAL EQUITY GROUP, LLC          :

               Plaintiff,          :

                   :

   v.          :

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT  :
WEISS, ROBERT H. WEISS & ASSOCIATES,  :
LLP, JOHN MOSCOW, BRIAN ROSNER,       :
ROSNER NAPIERALA LLP, DAVID           :
ROBBINS, KAUFMANN FEINDER YAMIN       :
GILDIN & ROBBINS, LLP, WALLACE        :
SHOWMAN, BERNSTEIN LITOWITZ           :
BERGER & GROSSMANN LLP, ROBERT        :
KRAUS, KRAUS & ZUCHLEWSKI LLP,        :
MARTIN KROLL, KROLL, MOSS & KROLL     :
LLP, JOHN DOES 1-25, and ABC          :
CORPORATIONS 1-25,                    :

                   :

            Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 CV 5606 (JSR)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR AN INJUNCTION PURSUANT TO 28 U.S.C. § 2361

Plaintiff Prudential Equity Group LLC ("PEG") respectfully submits this memorandum

of law in support of its motion (1) for an Order, pursuant to 28 U.S.C. § 2361 discharging it from

all liability with respect to the Disputed Fund (as that term is defined in the accompanying

Declaration hereto), and permanently enjoining and restraining all defendants from instituting or

prosecuting any proceeding in any State or United States court affecting the Disputed Fund, and

(2) pending the hearing and determination of that motion, enjoining and restraining all

defendants to this action from instituting or prosecuting any proceeding in any State or United

States court affecting the property, instrument or obligation involved in the interpleader action,

until further order of the court pursuant to 28 U.S.C. § 2361.

## PRELIMINARY STATEMENT

PEG is an innocent stakeholder to the Disputed Fund, over $ 4 million attributable to attorneys' fees in connection with an arbitration award issued by the New York Stock Exchange and confirmed by the New York Supreme Court. The amount of that Disputed Fund is fixed. However, PEG has faced numerous competing claims and claimants, asserting different – and conflicting – claims to the same *res* of the Disputed Fund. Indeed, certain of the claimants actually filed litigation against other claimants, and against PEG. No litigation, however, joined all potential claimants to the same Disputed Fund in one single proceeding.

Recognizing that this is precisely the type of case for which federal statutory interpleader was designed, on June 12, 2007, PEG initiated this action, joining as defendants all persons and entities who had asserted claims to the Disputed Fund, or who had been identified as potential claimants to the Disputed Fund. In accordance with the requirements of 28 U.S.C. § 1335(a), simultaneously with its filing of the complaint, PEG deposited the full amount of the Disputed Fund in the registry of this Court, and has disclaimed any interest in that Disputed Fund. Its responsibilities as a stakeholder fulfilled, PEG now seeks an Order from this Court, pursuant to the explicit statutory authority granted by 28 U.S.C. § 2361, discharging PEG from any further liability with respect to the Disputed Fund, and enjoining the Defendants from instituting or continuing any action against PEG with respect to the Disputed Fund.

Further, the very day of PEG's filing this action, PEG's counsel was advised by one of the claimants (who had previously and unsuccessfully sought to enjoin PEG from proceeding with this action) that that claimant intended to file claims against PEG for breach of contract and conversion should PEG proceed with this statutory interpleader action. Because such competing litigation violates the fundamental purpose of statutory interpleader, PEG further seeks

temporary injunctive relief enjoining the filing or maintenance of any such claim pending resolution of this motion.

## STATEMENT OF FACTS

The relevant factual background is set forth in detail in the accompanying Declaration of Karen Coombs, Esq. submitted herewith, and its annexed exhibits, which PEG incorporates here by reference.

## ARGUMENT

"It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability and, in the court's discretion, allowed fees and costs." *Kurland v. United States*, 919 F. Supp. 419, 421 (M.D. Fla. 1996) (permitting stakeholder to deposit funds in court registry, and discharging him from further liability). This is precisely what PEG seeks, and it is relief to which PEG is entitled. Having filed a proper statutory interpleader action, having deposited the *res* at issue (*e.g.,* the Disputed Fund) in the Court's registry, and having disclaimed all interest in it, PEG is entitled to the relief the federal interpleader statute grants to a disinterested stakeholder.

Section 2361 of Title 28 of the United States Code expressly provides for both discharge of the stakeholder, and for preliminary injunctive relief prohibiting any proceeding affecting the *res* which is the subject of the interpleader pending the interpleader court's further determination of the action. That statute provides:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and *enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action,* until further order of the court . . .Such district court shall hear and determine the case and may *discharge the plaintiff from further liability, make the injunction*

3

permanent, and make all appropriate orders to enforce its
judgment.

Further, Section 2361 is to be construed broadly. 7 Wright Miler & Kane, Federal Pract.

& Proc.: Civil § 1717 (district court has "extensive discretion" with respect to the issuance and

scope of an order pursuant to 28 U.S.C. § 2361); see, e.g., Star Ins. Co. v. Cedar Valley Express,

LLC, 273 F. Supp. 2d 38, 42-43 (D.D.C. 2002) (injunction under this section is exempted from

requirement of notice to defendants under FRCP 65; court has "extraordinary authority").

In Algemene Bank Nederland, N.V. v. Soyen Tarim Urunleri dis Ticaret ve Sanayi, 748 F.

Supp. 177, 179-80 (S.D.N.Y. 1990), this Court held that this statute entitled an interpleader

plaintiff to discharge from the action and protection from further liability upon a showing that it

complied fully with the statutory interpleader requirements, and asserted no right to any of the

disputed res, nor any claim against any of the defendants. All of those requisites are present

here.

PEG has fully complied with the requirements for statutory interpleader: (1) that the

property at issue exceed $500 in value; (2) that the plaintiff deposit the res into the Court

registry; and (3) that there be minimal diversity between at least two of the claimants to the res.

Star Ins. Co., 273 F. Supp. 2d at 41, citing 28 U.S.C. § 1335. Here, the Disputed Fund is worth

over $4 million. PEG deposited the entirety of that Disputed Fund, by certified check, into this

Court's registry simultaneously with the filing of its complaint for interpleader. Finally,

defendants Thomas R. Ajamie and Ajamie LLP are each residents of Texas, and are therefore

diverse from many of the other claimants, including but not limited to Robert H. Weiss and

Robert H. Weiss & Associates, P.C.

Further, PEG has expressly (in its Complaint) disclaimed any interest in the Disputed

Fund and has asserted no claim against any defendant. All of the Algemene requisites having

4

been met, PEG, like Algemene, is entitled to discharge and protection as contemplated by 28 U.S.C. § 2361.

## CONCLUSION

For the reasons set forth above, PEG respectfully requests that this Court enjoin the defendants from any further action against PEG with respect to the Disputed Fund and discharge PEG from all further liability with respect to the Disputed Fund. PEG further respectfully requests that, pending the hearing and determination of this application, that this Court temporarily enjoin and restrain all defendant from instituting or prosecuting any proceeding in any State or United States court affecting the Disputed Fund, until further order of the court pursuant to 28 U.S.C. § 2361.

Dated:          New York, New York
                June 12, 2007

                                        Stephen L. Ratner (SR 4624)
                                        David A. Picon (DP 6762)
                                        Karen D. Coombs (KC 3538)

                                        PROSKAUER ROSE LLP
                                        1585 Broadway
                                        New York, NY 10036-8299
                                        Phone: (212) 969-3000
                                        Fax: (212) 969-2900

                                        *Attorneys for Plaintiff Prudential Equity Group LLC*