**EXHIBIT D**

RICHARD M. MALTZ, PLLC
488 MADISON AVENUE – 9TH FLOOR
NEW YORK, NY 10022

(212) 705-4804
(212) 832-1979 (fax)
rmm@maltz-law.com

July 30, 2006

Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

Attn:  David Picon, Esq.

Re:  *Sahni v. Prudential*

Dear Mr. Picon:

I recently spoke to Matthew Farley, Esq. of Drinker, Biddle & Reath, LLP and he directed me to your firm as current counsel for Prudential in the above-referenced matter. When I called you, at Mr. Farley's suggestion, you confirmed your firm represents Prudential. I am writing to confirm that I represent Robert H. Weiss, Esq., with respect to a fee dispute he has with his co-counsel, Thomas Ajamie, Esq., in the *Sahni* litigation.

It is my understanding that Prudential has filed a motion to vacate an Arbitration decision that awarded plaintiff substantial damages against Prudential. You informed me last week that the motion was pending and no award has been paid to Mr. Weiss's co-counsel.

As you well know, counsel fees will constitute a portion of the Sahnis' award. Mr. Weiss contends that pursuant to a written agreement with Mr. Ajamie he is entitled to a portion of any attorney fees generated by the award. By this letter, I am placing your client on notice that Mr. Weiss has a right to a portion of the attorney fees generated by the *Sahni* case and he is in a dispute with Mr. Ajamie about the fees. All monies that will be paid to plaintiff with respect to this case should be placed in escrow and not distributed to Mr. Weiss's co-counsel without notice to me, as Mr. Weiss's counsel, and without Mr. Weiss's consent.

As I presume you are aware, a defendant may be liable to a plaintiff's former counsel, if, with knowledge of counsel's charging lien for legal fees, the defendant distributes monies to a plaintiff without honoring the law firm's claim. *See, Schneider, Kleinck, Weitz, Damashek & Shoot v. City of New York*, 302 A.D.2d 183 (1st Dept. 2002).

      Please contact me if you have any questions. However, I presume that if the Arbitration award is confirmed or the matter is settled that Prudential will not distribute any settlement monies until plaintiff's co-counsel has worked out any legal fee dispute and Mr. Weiss's charging lien has been discharged.

                                             Very truly yours,

                                             Richard M. Maltz

cc: Robert H. Weiss, Esq.

    Matthew Farley, Esq.

- 2 -

RICHARD M. MALTZ, PLLC
ATTORNEY AT LAW
488 MADISON AVENUE
NEW YORK, NEW YORK 10022



02 1A
0004395402    $ 00.39⁰
           AUG 07 2006
MAILED FROM ZIPCODE 10022

Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

Attn: David Picon, Esq.

