**EXHIBIT G**

NO. 2006-33057

| | | |
|---|---|---|
| THOMAS R. AJAMIE<br>AND AJAMIE LLP, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| ROBERT WEISS, ROBERT H. WEISS &<br>ASSOCIATES, P.C., AND PRUDENTIAL<br>EQUITY GROUP LLC, | § § § § | |
| Defendants. | § | 151ST JUDICIAL DISTRICT |



ASSESSED
ENTERED
VERIFIED

## PLAINTIFFS' SECOND AMENDED PETITION AND REQUEST FOR TEMPORARY RESTRAINING ORDER

### A.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### B.
### PARTIES

2. Plaintiff Thomas R. Ajamie ("Ajamie"), is a licensed attorney in good standing with the State Bar of Texas. His principal place of business is in Harris County, Texas.

3. Plaintiff Ajamie LLP is a limited liability partnership registered in the State of Texas with its main office in Houston, Harris County, Texas.

4. Defendant, Robert Weiss, is an attorney licensed in the State of New York. Mr. Weiss, through his counsel, has filed a special appearance in this cause, and no further service is necessary.

5. Defendant, Robert H. Weiss & Associates, P.C., through its counsel, has filed a special appearance in this cause, and no further service is necessary.

6. Defendant, Prudential Equity Group LLC (a/k/a Prudential Equity Group Inc.)

("Prudential"), is a limited liability company with its principal office in New Jersey. Prudential maintains an office and place of business in Houston, Harris County, Texas. Prudential may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## C.
## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over all claims in this action. The amount in controversy exceeds the minimum jurisdictional limit, if any, of this Court. *See* TEX. GOV'T. CODE §§ 24.007-24.008.

8. Under the Texas long-arm statute (TEX. CIV. PRAC. & REM. CODE § 17.042) and federal due process, this Court has personal jurisdiction over Defendants, Robert Weiss and Robert H. Weiss & Associates, P.C. (collectively, "Weiss"), because, among other contacts, Weiss (1) initiated contact with Plaintiffs in Houston, Harris County, Texas to solicit the involvement of Ajamie in the arbitration described hereinbelow; (2) Weiss, who had a fee agreement with the claimants in the arbitration, sought a benefit, profit, and advantage for Weiss by making the contact and negotiating for Ajamie's involvement; (3) a fee sharing agreement was prepared and executed by Ajamie in Harris County, Texas; (4) the agreements were to be performed in whole or in part in Harris County, Texas; (5) Weiss knew and intended that the legal work would be performed in Harris County, Texas; (6) a majority of the work under the agreements was in fact performed by Plaintiffs in Harris County, Texas; (7) Weiss made numerous communications to Plaintiffs in Harris County, Texas; (8) funds are payable under the agreements in Harris County, Texas; and (9) Weiss made several material misrepresentations to Plaintiffs in Harris County, Texas, upon which Plaintiffs relied to their detriment.

-2-

9. Under the Texas long-arm statute and federal due process, this Court has personal jurisdiction over Prudential because Prudential carries on continuous and systematic business within the State of Texas.

10. Venue is proper in Harris County, Texas under TEX. CIV. PRAC. & REM CODE § 15.002(a)(1) and (4). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within Harris County, Texas. Further, so long as venue is proper against any of Defendants, the Court also has venue against all Defendants because Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions. *See* TEX. CIV. PRAC. & REM. CODE § 15.005.

## D.
## FACTS

11. On May 18, 2006, a securities arbitration panel rendered an award in the case styled *Sahni v. Prudential*, NYSE 2002-010156. Said award was in favor of the claimants in the amount of approximately $11.8 million, plus interest. The lead attorney for the claimants is Thomas R. Ajamie of Ajamie LLP. Robert Weiss was an attorney who participated early in the case but was terminated from representation by the clients.

12. Robert Weiss is now seeking to obtain a share of the attorney's fees. The attempted fee split would not be valid under the rules of attorney conduct of either the State Bar of Texas or the New York State Bar.

13. For instance, Weiss made intentional, knowing, and material misrepresentations to the clients with the intent to induce the clients into entering into an attorney-client relationship. Weiss also made intentional, false, and knowing misrepresentations to Plaintiffs with the intent to induce Plaintiffs to enter into a joint representation agreement. Without limitation, Weiss represented that he had performed certain work on the case, would assist with the

case, and would bear a share of the costs and expenses incurred in the arbitration.

14. Weiss made such representations knowing that they were false and knowing that he did not intend to perform. Weiss made the representations knowing that Plaintiffs would rely on them. The Plaintiffs did rely on Weiss's representations, to the Plaintiffs' detriment.

15. Weiss contacted Plaintiffs in Texas, solicited Plaintiffs' involvement in the arbitration in Texas, negotiated a joint representation agreement while Plaintiffs were in Texas, initiated numerous communications to Plaintiffs in Texas, and made misrepresentations to Plaintiffs while Plaintiffs were in Texas. Plaintiffs accepted the agreements in Texas. Weiss knew and intended that Plaintiffs would perform a substantial part of the work on the arbitration while in Texas.

