# LAW OFFICES OF ROBERT H. WEISS, PLLC

50 JERICHO TURNPIKE, SUITE 201
JERICHO, NY 11753

1707 N STREET NW
WASHINGTON, DC 20036

PHONE: (516) 876-4213
FAX:   (516) 876-6906
EMAIL: Robert@Robertweisslaw.com

Robert H. Weiss, Esq.
Stephen David Murakami, Esq.
Marissa C. Lau, Esq.
Jeffrey R. Dubin, Chief Financial Officer

March 26, 2007

**By: Facsimile and First Class Mail**

Stephen L. Ratner, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Re: *Charanjit Sahni, et. al. v. Prudential Equity Group, Inc.*, Index No. 06/107536

Dear Mr. Ratner:

I write with regard to the judgment issued in the above-captioned proceeding confirming an arbitration award in favor of Petitioners Charanjit Sahni, Harpreet Sahni, Nasimang Enterprises, AVV/Nasimang Trust by Nand Sahni and Charanjit Sahni, Charanjit Sahni Custodian Angad Sahni UTMA and Charanjit Sahni Custodian Simran Sahni UTMA (collectively, "the Sahnis") and against Prudential Equity Group, Inc. ("PEG").

I understand that PEG intends to deliver 70% of the total amount owing pursuant to that judgment and arbitration award to the New York escrow account of petitioners' current attorney, Richard E. Carmen, Esq., Brief, Carmen & Kleiman, LLP, 805 Third Avenue, New York, NY 10022 ("Carmen Escrow Account") for the sole purpose of delivery to the Sahnis. In consideration of PEG doing so, I hereby warrant, represent and confirm that, to the extent that I have or assert any lien or other claim related to any portion of the arbitration award to the Sahnis that has been confirmed in the above-captioned proceeding, and to the extent that PEG could have any liability to me pursuant to such lien or claim, PEG's maximum potential liability to me shall be limited to the remaining 30% of that judgment and arbitration award, and I hereby agree to release PEG from any claim or liability relating to the 70% PEG shall deliver to the Carmen Escrow Account.

I understand that I will also provide PEG with a full release upon PEG's release of the % for distribution, with my approval.

Very truly yours,

Robert H. Weiss

Richard E. Carmen, Esq.

**Maltz, Richard M.**

| | |
|---|---|
| From: | Coombs, Karen [KCoombs@proskauer.com] |
| Sent: | Wednesday, March 28, 2007 12:04 PM |
| To: | robert@robertweisslaw.com; tajamie@ajamie.com; rec@briefjustice.com; jmoscow@bakerlaw.com; Maltz, Richard M.; drobbins@kaufmannfeiner.com; Wallace Showman; Robert Kraus; mkroll@kmkllp.com |
| Cc: | Picon, David A. |
| Subject: | Sahni v. PEG |

Dear Counsel:

We are circulating this email to all persons who have identified themselves or been identified as purporting to have a potential claim to any portion of the monies PEG proposes to pay in connection with the above-referenced matter, or as representing a party to the above-referenced matter which purports to have a claim to such monies. In light of the delays, confusion and open issues remaining with respect to such payment (including the appearance of additional counsel for the Sahnis whose appearance raises additional concerns for PEG), PEG requires that it have certainty with respect to the parties' various proposed rights and obligations. PEG's purpose in sending this email is to (1) obtain assurances from all recipients to this email that they know of no other party with any potential claim to any portion of the monies PEG proposes to pay in connection with the above-referenced matter, (2) ensure that all recipients to this email and the parties they represent agree with respect to PEG's proposed payment of the 70% of the monies to the Sahnis, (3) ensure that, once the 70% is paid to the Sahnis, all recipients to this email and the parties they represent agree that the total aggregate remaining liability of PEG to any and all remaining claimants is limited to the remaining 30%, and (4) obtain certainty with respect to the disposition of this remaining 30%.

Unless we receive a return email from all recipients of this email (including an email on behalf of the Sahnis from their representative, Richard Carmen) by 5 p.m. Eastern Standard Time on Thursday, March 29, 2007 evidencing each of your agreement to the proposal set forth below (including all representations set forth in that proposal), PEG intends to take all necessary steps to put the entirety of the monies due under the Order (as modified by the parties' agreement to terminate the running of interest) into Court. If PEG receives agreement to the proposal below, but the parties cannot agree on the disposition of the remaining 30% (as contemplated in paragraph 8 below), PEG intends to pay the 70% as provided for below, and to take all necessary steps to pay the remaining 30% into Court.

