UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PRUDENTIAL EQUITY GROUP, LLC

                              Plaintiff,

          -against –

                                                DECLARATION OF
                                                RICHARD M. MALTZ

                                                07 CV 5606 (JSR)

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT
WEISS, ROBERT H. WEISS & ASSOCIATES, LLP,
JOHN MOSCOW, BRIAN ROSNER,
ROSNER NAPIERALA LLP, DAVID
ROBBINS, KAUFMANN FEINER YAMIN GILDIN &
ROBBINS, LLP, WALLACE SHOWMAN,
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP, ROBERT KRAUS, KRAUS &
ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS &
KROLL LLP, JOHN DOES 1-25 AND
ABC CORPORATIONS 1-25,

                                        Defendants.
------------------------------------------------------------------X

       I, Richard M. Maltz, hereby declare, under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1.     I represent defendants Robert H. Weiss, Esq. and Robert H. Weiss Associates, LLP, ( collectively "Weiss") with respect to a motion submitted by plaintiff, dated July 3, 2007, seeking attorney fees, costs and disbursements incurred in connection with the commencement and prosecution of the instant interpleader action.

       2.     Defendant Weiss does not oppose plaintiff's application for fees, with one exception. Weiss requests permission to reserve the right to apply to the Court at the

conclusion of the instant proceeding to directly tax defendant Ajamie for the fees, costs and disbursements sought by plaintiff.

3.  Weiss contends that ultimately plaintiff's fees, costs and disbursements should not be taken out of the *res* plaintiff seeks to deposit with the Court because plaintiff's interpleader application was necessary because Ajamie refused to cooperate with defendant Weiss to place the funds in a mutually protective escrow account, which would have avoided the necessity for the instant proceeding.

4.  Weiss, through your Declarant, made great efforts to facilitate such an agreement. Ajamie's only response was that he wanted all settlement monies (client monies and legal fees) in *Charanjit Sahni, et al. v. Prudential Equity Group, Inc.* to be deposited into his escrow account in Texas, notwithstanding the objection of his clients ("Sahni Clients"). Ajamie represented to Weiss, their clients and other counsel that plaintiff would not tender the settlement monies to any other attorney or deposit the monies in the escrow account of any other attorney. Parenthetically, this turned out to be wrong, because plaintiff agreed to give the clients' monies, minus legal fees, to the clients' new New York attorney (Richard Carmen, Esq.) who was retained solely to facilitate the distribution of the settlement monies because of Ajamie's lack of cooperation.

5.  In any event, when Weiss indicated he wanted to work out a temporary solution to this issue, in accordance with the clients' wishes, Ajamie sued Weiss in Texas.

6.  In or about March 2007, plaintiff eventually received the cooperation of all defendants to distribute the clients' money to Mr. Carmen. As part of counsel's

F:\Rmaltzdocs\Weiss, R\Lawsuit-Ajamie\Interpleader\Declar-feemotion-07-10-07.doc

agreement to distribute the clients' portion of the money, all counsel authorized plaintiff's counsel to hold the legal fees in dispute. The agreement specifically allowed plaintiff to hold the money without seeking or providing interest. In other words, there was no compelling reason for plaintiff to transfer the monies earmarked for legal fees.

7. Shortly after Ajamie agreed, with the other defendants, to allow plaintiff to hold the remaining attorney fees after the distribution to the Sahni clients, Ajamie sued plaintiff in Texas.

8. In May 2007, plaintiff indicated they would deposit the legal fees remaining in their account in Court because of counsel's dispute. Your Declarant wrote a letter to plaintiff's counsel asking for time to work out the deposit of the monies in an escrow account agreeable to all defendants. *See*, Exhibit A.

9. In response, Ajamie moved *ex parte*, in Texas, seeking a temporary restraining order to stop plaintiff's interpleader action, inexplicably without notice to plaintiff's counsel. This initial application was granted. The Declaration of David A. Picon, dated July 3, 2007, submitted in support of plaintiff's fee application, fully explains what occurred in Ajamie's Texas law suit. I have attached as Exhibit B a copy of the Picon Declaration for the Court's convenience. In pages 4-7, Mr. Picon describes in detail defendant Ajamie's obstreperous conduct, which, in essence, compelled plaintiff to file their interpleader action.

10. Although plaintiff could have moved to deposit the money in court at any time, it would appear that Ajamie's refusal to cooperate with Weiss and his attempt to force plaintiff to tender the disputed fees to Texas instigated this Interpleader action.

11. At the present time, Ajamie has agreed not to proceed against plaintiff in Texas and the Court has dismissed Ajamie's action against Weiss. Ajamie is currently taking steps to appeal the decision with respect to Weiss, notwithstanding this interpleader action. See, Exhibit C.

12. Weiss's request to reserve the right to proceed against Ajamie for plaintiff's fees and expenses is made in good faith based upon the facts, as summarized above, and legal authority that permits taxing a party with costs and fees in an interpleader action if the party's conduct warrants this relief. *See, e.g., Septembertide Publishing, B.V. v. Stein and Day, Inc.*, 884 F.2d 675 (2nd Cir. 1989); *Weininger v. Castro*, 426 F. Supp. 2d 457 (S.D.N.Y. 2006); *Prudential Insurance Company of America v. Boyd*, 781 F.2d 1494, 1497-98 (11th Cir. 1986).

Wherefore, Weiss has no objection for the Court granting the relief plaintiff seeks; however, to the extent fees and costs are allowed, Weiss respectfully requests the Court allow Weiss to reserve the right to hold Ajamie responsible for said fees, costs an disbursements or, grant any further or different relief this Court deems fair, just or equitable.

Dated: New York, New York
July 17, 2007

*[signature]*
RICHARD M. MALTZ (RM 5627)

RICHARD M. MALTZ, PLLC
488 Madison Avenue
New York, NY 10022
Phone: (212) 705-4804
Fax: (347) 438-2087
rmaltz@fkks.com