# Exhibit B

## Tom Ajamie

| | |
|---|---|
| **From:** | Coombs, Karen [KCoombs@proskauer.com] |
| **Sent:** | Friday, March 09, 2007 11:06 AM |
| **To:** | Tom Ajamie |
| **Cc:** | Picon, David A. |
| **Subject:** | Sahni Proposal |
| **Attachments:** | (9399198_2)Analysis of Ajamie 70-30 proposal.DOC; (9379119_2)Sahni Satisfaction of Judgment.DOC; (9378600_4)Sahni Indemnification.DOC; (9401486_1) Release_Covenant_Indemnification for 30% claimants.DOC |

Tom:

Attached please find the proposal you discussed with David, together with the form releases, satisfactions, etc. referred to in that proposal. I am not certain whether you are still on Blackberry -- in case you are, I have also pasted the text of the proposal below.

Karen

1.  Interest stops running as to the entire Award as of Thursday, March 8, and total amount is fixed at $14,943,149.61 (as calculated by Compton). It is agreed that that amount shall be divided into two portions, reflecting 70% and 30% respectively as follows:

a.  $10,460,204.73 (the 70%) -- reflecting $____ to Charanjit and Harpreet Sahni; $____ to Simran Sahni; $____ to Nand Sahni; and $____ to Nasimang Trust in full satisfaction of the amounts owed to each of them and

> b.  $4,482,944.88 (the 30%) reflecting the total amount of the award attributable to the Sahnis' counsel fees.

2.  As a condition to PEG's wiring the 70% to Ajamie's IOLTA account, the Sahnis agree to execute and deliver after the wiring of the 70% full satisfactions of judgment for filing in New York Supreme Court in the form attached hereto.

3.  Prior to wiring the 70% to Ajamie's IOLTA account, each of the Sahnis or Sahni entities referenced above shall provide a letter to PEG stating that (a) he, she or it is not aware of any other person or entity that has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award or the judgment, or, if he, she or it is so aware (b) identifying any such person or entity ("Alleged Claimholder").

4.  Also prior to wiring of the 70% to Ajamie's IOLTA account, the Sahnis agree to provide PEG with the indemnification and covenant not to sue in the form attached hereto.

5.  Prior to the wiring of the 70% to Ajamie's IOLTA account, Ajamie and Weiss shall each provide a letter to PEG stating that (a) he is not aware of any other person or entity that has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award or the judgment, or, if he is so aware (b) identifying any such person or entity.

6. Prior to the wiring of the 70% to Ajamie's IOLTA account, each of Ajamie, Weiss, any Alleged Claimholder, and anyone else whom either Ajamie and Weiss are aware has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award or the judgment (collectively, the "30% Claimants"), shall agree that PEG's sole liability to any of them is limited to the 30% that it continues to hold.

7. PEG agrees to hold the 30% pending joint instruction from the 30% Claimants or Court order. However, if no such joint instruction is provided to PEG within two weeks of the wiring of the 70%, PEG shall have the right, but not the obligation, to take steps to divest itself of the 30%.

8. The 30% Claimants agree that no interest shall run on the 30% at any point.

9. Simultaneously with PEG's wiring of the 30% in accordance with the joint instruction, or delivering of the 30% in accordance with Court order, as referred to in paragraph 7, each of the 30% Claimants shall provide a     release, indemnification and covenant not to sue to PEG with respect to the arbitration, the court proceedings,     the Award or the judgment, in the form attached hereto.


Karen D. Coombs | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
v: 212.969.3308 | f: 212.969.2900
kcoombs@proskauer.com | www.proskauer.com


<<(9379119_2)Sahni Satisfaction of Judgment.DOC>> <<(9378600_4)Sahni Indemnification.DOC>> <<(9401486_1)Release_Covenant_Indemnification for 30% claimants.DOC>>

************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

************************************************************
This message and its attachments are sent from a law firm
 and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

================================================================

## **PROPOSAL**

1. Interest stops running as to the entire Award as of Thursday, March 8, and total amount is fixed at $14,943,149.61 (as calculated by Compton). It is agreed that that amount shall be divided into two portions, reflecting 70% and 30% respectively as follows:

    a. $10,460,204.73 (the 70%) -- reflecting $____ to Charanjit and Harpreet Sahni; $____ to Simran Sahni; $____ to Nand Sahni; and $____ to Nasimang Trust in full satisfaction of the amounts owed to each of them and

    b. $4,482,944.88 (the 30%) reflecting the total amount of the award attributable to the Sahnis' counsel fees.

2. As a condition to PEG's wiring the 70% to Ajamie's IOLTA account, the Sahnis agree to execute and deliver after the wiring of the 70% full satisfactions of judgment for filing in New York Supreme Court in the form attached hereto.

3. Prior to wiring the 70% to Ajamie's IOLTA account, each of the Sahnis or Sahni entities referenced above shall provide a letter to PEG stating that (a) he, she or it is not aware of any other person or entity that has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award or the judgment, or, if he, she or it is so aware (b) identifying any such person or entity ("Alleged Claimholder").

4. Also prior to wiring of the 70% to Ajamie's IOLTA account, the Sahnis agree to provide PEG with the indemnification and covenant not to sue in the form attached hereto.

5. Prior to the wiring of the 70% to Ajamie's IOLTA account, Ajamie and Weiss shall each provide a letter to PEG stating that (a) he is not aware of any other person or entity that has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award or the judgment, or, if he is so aware (b) identifying any such person or entity.

6. Prior to the wiring of the 70% to Ajamie's IOLTA account, each of Ajamie, Weiss, any Alleged Claimholder, and anyone else whom either Ajamie and Weiss are aware has claimed a lien or otherwise asserted a claim against PEG with respect to the arbitration, the court proceedings, the Award or the judgment (collectively, the "30% Claimants"), shall agree that PEG's sole liability to any of them is limited to the 30% that it continues to hold.

7. PEG agrees to hold the 30% pending joint instruction from the 30% Claimants or Court order. However, if no such joint instruction is provided to PEG within two weeks of the wiring of the 70%, PEG shall have the right, but not the obligation, to take steps to divest itself of the 30%.

8. The 30% Claimants agree that no interest shall run on the 30% at any point.

9. Simultaneously with PEG's wiring of the 30% in accordance with the joint instruction, or delivering of the 30% in accordance with Court order, as referred to in paragraph 7, each of the 30% Claimants shall provide a release, indemnification and covenant not to sue to PEG with respect to the arbitration, the court proceedings, the Award or the judgment, in the form attached hereto.