UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRUDENTIAL EQUITY GROUP, LLC

                                       Plaintiff,

        v.

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT
WEISS, ROBERT H. WEISS & ASSOCIATES,
LLP, JOHN MOSCOW, ROSNER NAPIERALA,
LLP, BRIAN ROSNER, DAVID ROBBINS,
KAUFMANN FEINDER YAMIN GILDIN &
ROBBINS, LLP, WALLACE SHOWMAN,
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP, ROBERT KRAUS, KRAUS
& ZUCHLEWSKI LLP, MARTIN KROLL and
KROLL, MOSS & KROLL LLP

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 CV 5606 (JSR)

**REPLY DECLARATION OF
CHRISTINA E. PONIG**

### REPLY DECLARATION OF CHRISTINA E. PONIG

1.    Christina E. Ponig declares the following to be true, under penalty of perjury pursuant to 28 U.S.C. § 1746. I am an associate with Bracewell & Giuliani LLP. I am associated with Ileana M. Blanco, a member of Bracewell & Giuliani LLP. I submit this reply declaration in response to the July 18, 2007 Opposition of Defendant Thomas R. Ajamie to the application by Prudential Equity Group ("PEG") for attorneys' fees and costs.

2.    Specifically, this Reply Declaration responds to Ajamie's contentions that PEG's Texas counsel spent unnecessary time on this matter and that the redactions in our time entries should somehow preclude the award of fees for that work. As shown below, neither contention can withstand scrutiny.

3.    As described in the Complaint filed in this matter, Ajamie had obtained an *ex parte* Temporary Restraining Order in Texas enjoining PEG from initiating this interpleader action. On June 8, 2007, PEG filed an Emergency Request for Hearing with the Texas Court, seeking to dissolve that Temporary Restraining Order.

4.    Thus, the June 11 hearing which Ajamie's current papers contend was "unnecessary" for PEG's counsel to attend (Ajamie Mem. in Opp. at 10) was the very hearing at which the

Court heard argument on PEG's motion to dissolve the Temporary Restraining Order and, in fact, dissolved it, leaving PEG able to commence its interpleader. Ajamie's characterization of this June 11 hearing as merely dealing with the issue of Mr. Weiss' personal jurisdiction is simply and demonstrably wrong. Certainly, Ajamie is not taking the position that it was "unnecessary" for PEG's counsel to prepare for and attend the hearing on its own motion to dissolve the restraints on it. That hearing did not merely implicate PEG's interests – it was a fundamental prerequisite to the present action.[1]

5.    As to Ajamie's contention that the redactions of fee detail should preclude an award of fees for that work, I represent to the Court that the redactions were made solely to protect our strategy and the content of our attorney-client privileged communications with PEG.

6.    For Ms. Blanco's fee detail, with one exception, the tasks performed are disclosed in the unredacted portions of the fee detail. Thus, for example, the fee detail submitted to the Court reflects the fact of a telephone conversation, but not the substance of that conversation. Thus, Ajamie's contention that he cannot tell what portion of the total time entry is attributable to the redacted and unredacted portions is inaccurate. The redacted portions do not reflect additional tasks, but merely the privileged portions of the disclosed tasks.

7.    The sole exception to the above paragraph is a portion of Ms. Blanco's time billed on June 8, 2007. To disclose the nature of the work done would disclose attorney work-product and our strategic thinking. Should the Court wish to review an unredacted version of that or any other entry, PEG would be happy to submit those entries to the Court *in camera* for its review.

8.    For my time billed, all redactions were done to protect attorney work-product and our strategic thinking. As with Ms. Blanco's fee detail, PEG would be happy to submit my entries to the Court *in camera* for its review.

Christina E. Ponig

Dated: July 25, 2007

---

[1]    To the extent that Ajamie's criticism is aimed at the amount of time billed to a 2-1/2 hour hearing, the Court had other matters on its docket on June 11, 2007. Ms. Blanco, therefore, had to wait in the courtroom until the Court could hear from Mr. Ajamie, Mr. Weiss, and PEG. This fact, in addition to Ms. Blanco's need to prepare for the hearing on a variety of legal issues concerning the temporary restraining order and PEG's desired federal interpleader action, accounts for her time billed on June 11, 2007, which was entirely reasonable.