UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PRUDENTIAL EQUITY GROUP, LLC          :
                                      :
                    Plaintiff,        :
     v.                               :
                                      :     07 CV 5606 (JSR)
THOMAS R. AJAMIE, AJAMIE LLP, ROBERT  :
WEISS, ROBERT H. WEISS & ASSOCIATES,  :
LLP, JOHN MOSCOW, ROSNER NAPIERALA,   :
LLP, BRIAN ROSNER, DAVID ROBBINS,     :
KAUFMANN FEINDER YAMIN GILDIN &       :
ROBBINS, LLP, WALLACE SHOWMAN,        :
BERNSTEIN LITOWITZ BERGER &           :
GROSSMANN LLP, ROBERT KRAUS, KRAUS    :
& ZUCHLEWSKI LLP, MARTIN KROLL,       :
KROLL, MOSS & KROLL LLP, JOHN DOES 1- :
25 and ABC CORPORATIONS 1-25          :
                                      :
                    Defendants.       :
------------------------------------X

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

During a telephone conference on July 30, 2007, the Court directed Plaintiff Prudential Equity Group, LLC ("PEG") to submit a declaration explaining the status of the Fund prior to initiating this interpleader action, including whether PEG earned interest on the monies that constitute the Fund during that time. In response to the Court's directive, PEG is submitting the accompanying Declaration of Michael J. Mancuso. The Court also offered PEG an opportunity to submit a short memorandum of law (*i.e.*, not to exceed five pages) setting forth why any interest it might have earned during the relevant period while holding the Fund should not be offset against attorneys' fees it was required to incur in bringing this Interpleader action. To that end, PEG submits the following to explain why it believes such an offset would be inappropriate, both as a matter of equitable principles and under the authority cited by Defendants Thomas Ajamie and Ajamie LLP (collectively, "Ajamie").

In his opposition to PEG's attorneys' fee application, Ajamie argued that, because a stakeholder's claim to attorneys' fees is equitable in nature, the Court should exercise its equitable powers by "setting off" the fees incurred by interest earned while holding the Fund. As explained below, the equities here simply do not support Ajamie's proposal. Ajamie improperly seeks to conflate two separate issues: the accrual of interest (a matter already resolved by agreement), and PEG's entitlement to attorneys' fees (routinely granted in interpleader actions). None of the cases he cites are apposite to the circumstances here; namely, a situation where, *as an accommodation to claimants to the Fund*, the stakeholder agrees not to interplead that Fund for a period of time and, as a result. the stakeholder continues to be subject to potential exposure and to incur non-recoverable legal fees.

As explained in the July 3, 2007 Declaration of David A. Picon, at the urging of Ajamie, PEG and Ajamie agreed (and the other claimants then known to PEG affirmed) that PEG would not immediately interplead the Fund, something that PEG was ready, willing and able to do, and in return, Ajamie, his client and all claimants to the Fund would forego any interest thereafter. (Notably, as of the date this agreement was reached, more than $2 million of interest had accrued on the amount awarded by the Panel, and was included in the amounts paid to claimants and constituting the Fund.) Contrary to Ajamie's current characterization of this agreement as a concession demanded by PEG, in fact, PEG *granted* a concession to the claimants, agreeing to pay out 70% of the Award despite the existence of competing claims against PEG, and potential exposure to PEG. PEG was under no legal obligation to do so. Thus, from that date forward, by express agreement, Ajamie and the other claimants gave up any claim to interest. That was the basis upon which PEG acted.

The condition that interest cease is closely linked to the purpose of PEG's agreement not to interplead the Fund – namely, that it incentivized the claimants to the Fund to do what Ajamie

2

had represented they wanted to do, quickly agree amongst themselves as to the allocation of the Fund, and thus avoid delays and costs inherent in litigating that allocation in an interpleader action. Had interest continued to accrue on the Fund, there would have been less of an incentive for the claimants to that Fund to reach agreement and relieve PEG of its ongoing exposure to potential litigation and potential additional claimants.

