UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRUDENTIAL EQUITY GROUP, LLC,

               Plaintiff,

    v.

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT WEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, ROSNER NAPIERALA LLP, BRIAN ROSNER, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, AND ABC CORPORATIONS 1-25,

               Defendants.

No. 07-CV-5606 (JSR)

**ANSWER AND CROSS-CLAIMS**

---

Defendants Thomas R. Ajamie ("Ajamie"), Ajamie LLP (collectively, the "Ajamie Defendants") and Wallace Showman ("Showman") (collectively, "Defendants"), by their undersigned counsel, for their Answer to Plaintiff's Complaint and for their Cross-Claims state the following:

**ANSWER**

1.    The Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.    The Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.    The Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in the first sentence of Paragraph 8 of the Complaint and lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in the second sentence of Paragraph 8 of the Complaint.

9. The Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. The Defendants deny that David Robbins currently has a claim to the Disputed Fund but otherwise admit the allegations contained in Paragraph 10 of the Complaint.

11. The Defendants deny that Kaufmann Feiner Yamin Gildin & Robbins LLP (incorrectly named in this suit as Kaufmann Feinder) currently has a claim to the Disputed Fund but otherwise admit the allegations contained in Paragraph 11 of the Complaint.

12. The Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. The Defendants deny that Bernstein Litowitz Berger & Grossman LLP has a claim to the Disputed Fund but otherwise admit the allegations contained in Paragraph 13 of the Complaint.

14. The Defendants deny that Robert Kraus currently has a claim to the Disputed Fund but otherwise admit the allegations contained in Paragraph 14 of the Complaint.

15. The Defendants deny that Kraus & Zuchlewski LLP currently has a claim to the Disputed Fund but otherwise admit the allegations contained in Paragraph 15 of the Complaint.

16. The Defendants deny that Ajamie stated that Kroll had a valid claim to the Disputed Fund but otherwise admit the allegations contained in Paragraph 16 of the Complaint.

17. The Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in Paragraph 17 of the Complaint.

18. The Defendants deny that there are other claimants to the Disputed Fund.

19. The Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. The Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. The Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. The Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. The Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. The Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. The Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. The Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. The Defendants admit that Ajamie identified, at Prudential's request, all other lawyers who worked on the Arbitration but otherwise deny the allegations contained in Paragraph 27 of the Complaint.

28. The Defendants admit that the award provides for payment of interest but otherwise deny the allegations contained in Paragraph 28 of the Complaint.

29. The Defendants admit that Prudential paid the Sahnis all amounts to which they are entitled under the Award and that the Sahnis are not parties to this action and have no claim to the Disputed Fund. The Defendants otherwise deny the allegations contained in Paragraph 29 of the Complaint

30. The Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. The Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. The Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. The Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. The Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. The Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. The Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. The Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39. The Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. The Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. The Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. The Defendants admit the allegations contained in Paragraph 42 of the Complaint. The Ajamie Defendants further aver that Weiss challenged the Texas court's jurisdiction over his person. The trial court erroneously dismissed the case on jurisdictional grounds, and the decision is on appeal.

43. The Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint.

44. The Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. The Defendants admit that the communications alleged in Paragraph 45 of the Complaint occurred but otherwise lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 45 of the Complaint.

46. The Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47. The Defendants deny that service of the petition in the Harris County Action was in any manner improper or invalid under Texas procedural law but otherwise admit the allegations contained in Paragraph 47 of the Complaint.

48. The Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. The Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. The Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51. The Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. The Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. The Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. The Defendants oppose entry of judgment awarding Prudential's requests for costs and attorneys' fees in this action.

**CROSSCLAIMS**

55. The Defendants assert the following Cross-Claims against Defendants Robert Weiss ("Weiss"), Robert H. Weiss & Associates, LLP (along with Weiss, the "Weiss Defendants"), John Moscow, Rosner Napierala LLP, Brian Rosner, Martin Kroll, and Kroll, Moss & Kroll, LLP (collectively, the "Cross-Claim Defendants").

56. This Court has ancillary jurisdiction over the Defendants' Cross-Claims under 28 U.S.C. § 1335 and Fed. R. Civ. P. 13(g) because the Cross-Claims arise out of the same occurrences that are the subject matter of this interpleader action.

