Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PRUDENTIAL EQUITY GROUP, LLC,

                   Plaintiff,

      v.

JOHN MOSCOW, et al.

                  Defendants.
-----------------------------------------------------------------X

**ANSWER TO COMPLAINT
FOR INTERPLEADER
AND CROSS-CLAIMS**

07 Civ. 5606 (JSR)

**JURY TRIAL DEMANDED**

Defendant John Moscow, by his attorneys, Beldock Levine & Hoffman LLP, alleges on

information and belief as and for his answer to plaintiff's interpleader complaint as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraphs 2, 6, 11, 13-18, 24-32, 35-49, 52-53.

2.     Admits the allegations in paragraphs 3-5, 7, 9-10, 12, 19-23, 33-34, 50-51.

3.     Denies the allegations in paragraph 8.

### CROSS-CLAIMS AGAINST DEFENDANTS-IN-INTERPLEADER

4.     This Court has ancillary subject matter jurisdiction over John Moscow's cross-

claims under 28 U.S.C. § 1335 and Fed. R. Civ. P. 13(g).

5.     From in or about January 2005 to in or about December 2006, John Moscow was

a partner in the firm of Rosner Moscow Napierala, LLP.

6.      In or about March 2005, Thomas R. Ajamie specifically hired Moscow to assist him with the representation of the Sahni family and the Sahni family trusts in a New York Stock Exchange securities arbitration, in which Ajamie was representing the Sahnis on a contingency fee basis. Moscow and Ajamie negotiated the following fee sharing agreement: (1) in the event of a recovery, one-third of it would be applied to counsel's fees, including out-of-pocket expenses; (2) of this one-third, out-of-pocket expenses would be reimbursed first; (3) of the remaining amount, Moscow and his firm would receive 10% of the first $1,000,000, 15% of the second $1,000,000, and 25% of any amount above $2,000,000.

7.      Moscow played a critical role in the arbitration and was the only lawyer at his firm who worked on it, often over the objection of Rosner, who complained that Moscow was devoting too much time to a losing matter. On information and belief, Moscow devoted several hundred hours to the arbitration, including the preparation and presentation of the testimony at trial of the claimant, other lay and expert witnesses, as well as summation.

8.      In or about October 2005, Rosner, claiming to be managing partner, informed Ajamie by letter that Moscow had spent too much time on the case already and that neither Moscow nor the firm would be available any longer to work on the case, other than to make available their offices for witness preparation and document storage, and the occasional consultation with Moscow on discrete matters.

9.      Shortly thereafter, Rosner purported to direct Moscow to stop work on the matter. Moscow informed Rosner that Moscow had an ethical obligation to the clients and would not abandon them or Ajamie, but would instead continue to work on the case.

10.     Moscow continued to work on and devote substantial time and effort to the Sahni arbitration, despite Rosner's repeated interference. Rosner instructed the staff at Rosner Moscow Napierala, LLP not to assist Moscow, and Rosner intercepted facsimile and telephone communications between Moscow and Ajamie. Moscow was forced to communicate with Ajamie by personal e-mail and cellular phone. Moscow told Rosner to treat the time that he spent on the arbitration as his personal time.

11.     Rosner's other obstructing acts and conduct included, but were not limited to, verbally threatening Ajamie in the firm's offices; advising Ajamie that Rosner had instructed security to prevent Ajamie, his paralegal, the clients and their expert witnesses from coming to the firm's offices; and ordering Ajamie, his paralegal, two expert witnesses and the clients to leave the firm's offices in the middle of the day during a break in the arbitration proceedings.

12.     By failing to fulfill his duties and interfering with Moscow's work on the arbitration, Rosner breached his agreement with Ajamie, his partnership agreement with Moscow, and his professional and ethical responsibilities to the clients and as a member of the legal profession. Therefore, Rosner is entitled to none, and Moscow is entitled to at least 100%, of the sum calculated pursuant to the fee sharing agreement set forth above.

13.     As a result of the foregoing, Moscow has been damaged in an amount to be determined at trial, but not less than 100% of the sum calculated pursuant to the fee sharing agreement set forth above.

14.     Under principles of equity and good conscience, Rosner, Rosner Moscow Napierala, LLP, and Rosner Napierala, LLP should not be permitted to obtain the attorneys fees associated with the Sahni arbitration award. Rather, those attorneys fees should be payable to

Moscow, who provided the legal services that resulted in the award.

15.    Moscow performed valuable services by representing the Sahni family, he had a reasonable expectation of compensation for the services he performed, and he is therefore entitled to the reasonable value of the services he provided in an amount to be determined at trial, but not less than 100% of the sum calculated pursuant to the fee sharing agreement set forth above.

16.    The foregoing constitutes claims of breach of contract, unjust enrichment, quantum meruit, violation of good faith and fair dealing, and discharge for cause against Rosner, Rosner Moscow Napierala, LLP, and Rosner Napierala, LLP under New York State law.

17.    The foregoing constitutes a claim of quantum meruit against all of Moscow's co-defendants in interpleader under New York State law.

18.    Rosner has also breached his partnership obligations to Moscow, which, inter alia, entitled Moscow, at a minimum, to 50% of all client revenues he generated.  Despite demand therefor, as of March 2006, Rosner has refused to pay Moscow the full amount of 50% of all client revenues Moscow generated during their partnership.  Moreover, Rosner has refused to provide Moscow with access to the partnership books and records, or with an accounting, so that Moscow can confirm Rosner's breach, and the amount thereof.

19.    The foregoing constitutes claims against Rosner, Rosner Moscow Napierala, LLP, and Rosner Napierala, LLP of breach of contract, breach of loyalty and fiduciary duty, violation of good faith and fair dealing, unjust enrichment, and quantum meruit under New York State law.

20.    Moscow is entitled to equitable relief, including, but not limited to, an accounting and access to the books and records of the partnership.

**WHEREFORE**, defendant John Moscow demands judgment and prays for the following relief:

(a) judgment against all co-defendants in the amount of that portion of the Disputed Fund determined to be due to Moscow at trial, but not less than 100% of the sum resulting from the following calculation: 10% of the first $1,000,000, 15% of the second $1,000,000, and 25% of any amount above $2,000,000 in the Disputed Fund ($4,482,944.88) after out-of-pocket expenses have been reimbursed;

(b) a declaratory judgment that none of Moscow's co-defendants has a right, title, or interest in the portion of the Disputed Fund allocated to Moscow as described above;

(d) an order directing Rosner, Rosner Moscow & Napierala, LLP, and Rosner & Napierala, LLP to provide Moscow with access to the partnership books and records;

(e) an order directing Rosner, Rosner Moscow & Napierala, LLP, and Rosner & Napierala, LLP to provide an accounting of all revenues received and all costs, expenses and disbursements incurred or paid by them in 2005 and 2006;

(f) judgment against Rosner, Rosner Moscow & Napierala, LLP, and Rosner & Napierala, LLP in an amount not less than 50% of the revenues generated by Moscow while he was a partner, less any payments for such revenues to date;

(g) an award of attorneys fees and the costs of these cross-claims; and

(h) all other relief to Moscow that this Court deems just and proper.

Dated: New York, New York
      August 3, 2007

                        Respectfully submitted,

                        BELDOCK, LEVINE & HOFFMAN LLP

                        Robert L. Herbst (RLH8851)
                        Sofia Yakren (SY4874)[1]
                        Attorneys for Plaintiff

---

[1] Sofia Yakren is a member of the New York State Bar with admission pending in SDNY.

-6-