16. The arbitration extended over a period of more than two years. Plaintiffs served as the claimants' lead counsel. Weiss performed no meaningful work on the case. Weiss made no efforts whatsoever that contributed to the arbitration award to the claimants.

17. Weiss failed to pay his share of expenses associated with the arbitration. Instead, Plaintiffs took responsibility for paying the expenses of expert witnesses, attorneys and other professionals, and other costs necessary to pursue the arbitration.

18. After the arbitrators rendered their award, the claimants filed a motion to confirm. The respondent, Prudential, filed a motion to vacate the award. Weiss performed no work whatsoever to confirm the award or respond to Prudential's motion to vacate.

19. Since the time of the arbitration award, Weiss has taken actions with respect to Weiss's unsubstantiated claim to attorneys' fees which have prevented a timely payment of the arbitration award and the attorneys' fees.

20. Through the efforts of Ajamie, Prudential has agreed to pay the portion of the award owed to the claimants. However, Prudential still retains the amount attributable to attorneys' fees.

-4-

21. The funds held by Prudential are in danger of being dissipated or subjected to the claims of third parties, including creditors of Weiss.

22. Plaintiffs ask this Honorable Court to declare that the Defendants are not due any share of the attorneys' fees in connection with the arbitration award. In the alternative, if the fee sharing agreements between Weiss and the Plaintiffs, as well as the fee agreement between Weiss and the clients, are valid, Weiss has breached the agreements. Specifically, Weiss failed to perform under said agreements, thus causing his eventual termination by the clients.

23. The Plaintiffs request this Honorable Court to order Prudential to deposit the disputed attorneys' fees into the registry of this Court to protect the funds pending resolution of this dispute.

### E.
### COUNT 1 - CLAIM FOR DECLARATORY RELIEF AGAINST WEISS

24. Paragraphs 1 – 23 are incorporated herein by reference.

25. Based on the foregoing, Plaintiffs hereby request a judicial declaration that no valid fee sharing arrangement exists between Plaintiffs and Weiss, and that Weiss is not entitled to any attorneys' fees in connection with the case.

26. Alternatively, if need be, Plaintiffs request a judicial declaration that Weiss is not due any share of the attorneys' fees in connection with the arbitration award based on his breach of the agreements and material misrepresentations.

27. Further, in the alternative, if need be, Plaintiffs request a judicial declaration that Weiss is contractually required to pay from his share (if any) of the attorneys' fees all amounts due to other lawyers or law firms who make a claim or lien against the case.

## COUNT 2 – CLAIM FOR PARTITION OF PERSONAL PROPERTY AGAINST WEISS

28. Paragraphs 1 – 27 are incorporated herein by reference.

29. Plaintiffs and Weiss each have asserted claims to the attorneys' fees.

30. Weiss has notified Prudential that Weiss claims an interest in the attorneys' fees. Due to Weiss's claim, Prudential has refused to disburse any part of the award attributable to attorneys' fees.

31. The claimants' portion of the arbitration award is not in dispute and is not a subject of this action.

32. Plaintiffs requests the Court to determine the respective interests of Plaintiffs and Weiss in the attorneys' fees. If the court finds that Weiss is entitled to any attorneys' fees, Plaintiffs request the court to partition the disputed attorneys' fees fund between Plaintiffs and Weiss.

## COUNT 3 – CLAIM FOR BREACH OF CONTRACT AGAINST WEISS

33. Paragraphs 1 – 32 are incorporated herein by reference.

34. In the event the Court determines that an enforceable fee sharing agreement exists, Weiss has breached such agreement.

35. Plaintiffs have fully performed under the agreements by diligently working on the case such that their efforts were fully responsible for obtaining the arbitration award and confirmation of the award.

36. Weiss breached the agreements by failing to perform any work that, in any way, contributed to obtaining the arbitration award or confirmation of the award.

37. Weiss further breached the agreements by incorrectly claiming an interest in the attorneys' fees and taking actions to hinder disbursement of the arbitration award and the attorneys' fees.

38. As a result of Weiss's breaches of the agreements, Plaintiffs have suffered actual damages.

### COUNT 4 – CLAIM FOR MISREPRESENTATION AGAINST WEISS

39. Paragraphs 1 – 38 are incorporated herein by reference.

40. Weiss made intentional and knowing representations that Weiss would perform work on the case. The representations were false, and Weiss made them knowing that he had not performed and did not intend to perform.

41. Plaintiffs reasonably and justifiably relied on Weiss's representations when they entered into the fee sharing agreements and thereafter during the arbitration process. Had Plaintiffs known of the falsity of the representations, Plaintiffs would not have entered into the fee sharing agreements with Weiss.