1. The total amount due and owing from PEG under the Award and Order of February 20, 2007 is fixed at $14,943,149.61 (as calculated by Compton). It is agreed that that amount shall be divided into two portions, reflecting 70% and 30% respectively as follows:

a. $10,460,204.73 ("the 70%") -- reflecting $645,639.75 to Charanjit and Harpreet Sahni; $158,337.24 to Simran Sahni; $527,376.81 to Angad Sahni; and $9,128,850.92 to Nasimang

Trust in full satisfaction of the amounts owed to each of them and b. $4,482,944.88 ("the 30%") reflecting the total amount of the award attributable to any fees owing to any and all of the Sahnis' counsel and any other person claiming any right to a portion of such fees.

2. As a condition to PEG's wiring of the 70% to Richard Carmen's IOLTA account, the Sahnis agree to execute and deliver after the wiring of the 70% full satisfactions of judgment for filing in New York Supreme Court.

Prior to wiring of the 70% to Richard Carmen's IOLTA account, Carmen shall obtain the executed satisfactions of judgment, and shall confirm in writing to PEG that he is holding those documents and shall release them to PEG upon the wiring of the 70%. Carmen represents that he has sent such confirmation to PEG, that he is holding the executed satisfactions of judgment, and that he shall release those executed satisfactions of judgment upon the wiring of the 70%..

3. Prior to the wiring of the 70% to Richard Carmen's IOLTA account, each of the Sahnis agree to provide PEG with an indemnification, covenant not to sue and warranty that they are unaware of any other person or entity that has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award, the Order or any monies due by PEG thereunder. PEG represents that it has received such document from the Sahnis, and all parties reaffirm that the indemnification, covenant not to sue and warranty already delivered applies to this agreement.

4. Prior to the wiring of the 70% to Richard Carmen's IOLTA account, Ajamie and Weiss shall each provide a letter to PEG stating that (a) he is not aware of any other person or entity that has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award, the Order or any monies due by PEG thereunder, or, if he is so aware (b) identifying any such person or entity (the "Alleged Claimholder"). PEG represents that it has received these letters, and Ajamie and Weiss each represent that they are not aware of any other Alleged Claimholder other than those already identified in those letters.

5. Prior to the wiring of the 70% to Richard Carmen's IOLTA account, Carmen shall either (a) represent in writing that he has no claim or lien against PEG with respect to the arbitration, the court proceedings, the Award, the Order or any monies due by PEG thereunder, or (b) if Carmen does assert or intend to assert any such claim, he shall be deemed an Alleged Claimholder and shall be subject to the same duties and obligations as any Alleged Claimholder and/or 30% Claimant under this agreement (including the obligations set forth in paragraphs 6, 8, 9, and 10).

6. Prior to the wiring of the 70% to Richard Carmen's IOLTA account, each of Ajamie, Weiss, any Alleged Claimholder, and anyone else whom either Ajamie and Weiss are aware has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award, the Order or any monies due by PEG thereunder (collectively, the "30% Claimants"), shall agree that PEG's sole liability to the 30%

6/21/2007

Claimants is limited to an aggregate maximum of the 30% that it continues to hold. PEG represents that it has received these agreements from all 30% Claimants other than Carmen; and all parties reaffirm that those agreements already delivered apply to this agreement.

7. Upon the agreement by all parties to the terms set forth in this email, and within 48 hours of receiving all of the documents referenced in the preceding paragraphs, PEG shall wire the 70% to Richard Carmen's IOLTA account. Immediately upon receipt of such wire, Carmen shall deliver to PEG the full satisfactions of judgment referenced in paragraph 2.

8. PEG agrees to hold the 30% pending joint instruction from the 30% Claimants or Court order. However, if no such joint instruction is provided to PEG by 5 p.m. Eastern Standard Time on March 29, 2007, PEG shall have the right, but not the obligation, to take steps to obtain a Court order to deposit the 30% with the Court.

9. All parties (including the 30% Claimants, the Sahnis, and counsel for the Sahnis) agree that no interest shall run on either the 70% or the 30% at any point.

10. Simultaneously with PEG's wiring of the 30% in accordance with the joint instruction, or delivering of the 30% in accordance with Court order, as referred to in paragraph 8, each of the 30% Claimants shall provide a release and covenant not to sue to PEG with respect to the arbitration, the court proceedings, the Award, the Order or any monies due by PEG thereunder, in the form previously provided, and shall provide an indemnification to PEG with respect to any claims brought against PEG by any other 30% Claimant arising out of or relating to the arbitration, the court proceedings, the Award, the Order or any monies due by PEG thereunder. By their return email agreeing to this proposal, each of the 30% Claimants agree to execute such document.

Karen D. Coombs | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
v: 212.969.3308 | F: 212.969.2900
kcoombs@proskauer.com | www.proskauer.com

*************************************************************
To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the

6/21/2007

message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

==========================================================================