Although Ajamie did not reach agreement with the other claimants as to allocation, he nonetheless availed himself of the benefits of the delay he obtained on the basis of his agreement with PEG. Ajamie continued to negotiate with the co-defendants in an attempt to resolve their claims to the Fund. Further, Ajamie bought himself time to name PEG in his pending Texas state court action (although Ajamie did not advise PEG that he had done so) in an attempt to obtain a strategic advantage with respect to his claim to the Fund, including by obtaining an ill-advised (and ultimately dissolved) *ex parte* TRO against PEG in that proceeding. Similarly, Defendant Robert Weiss took advantage of the benefits of the agreement by proceeding with his New York state court litigation against Ajamie, in an attempt to obtain a strategic advantage with respect to his claim to the Fund. Of course, had the defendants not agreed to forego interest in exchange for PEG not interpleading the funds in March, they would not have been permitted to pursue these courses of action, as an interpleader would have released PEG from liability and directed all claims to the Fund to be made in that proceeding.

At the same time that Ajamie (and Weiss) used the agreement to their benefit, PEG continued to be subject to certain exposure and also incurred certain non-reimbursable costs by agreeing not to immediately interplead the Fund. As explained in the Picon Declaration, after the agreement was reached, yet another party made a claim to the Fund (*i.e.*, Brian Rosner and his law firm, Rosner Napierala). Further, as a consequence of agreeing not to interplead the Fund, PEG incurred attorneys' fees in connection with ongoing negotiations with Ajamie

regarding the retention and potential distribution of the Fund. PEG does not seek to recover these fees as part of the present application, as they were not incurred in connection with bringing the interpleader action.

In short, it is neither consistent with basic contract or equitable principles to permit a party to accept the benefits of an agreement, while asking a Court to simply ignore (or not to enforce) the consideration it gave to the other party to that agreement. That is, however, precisely what Ajamie asks the Court to do here.

As Ajamie concedes, PEG "arguably has no legal obligation to pay interest." Ajamie Mem. at 5. Thus, it is not surprising that none of the cases he cites support his position. *Septembertide Publ'g, B.V. v. Stein and Day, Inc*, 884 F.2d 675, 683 (2d Cir. 1989) is inapposite. In that case, the stakeholder filed an interpleader action but then delayed in placing the funds in the court registry. Thus, the stakeholder enjoyed the protections and benefits of an interpleader action (such as assurance that it would not be subject to duplicative or inconsistent judgments), while at the same time continuing to hold the funds it claimed to interplead. It is thus understandable why that court declined to reward the stakeholder for the delay and awarded interest solely for the period between the filing of the action and the deposit of the funds. 884 F.2d at 683-84. Here, of course, PEG deposited the Fund at the same time it initiated the interpleader action, and was without Court protection prior to its deposit of the Fund.

Nor are the facts here anything like those in *John Hancock Mut. Life Ins. Co. v. Doran*, 138 F. Supp. 47, 50 (S.D.N.Y. 1956), where the stakeholder elected to delay in filing its interpleader action and thus unfairly kept for itself the use of that money. Rather, in this case, the delay in initiating this interpleader action was entirely as a result of Defendants' requests that PEG continue to hold the Fund – requests that Ajamie continued to reaffirm for months after agreeing that no interest would accrue on that Fund. Neither Ajamie nor any other Defendant

has argued that PEG should have filed the interpleader sooner, or that any delay was tactical, in bad faith, or otherwise worked to PEG's unfair advantage.

Finally, *Klein v. Rhoades*, 2000 WL 964942 (S.D.N.Y. July 11, 2000), also offers Ajamie no assistance. In that case, it appears that the interpleaded funds were placed in an interest-bearing account pending resolution of claims to those funds. Upon awarding the entirety of the funds to one claimant, the *Klein* court then modified its order to also award to that claimant the accrued interest in that account. Thus, it appears that the funds were segregated and placed in an interest-bearing account – in effect, deposited. Certainly, there is no indication that, as in this case, the claimants had expressly agreed to forego interest.

On the facts presented, PEG is entitled to any interest earned as a matter of express agreement. The awarding of attorneys' fees is a separate analysis, and PEG respectfully submits that Ajamie's inequitable conduct should preclude the windfall that he now seeks. PEG respectfully requests that this Court decline to set off any amount of interest on the Fund against any portion of the fee award sought by PEG.

Dated:     New York, New York
           August 3, 2007

                                          _____/s/_____
                                          Stephen L. Ratner (SR 4624)
                                          David A. Picon (DP 6762)
                                          Karen D. Coombs (KC 3538)

                                          PROSKAUER ROSE LLP
                                          1585 Broadway
                                          New York, New York 10036
                                          Phone: (212) 969-3000
                                          Fax: (212) 969-2900

                                          *Attorneys for Plaintiff Prudential Equity Group LLC*