**FACTUAL BACKGROUND**

57. This dispute arises out of what was supposed to be a joint representation by the Ajamie Defendants and the Weiss Defendants of Charanjit Sahni, his wife, their two minor children, and a family trust account in a securities Arbitration (the "Arbitration") against plaintiff Prudential Equity Group, LLC ("Prudential."). The Weiss Defendants, however, abandoned the representation, thereby breaching their ethical and contractual obligations to both the Sahni family and to the Ajamie Defendants.

58. In or about April of 2001, Weiss entered into an agreement with the Sahni family to represent them in an arbitration against Prudential asserting a claim for $22 million in out-of-pocket losses. In the fall of 2002, Weiss asked Ajamie to assist in representing the Sahni family in the Arbitration. Weiss stated that he wanted to share the work and expenses with Ajamie.

59. On or about October 29, 2002, the Ajamie Defendants and the Weiss Defendants entered into a letter agreement (the "Initial Fee Agreement") providing that they would jointly work on the Arbitration, share the expenses, and share the eventual fees, if any.

60. The Weiss Defendants did no substantial work on the case. The little work they did perform was of questionable value. The Ajamie Defendants therefore found that they were performing a greatly disproportionate amount of the work.

61. In late 2002 and into 2003, before the Arbitration hearings even began, the Ajamie Defendants performed a great deal of work. The Ajamie Defendants conducted numerous meetings with the Sahni family; reviewed and analyzed the Sahni family's documents; researched the facts of the case; researched applicable law; analyzed trades in the clients' accounts; reviewed documents prior to producing them to Prudential; requested documents from Prudential; analyzed documents produced by Prudential; identified the many deficiencies in Prudential's document production; prepared additional requests to Prudential for production of documents; engaged in numerous negotiations with Prudential's counsel concerning the production of documents; prepared and presented the arbitration panel with requests to compel production of documents from Prudential; engaged in pre-hearing conferences with the arbitrators; determined which expert witnesses to retain; consulted with these experts; prepared document subpoenas to non-parties; reviewed document subpoenas issued by Prudential; analyzed documents produced by non-parties; identified and interviewed witnesses; prepared an amended statement of claim; prepared notices of witnesses and exhibits to present at the arbitration hearings; analyzed Prudential's lists of witnesses and exhibits; prepared the clients to testify at the arbitration hearings; and worked with experts to prepare for the arbitration hearings.

62. In September 2003, the Arbitration hearings began. Although Weiss sometimes attended these hearings, he did virtually nothing else on the Arbitration and thus contributed nothing that was useful.

63. Expenses for the Arbitration began to mount. The Ajamie Defendants paid these expenses but asked that the Weiss Defendants contribute towards them, as agreed in the Initial Fee Agreement. Weiss, however, advised Ajamie that, despite his promise in the parties' agreement to share the expenses of the Arbitration, Weiss would not in fact contribute any funds towards paying for expert witnesses or other expenses. This concerned Ajamie greatly because Ajamie knew, based upon his experience in securities arbitrations, that the expenses associated with an Arbitration of claims of $22 million could be substantial.

64. Ajamie expressed his concern about the expenses to Weiss. He also expressed his concern about Weiss's limited work on the case. Ajamie explained to Weiss that much work would be required going forward. Ajamie advised that if Weiss did not assist, Ajamie would need to hire other lawyers, and Weiss would need to bear their claims for fees.

65. The parties entered into a new agreement (the "Amended Fee Agreement"). The Amended Fee Agreement provided that Ajamie LLP would advance all of the expenses of the Arbitration. In exchange, Weiss agreed that any fee earned in the Arbitration would be applied first towards reimbursing Ajamie LLP for the expenses it advanced. After deducting such expenses, 66% of the remainder would be paid to Ajamie LLP. The Agreement allocated 34% of the total attorneys' fees to Weiss, but claims or liens for amounts due to other lawyers would be deducted from Weiss's share:

> Mr. Weiss also agrees to pay from his 34% all amounts due to other lawyers or law firms who make a claim or lien against this case. Mr. Weiss will defend, settle or resolve those claims without recourse to you or the Sahni Family.