42. As a result of these material misrepresentations by Weiss, Plaintiffs have suffered actual damages. Alternatively, Plaintiffs are entitled to rescission of the fee sharing agreements between Plaintiffs and Weiss.

### F. REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION DIRECTED TO PRUDENTIAL TO PLACE DISPUTED FUNDS INTO THE REGISTRY OF THE COURT

43. Paragraphs 1 – 42 are incorporated herein by reference.

44. Plaintiffs request the Court to enter a temporary restraining order requiring Prudential immediately to place the funds at dispute in this litigation, namely the portion of the arbitration award attributable to attorneys' fees, into the Court's registry in order to preserve the funds and to protect this Court's subject matter jurisdiction.

45. Weiss has unreasonably withheld his consent to allow Prudential to disburse the funds.

46. Moreover, Weiss is subject to the claims of creditors. Unless the disputed funds are placed in this Court's registry, the funds will be subject to claims of third parties that threaten to

-7-

reduce the funds, impair Plaintiffs' rights to the funds, or make the funds unavailable for this Court's adjudication

47. In order to protect the funds for adjudication of their rightful owner, an immediate order requiring Prudential to deposit the funds into this Court's registry is necessary. The status quo can be assured only with a temporary restraining order. If the Court does not order the funds placed into the Court's registry, Plaintiffs will likely suffer irreparable harm.

48. The disputed funds are clearly identifiable. Plaintiffs request the Court to require Prudential to deposit the funds into the Court's registry, where the funds can be placed in an interest-bearing account.

49. Plaintiffs further request that the Court enter a temporary injunction requiring the disputed funds to be held in the Court's registry in an interest-bearing account until such time as a final determination is made with regard to distribution of the funds.

### G.
### CONDITIONS PRECEDENT

50. All conditions precedent have been performed or have occurred pursuant to TEX. R. CIV. P.

### H.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer, that the Court enter a temporary restraining order and temporary injunction requiring Prudential to deposit the funds into the registry of the Court, that Plaintiffs be granted a declaratory judgment that no valid fee sharing agreement exists with Weiss, that Weiss take nothing, and that Plaintiffs recover the entire sum of attorneys' fees, or alternatively, a declaratory judgment which partitions the disputed fund between Plaintiffs and Weiss, and that Plaintiff recover actual damages against Weiss, interest as provided by law, all costs of court, and such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.

By: _____
Todd W. Mensing
State Bar No. 24013156
1221 McKinney, Suite 3460
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

ATTORNEYS FOR PLAINTIFFS,
THOMAS R. AJAMIE AND AJAMIE LLP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Second Amended Petition and Request for Temporary Restraining Order was served upon the following parties on March 28, 2007:

Jeffrey A. Shadwick
Woodfill & Pressler, L.L.P.
909 Fannin, Suite 1470
Houston, Texas 77010
Counsel for Robert Weiss

_____
TODD W. MENSING

-9-

# CIVIL PROCESS REQUEST

**CASE NUMBER:** 2006-33057  **CURRENT COURT:** 151st Judicial District

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Amended Petition

**FILE DATE OF MOTION:** March 28 2007
                        Month / Day / Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** Prudential Equity Group LLC
   **ADDRESS:** c/o Registered Agent
   **AGENT,** (if applicable): CT Corporation System, 350 N. St. Paul St. Dallas, TX 75201

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

- **SERVICE BY** (check one):
  - ☑ ATTORNEY PICK-UP  Call Connie 655-1101 when ready 713-  ☐ CONSTABLE
  - ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____
  - ☐ CERTIFIED MAIL
  - ☐ MAIL
  - ☐ PUBLICATION:
    - Type of Publication: ☐ COURTHOUSE DOOR, or
    - ☐ NEWSPAPER OF YOUR CHOICE: _____
  - ☐ OTHER, explain _____

****************************************************************

2. **NAME:** Robert H. Weiss & Assoc., P.C.
   **ADDRESS:** c/o Jeffrey Shadwick, 909 Fannin #1470, Houston TX 77010
   **AGENT,** (if applicable): Counsel for Robert Weiss

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): N/A

- **SERVICE BY** (check one):
  - ☐ ATTORNEY PICK-UP  ☐ CONSTABLE  Phone: _____
  - ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____
  - ☐ CERTIFIED MAIL
  - ☒ MAIL
  - ☐ PUBLICATION:
    - Type of Publication: ☐ COURTHOUSE DOOR, or
    - ☐ NEWSPAPER OF YOUR CHOICE: _____
  - ☒ OTHER, explain Counsel will serve by mail

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
**NAME:** Todd Mensing,   **TEXAS BAR NO./ID NO.** _____
**MAILING ADDRESS:** Ahmad Zavitsanos & Anaipakos, P.C.  1221 McKinney St. #3460  Houston, TX 77010
**AREA CODE:** (713) **TELEPHONE NO.** 713-655-1101

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

CIVC108 Revised 5/1/96