66. Weiss assured Ajamie that it would not in fact be necessary to bring in other attorneys because Weiss would fulfill his commitment to share equally in the work on the case. Weiss did not keep this promise. In fact, over the course of the following 2 ½ years, the Weiss Defendants performed no work on the Arbitration.

67. Due to the Weiss Defendants' failure to fulfill their responsibilities to the Sahni family and to the Ajamie Defendants in the Arbitration, the Ajamie Defendants were forced to seek the assistance of additional counsel. Accordingly, Ajamie requested that Defendants John Moscow and Wallace Showman perform work with respect to the Arbitration.

68. Over the course of the following years, the Ajamie Defendants, assisted by Moscow and Showman, engaged in enormous efforts on behalf of the Sahni family. The arbitrators convened eighty-three hearing sessions over forty-four days. They heard testimony from thirty-seven witnesses, including seven expert witnesses. More than 11,000 pages of documents were exchanged by the parties. The transcript of the arbitration hearing ran to over 9,000 pages. Two hundred and forty-one exhibits were admitted into evidence. The Ajamie Defendants ended up with thirty-five boxes of pleadings, exhibits, transcripts and other documents associated with the Arbitration.

69. In addition, the Ajamie Defendants advanced all of the expenses associated with the Arbitration. These expenses amounted to approximately $550,000 (including payments to Kaufmann Feiner Yamin Gildin & Robbins LLP and Kraus & Zuchlewski LLP that resulted from the Weiss Defendants' failure to fulfill their legal and ethical obligation under the Amended Fee Agreement).

70. During the course of the proceedings, Defendant Brian Rosner came to the conclusion that Moscow was spending too much time on the Arbitration given that Rosner did not believe that the outcome of the Arbitration would be favorable. Rosner proceeded to take steps to interfere with Moscow's work on the case. In one instance, Rosner actually threw members of the Sahni family, Ajamie, and two expert witnesses out of the offices of Rosner Moscow Napierala, LLP when they were preparing for the Arbitration hearings.

71.     On or about May 18, 2006, the Arbitration panel issued an award (the "Award") of $11.8 million plus pre and post-award interest.

72.     On July 30, 2006, Weiss, whose communications with Ajamie for the prior two years had been virtually non-existent, caused his attorney to send a letter to Prudential's counsel asserting a charging lien against the Award.

73.     Despite Weiss's suddenly renewed interest in the Arbitration, Weiss did not make himself available to assist in confirming the Award or in opposing Prudential's application to vacate the Award. Weiss did not do so even though he knew that Ajamie was not admitted to the New York Bar and therefore would require the assistance of a New York attorney in the confirmation proceedings.

74.     Ajamie therefore retained the services of defendants Robert Kraus of Kraus & Zuchlewski LLP and David Robbins of Kaufmann Feiner Yamin Gildin & Robbins, LLP with respect to the confirmation proceedings. The Ajamie Defendants paid all of the invoices issued by these firms.

75.     On December 15, 2006, the New York Supreme Court filed a decision that granted the petition to confirm the Award and denied Prudential's motion to vacate the Award. On February 20, 2007, judgment was entered in the Supreme Court on the petition to confirm the Award.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(By the Ajamie Defendants Against the Weiss Defendants)**

76.     The Ajamie Defendants incorporate by reference the foregoing allegations as if fully set forth herein.

77. The Ajamie Defendants performed their obligations under the Initial Fee Agreement and the Amended Fee Agreement.

78. The Weiss Defendants breached their obligations under the Amended Fee Agreement to work on the Arbitration. Due to this breach, the Weiss Defendants are not entitled to any fee under the Amended Fee Agreement. In addition, the Ajamie Defendants were damaged by these breaches because they were required to perform more work than they would have if the Weiss Defendants had performed their obligations under the Amended Fee Agreement and were forced to retain additional counsel to perform the work that the Weiss Defendants were supposed to have performed.

79. The Ajamie Defendants have been damaged by the Weiss Defendants' failure to make payment pursuant to the terms of the Amended Fee Agreement and their failure to perform work under the Amended Fee Agreement. These damages should be paid from the Disputed Fund and/or by the Weiss Defendants and their share, if any, of the Disputed Fund.

80. The amount of damages caused by the Weiss Defendants' breach of the Amended Fee Agreements exceeds the 34% of the attorneys' fees to which the Weiss Defendants might otherwise be entitled under that Agreement. Therefore, the Weiss Defendants are not entitled to any recovery from the Disputed Fund.

**SECOND CAUSE OF ACTION**
**COMMON LAW FRAUD**
**(By the Ajamie Defendants Against the Weiss Defendants)**

81. The Ajamie Defendants incorporate by reference the foregoing allegations as if fully set forth herein.

82. Upon signing the Initial Fee Agreement and the Amended Fee Agreement, the Weiss Defendants represented that they would share equally in the work on the Arbitration.

83. These statements were untrue and were known by the Weiss Defendants to be untrue at the time that they made them.

84. The Ajamie Defendants justifiably relied upon these statements in entering the Initial Fee Agreement and the Amended Fee Agreement.

85. The Ajamie Defendants were damaged in an amount to be determined at trial. These damages should be paid from the Disputed Fund and/or by the Weiss Defendants and their share, if any, of the Disputed Fund.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT
### (By the Defendants Against the Weiss Defendants)

86. The Defendants incorporate by reference the foregoing allegations as if fully set forth herein.

87. The Defendants performed the work that resulted in the Award. The Weiss Defendants performed virtually no work that resulted in the Award.

88. The Weiss Defendants are attempting to retain all or a portion of the attorneys' fees associated with the Award.

89. Under principles of equity and good conscience, the Weiss Defendants should not be permitted to obtain the attorneys' fees associated with the Award. Rather, these attorneys' fees should be payable to those attorneys, including the Defendants, who provided the legal services that resulted in the Award.

## FOURTH CAUSE OF ACTION
## QUANTUM MERUIT
### (By Defendants Against All Cross-Claim Defendants)

90. The Defendants incorporate by reference the foregoing allegations as if fully set forth herein.

91. The Defendants performed valuable services by representing the Sahni family in the Arbitration. These services resulted in the Award.

92. The Defendants had a reasonable expectation of compensation for the services that they performed.

93. As a result of the foregoing, the Defendants are entitled to the reasonable value of the services they provided in an amount to be determined at trial. Payments for these services should be made from the Disputed Fund and/or by the Weiss Defendants and their share, if any, of the Disputed Fund.

### FIFTH CAUSE OF ACTION
### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
**(By Defendants Against All Cross-Claim Defendants)**

94. The Defendants incorporate by reference the foregoing allegations as if fully set forth herein.

95. Under the legal theories set forth above, the Defendants are entitled to the Disputed Fund or to such portion thereof as shall be determined at trial.

96. Accordingly, the Defendants seek a declaration that they are entitled to the Disputed Fund or to such portion thereof as shall be determined at trial.

**DEMAND FOR RELIEF**

**WHEREFORE**, the Defendants demand judgment:

  A. Awarding the Defendants the Disputed Fund or such portion thereof as shall be determined at trial;

  B. Awarding damages against the Weiss Defendants in an amount to be determined at trial;

  C. Holding the Weiss Defendants liable for any fees that may be awarded to Prudential; and

  D. Awarding the Defendants their reasonable attorneys' fees and costs incurred in defense of this action, and for such other relief as the Court deems just and proper.

**JURY TRIAL**

The Defendants demand a trial by jury.

Dated: New York, New York
   August 3, 2007

            LAW OFFICES OF ERIC J. GRANNIS

            By: /s/ Eric Grannis
              Eric J. Grannis (EG 8403)
            620 Fifth Avenue
            New York, New York 10020
            (212) 903-1025

            Attorneys for Defendants Thomas R. Ajamie, Ajamie LLP, and Wallace Showman