UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRUDENTIAL EQUITY GROUP, LLC,  :
           Plaintiff,  :
                                           07-CV-5606 (JSR)
      v.  :

THOMAS R. AJAMIE, AJAMIE, LLP, ROBERT   :
WEISS, ROBERT H. WEISS & ASSOCIATES,    :
LLP, JOHN MOSCOW, BRIAN ROSNER,         :  **ANSWER OF BRIAN ROSNER, ESQ.**
ROSNER NAPIERALA LLP, DAVID             :  **AND ROSNER & NAPIERALA, LLP**
ROBBINS, KAUFMANN FEINDER YAMIN         :  **TO COMPLAINT FOR**
GILDIN & ROBBINS, LLP, WALLACE          :  **INTERPLEADER AND JURY**
SHOWMAN, BERNSTEIN LITOWITZ             :  **DEMAND**
BERGER & GROSSMANN LLP, ROBERT          :
KRAUS, KRAUS & ZUCHLEWSKI LLP,          :
MARTIN KROLL, KROLL, MOSS & KROLL       :
LLP, JOHN DOES 1-25, and ABC            :
CORPORATIONS 1-25,                      :

           Defendants.  :

---

      Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP, by and through their undersigned counsel, for their Answer to Prudential Equity Group LLC's Complaint for Interpleader, state as follows:

      1.    Brian Rosner, Esq. and Rosner & Napierala, LLP ("R&N" or the "Law Firm") (collectively, the "Defendants") deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the Complaint, except admit that various individuals and entities have asserted, or may assert, claims to attorneys' fees in connection with an arbitration award issued by the New York Stock Exchange against Prudential Equity Group LLC ("PEG") and confirmed by the Supreme Court of the State of New York, County of New York (the "Disputed Fund").

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the Complaint, except admit, upon information and belief, that Ajamie is a citizen of the State of Texas.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the Complaint, except admit, upon information and belief, that Ajamie, LLP is a limited liability partnership with its principal place of business in Texas, and that Ajamie has made a claim to the Disputed Fund that is the subject of this action.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the Complaint, except admit that Robert Weiss has made a claim to the Disputed Fund.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the Complaint, except admit that Robert H. Weiss & Associates, P.C. has made claims to the Disputed Fund.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the Complaint, except admit, upon information and belief, that Moscow is a citizen of the State of New York, and that Ajamie and/or Ajamie, LLP have identified Moscow as having a potential claim to a portion of the Disputed Fund that is the subject of this action.

8. Defendants deny each and every allegation contained in paragraph 8 of the Complaint, except admit that R&N is a limited liability partnership with its sole place of business

at 26 Broadway, New York, New York 10004, that it was formerly known as Rosner, Moscow & Napierala, LLP ("RMN"), and that it has a claim to the Disputed Fund that is the subject of this action.

9. Defendants deny each and every allegation contained in paragraph 9 of the Complaint, except admit that Brian Rosner, Esq. is an individual who is a citizen of the State of New York; that he is the sole equity partner of R&N; and that R&N, through Rosner, has asserted a claim to the Disputed Fund that is the subject of this action.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the Complaint, except admit that there is diversity of citizenship between at least two of the claimants, that there are adverse claims to the Disputed Fund, and that the Disputed Fund totals more than $500, and respectfully refer to the Court of all questions of law raised therein.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the Complaint, except admit that R&N resides within this judicial district, and respectfully refer to the Court of all questions of law raised therein.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Complaint, except admit that, on May 18, 2006, a panel of arbitrators for the New York Stock Exchange issued an arbitration award in favor of members of the Sahni family and the Sahni family trusts ("Sahni") directing that PEG pay certain specified amounts (the "Award"), and respectfully refer this Court to the Award referenced in paragraph 21 of the Complaint for its content thereof.

22. Defendants admit each and every allegation contained in paragraph 22 of the Complaint, and respectfully refer this Court to the Award referenced in paragraph 22 of the Complaint for its content thereof.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the Complaint, except admit that,

on or about December 15, 2006, Justice Tolub confirmed the Award, and respectfully refer this Court to the Decision referenced in paragraph 23 of the Complaint for its content thereof.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the Complaint, except admit that an Order was entered on or about February 20, 2007, and respectfully refer this Court to the Order and Notice of Entry referenced in paragraph 24 of the Complaint for their content thereof.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of the Complaint, and respectfully refer this Court to the letter referenced in paragraph 25 of the Complaint for its content thereof.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 28 of the Complaint, and respectfully refer this Court to the Order and email referenced in paragraph 28 of the Complaint for their content thereof.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 29 of the Complaint, except admit that Sahni is not a party to this action, that Sahni has no claim to the Disputed Fund, and that the sole remaining dispute pertains to that portion of the Award attributable to attorneys' fees, and respectfully refer this Court to the satisfactions of judgment referenced in paragraph 29 of the Complaint for their content thereof.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 30 of the Complaint, except admit that only the 30% of the Award is in dispute.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 31 of the Complaint, except deny that PEG's email was circulated to all persons and entities that had previously identified themselves as having claims to the Disputed Fund, and respectfully refer this Court to the email referenced in paragraph 31 of the Complaint for its content thereof.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 32 of the Complaint, and respectfully refer this Court to the email referenced in paragraph 32 of the Complaint for its content thereof.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 33 of the Complaint, except admit that prior to the March 28 proposal, R&N had notified Moscow and Ajamie, LLP that it asserted a claim to the Disputed Fund.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 of the Complaint, except admit, upon information and belief, that Sahni has received 70% of the Award, and respectfully refer this Court to the satisfactions of judgment referenced in paragraph 34 of the Complaint for their content thereof.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the Complaint, except admit,

upon information and belief, that at the time of the filing of the interpleader action, PEG retained 30% of the Award.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 36 of the Complaint, except admit that R&N continues to assert a claim to the Disputed Fund.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 37 of the Complaint, except deny that Ajamie is entitled to the full amount of the Disputed Fund, and respectfully refer this Court to the Second Amended Petition and Request for Temporary Restraining Order referenced in paragraph 37 of the Complaint for their content thereof.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 38 of the Complaint, and respectfully refer this Court to the Second Amended Petition and *ex parte* application referenced in paragraph 38 of the Complaint for their content thereof.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 39 of the Complaint, except admit that R&N, a claimant to the Disputed Fund, is not a party to the Harris County Action.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 40 of the Complaint, except deny that Weiss and/or Weiss & Associates should be granted the entire Disputed Fund, and respectfully refer this Court to the complaint referenced in paragraph 40 of the Complaint for its content thereof.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 41 of the Complaint, except admit that R&N, a claimant to the Disputed Fund, is not a party to the New York Action.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 42 of the Complaint.

43. Defendants deny each and every allegation contained in paragraph 43 of the Complaint, except admit that in May 2007, Rosner, acting on R&N's behalf, contacted PEG's prior counsel, Matthew Farley, to notify him that: RM&N had entered into a written fee agreement with Ajamie, LLP; Moscow, an RMN non-equity partner, had left RMN effective January 1, 2007; R&N was the legal successor of RMN; and that RMN's share in the Award should be paid directly to R&N; and also admit that on or about May 17, 2007, Rosner left a voicemail message for PEG's current counsel, David Picon, providing him with substantially the same information as had previously been provided to Farley.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 44 of the Complaint, except admit that neither the Harris County Action nor the New York Action include all claimants to the Disputed Fund and that R&N claims an interest in the Disputed Fund, and respectfully refer this Court to the letter referenced in paragraph 44 of the Complaint for its content thereof.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 46 of the Complaint, and respectfully

refer this Court to the *ex parte* temporary restraining order referenced in paragraph 46 of the Complaint for its content thereof.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 47 of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 48 of the Complaint, except admit that R&N, a claimant to the Disputed Fund, is not a party to the Harris County Action, respectfully refer this Court to the email referenced in paragraph 48 of the Complaint for its content thereof, and respectfully refer to the Court of all questions of law raised therein.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 49 of the Complaint, and respectfully refer this Court to the Order referenced in paragraph 49 of the Complaint for its content thereof.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 50 of the Complaint, except admit that the Disputed Fund is due and payable to more than one of the Defendants, that R&N claims an interest in the Disputed Fund, and that, upon information and belief, the Disputed Fund totals $4,482,944.88.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 51 of the Complaint, except admit that PEG has no beneficial interest in the Disputed Fund and is merely a stakeholder.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 52 of the Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 53 of the Complaint.

## AS TO THE REQUEST FOR RELIEF

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 54 of the Complaint, leave Plaintiff to its proofs, respectfully refer to the Court of all questions of law raised therein, and Defendant R&N asserts the claims set forth in the Crossclaim below.

## CROSSCLAIM

Defendant, R&N, by and through its undersigned counsel, hereby alleges as follows:

## JURISDICTION

1.     Under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 13(g), this Court has pendent subject-matter jurisdiction over the Law Firm's Crossclaims.

## BACKGROUND

2.     Defendant R&N, formerly known as RMN, is a law firm organized as a limited liability partnership under the laws of the State of New York, with its principal place of business in the State of New York.

3.     Upon information and belief, Defendant Ajamie, LLP is a law firm organized as a limited liability partnership under the laws of the State of Texas, with its principal place of business in the State of Texas.

4.     Defendant John Moscow is, upon information and belief, an individual citizen of the State of New York and an attorney who previously practiced with the Law Firm as a non-equity partner.

5. On April 12, 2002, Sahni commenced a New York Stock Exchange arbitration proceeding against PEG (*Sahni v. Prudential Equity Group*, Docket No. 2002-010156), alleging that PEG had made unsuitable trades on the Sahni accounts and had violated various SRO rules.

6. On or about May 18, 2006, the arbitration panel issued a decision in which it awarded almost $12 million in damages to Sahni: Claimant Simran Sahni was awarded $141,987 plus simple interest at the rate of 9% from August 1, 2000 until the date paid; Claimant Angad Sahni was awarded $472,619 plus simple interest at the rate of 9% from August 1, 2000 until the date paid; Claimants Charanjit and Harpreet Sahni were awarded $816,000 plus simple interest at the rate of 2% from September 1, 2000 until the date paid; and Claimant Nasimang Trust was awarded $10,400,000 plus simple interest at the rate of 4% from November 1, 2000 until the date paid.

7. On or about May 31, 2006, Sahni petitioned the Supreme Court of the State of New York (New York County) ("Supreme Court") to confirm the Award (*Sahni v. Prudential Equity Group, Inc.*, Index No. 107536-06), and PEG subsequently cross-petitioned to have the Award vacated.

8. On December 15, 2006 the Supreme Court confirmed the Award.

9. On February 20, 2007, judgments were entered in the Supreme Court in connection with the Award.

10. On or about April 3, 2007, PEG made payments on the judgments totaling seventy percent (70%) of the Award. On or about April 4, 2007, Satisfactions of Judgment were filed on behalf of Sahni, and Sahni provided releases to PEG.

11. PEG deposited the funds representing the balance of the Award, being $4,482,944.88, into the Registry of this Court, pending the outcome of this action.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against Ajamie, LLP)

12. While the arbitration was pending, Ajamie, LLP, acting on Sahni's behalf, requested that the Law Firm act as co-counsel to it in that proceeding.

13. In consideration of the Law Firm's services, it was agreed that the Law Firm would receive a portion of the attorneys' fee award made in the arbitration; the attorneys' fee award, which was to be applied to pay attorneys' fees, costs and disbursements, was to be one third of the total award made in the arbitration.

14. The terms of the aforesaid fee agreement ("Fee Agreement") are memorialized in a March 1, 2006 letter from Ajamie's principal, Thomas Ajamie, Esq., on behalf of Ajamie, LLP, to the Law Firm's sole equity partner, Brian Rosner, Esq. The letter was signed by Thomas Ajamie, on behalf of Ajamie, LLP, and states, in pertinent part:

> My understanding of the <u>agreement between Ajamie LLP and Rosner, Moscow & Napierala, LLP</u> is as follows: should there be a recovery, one-third of the recovery will be applied to counsel's fees, including out-of-pocket costs. Of this one-third, out-of-pocket costs will be reimbursed first. Of any remaining amounts, RMNLLP will receive 10% of the first $1,000,000, 15% of the second $1,000,000 and 25% of any amount above $2,000,000. (Emphasis added).

15. A copy of the Fee Agreement is annexed hereto as Exhibit "A."

16. The Law Firm played a primary and critical role in representing Sahni in the arbitration, devoting a significant amount of attorney, paralegal and staff time to reviewing pre- and post-arbitration documents, interviewing and preparing witnesses, developing and implementing a case strategy, appearing and representing Sahni during the arbitration hearing, and otherwise representing Sahni in the proceeding.

17. Sahni came to the Law Firm premises on multiple occasions to be prepared by the Law Firm for the arbitration hearing, was aware that the Law Firm had been retained by Ajamie,

LLP to act as co-counsel in the arbitration, and was aware that Ajamie, LLP had agreed to share the attorneys' fee award with the Law Firm.

18. The Law Firm changed its name from RM&N to R&N effective January 1, 2007 with the departure of Moscow, who had been, at all times, a non-equity partner of the Law Firm.

19. With the exception of its name change, the Law Firm, as a legal entity, and its business and practice, continued and continues on as before.

20. Beginning in January 2007, the Law Firm apprised Ajamie, LLP, both orally and in written correspondence, of the foregoing. In particular, the Law Firm advised that the fee owed to the Law Firm under the Fee Agreement, which had been payable to RM&N, was now payable to R&N.

21. The Law Firm and Ajamie entered into a binding contract, as memorialized by the written Fee Agreement, under which the Law Firm agreed to provide legal services in the Sahni arbitration, in exchange for a portion of any attorneys' fees award made in the arbitration, as more specifically described in paragraph 14 above.

22. The Law Firm performed its obligations under the Fee Agreement, namely, performed legal services in the Sahni arbitration that were a substantial and important factor in causing the Award to be made. These legal services were reasonably proportionate to the Law Firm's promised share in the attorneys' fee award.

WHEREFORE, Defendant, Rosner & Napierala, LLP, demands judgment against Defendant Ajamie, LLP as follows:

    a. Declaring that Ajamie, LLP is obligated to Rosner & Napierala, LLP in the amounts set forth in the Fee Agreement;

    b. Entering judgment in favor of Rosner & Napierala, LLP and against Ajamie, LLP for the amounts due to Rosner & Napierala, LLP pursuant to the Fee Agreement;

    c.    Ordering payment of said judgment out of the Disputed Fund;

    d.    Awarding Rosner & Napierala, LLP attorneys' fees, costs and disbursements incurred in this proceeding; and

    e.    Awarding Rosner & Napierala, LLP such other and further relief as may be just and equitable.

### SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT
**(Against Ajamie, Ajamie, LLP and Moscow)**

22.    The Law Firm incorporates by reference and realleges, as though fully set forth herein, the allegations set forth in all preceding paragraphs of this Crossclaim.

23.    As alleged, the Fee Agreement is between Ajamie, LLP and the Law Firm, and is not between Ajamie, LLP and Moscow.

24.    In addition, the services that were rendered in connection with the arbitration were rendered by the Law Firm. Administrative expenses incurred in connection with representing Sahni in the arbitration, including, but not limited to, the payment of staff and paralegal salaries and benefits, were paid by the Law Firm. The Law Firm's premises – its offices and conference rooms – were used to render the relevant legal services, which included performing legal research, reviewing and analyzing documents, and hosting meetings with counsel and clients. Insurance procured and paid for by the Law Firm provided relevant malpractice coverage. The Law Firm's letterhead and email were regularly used to communicate about matters relevant to the arbitration.

25.    To the extent that Moscow rendered services in the Sahni arbitration, he did so solely in his capacity as a non-equity partner of the Law Firm.

26.    To the extent that Ajamie, Ajamie, LLP and/or Moscow claim that either Ajamie, LLP has an arrangement or agreement with Moscow, individually, rather than with the Law

Firm, or that Moscow is entitled, on some other ground, to the fees payable to the Law Firm, the Law Firm rejects such claims, asserts that such claims are baseless, and respectfully refers the Court to the plain language of the Fee Agreement referenced in paragraph 14 above.

WHEREFORE, Defendant, Rosner & Napierala, LLP, demands judgment against defendants, Thomas R. Ajamie, Ajamie, LLP and John Moscow, as follows:

    a.    Declaring that John Moscow is not entitled to any counsel fees under the Fee Agreement or otherwise from the Disputed Fund;

    b.    Declaring that there is no agreement between Thomas R. Ajamie, Ajamie, LLP and John Moscow that would supplant the Fee Agreement or reduce the fees payable to Rosner & Napierala, LLP under Fee Agreement;

    c.    Awarding Rosner & Napierala, LLP attorneys' fees, costs and disbursements incurred in this proceeding; and

    d.    Awarding Rosner & Napierala, LLP such other and further relief as may be just and equitable.

### THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT
### (Against All Defendants)

27. The Law Firm incorporates by reference and realleges, as though fully set forth herein, the allegations set forth in all preceding paragraphs of this Crossclaim.

28. The Law Firm provided legal services to Sahni in the arbitration. Those services were a substantial and important factor in Sahni's success in obtaining the Award, and resulted in a fund earmarked for the payment of attorneys' fees, costs and disbursements.

29. To the extent that any Defendant asserts a claim to the Disputed Fund, which would result in reducing or precluding the payment of fees due to the Law Firm under the Fee Agreement, the Law Firm rejects such claim and asserts that the same is baseless.

WHEREFORE, Defendant, Rosner & Napierala, LLP, demands judgment against all defendants herein, as follows:

    a.    Entering judgment in favor of Rosner & Napierala, LLP and against all defendants, dismissing any claims adverse to Rosner & Napierala, LLP;

    b.    Declaring that Rosner & Napierala, LLP has a valid claim against the interpleaded funds in the amounts set forth in the Fee Agreement;

    c.    Ordering payment out of the Disputed Funds of the amounts set forth in the Fee Agreement;

    d.    Awarding Rosner & Napierala, LLP attorneys' fees, costs and disbursements incurred in this proceeding; and

    e.    Awarding Rosner & Napierala, LLP such other and further relief as may be just and equitable.

**FOURTH COUNT**
**QUANTUM MERUIT**
**(Against All Defendants)**

30.    The Law Firm incorporates by reference and realleges, as though fully set forth herein, the allegations set forth in all preceding paragraphs of this Crossclaim.

31.    While the Law Firm maintains that it has an unambiguous, legally-enforceable Fee Agreement under which it is entitled to be paid, should the Fee Agreement be held to be invalid or unenforceable for any reason, the Law Firm asserts that the defendants, including, in particular, Ajamie, LLP, have received the benefit of the substantial services performed by the Law Firm, including most notably, the successful outcome of the arbitration proceeding, for which reasonable compensation must be paid to the Law Firm.

32.    At the time those services were rendered, the Law Firm reasonably expected to be paid for the reasonable value of its services.

33.    Ajamie, LLP was on notice that the Law Firm expected to be paid for the reasonable value of its services.

34. The Law Firm performed legal services in the Sahni arbitration that were reasonably proportionate to the Law Firm's promised share in the attorneys' fee award, and is therefore entitled to 100% of the amount set forth in the Fee Agreement.

35. Permitting the retention of the benefit conferred by the Law Firm without requiring that it be paid for such services would result in unjust enrichment to those Defendants receiving an interest in the Disputed Fund.

WHEREFORE, Defendant, Rosner & Napierala, LLP, demands judgment against all Defendants as follows:

    a.    Awarding Rosner & Napierala, LLP the reasonable value of the services it provided in connection with Sahni arbitration, as well as all costs and disbursements advanced in connection with the same;

    b.    Ordering that said award of attorneys' fees, costs and disbursements be paid out of the Disputed Fund;

    c.    Awarding Rosner & Napierala, LLP attorneys' fees, costs and disbursements incurred in this proceeding; and

    d.    Awarding Rosner & Napierala, LLP such other and further relief as may be just and equitable.

### JURY TRIAL DEMAND

Defendant, Rosner & Napierala, LLP, hereby demands a trial by jury on its Crossclaims.

Dated: August 3, 2007
       Chatham, New Jersey

                                      FINESTEIN & MALLOY, L.L.C.

                                      */s/ Michael D. Malloy*
                                      Michael D. Malloy (MM 5196)
                                      26 Main Street
                                      Chatham, New Jersey 07928
                                      Telephone: (973) 635-4500
                                      Facsimile: (973) 635-4543
                                      Attorneys for Rosner & Napierala, LLP

Exhibit A



Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
www.ajamie.com
713 860 1600 telephone
713 860 1699 facsimile

Thomas R. Ajamie
tajamie@ajamie.com

249.01                                            March 1, 2006

**By Facsimile and
First Class Mail**

Brian Rosner
Rosner, Moscow & Napierala, LLP
26 Broadway - 22nd Floor
New York, New York 10004-1808

Re:   *Sahni, et al. v. Prudential Equity Group, Inc.*
      NYSE Docket No.: 2002-010156

Dear Brian:

My understanding of the agreement between Ajamie LLP and Rosner, Moscow & Napierala, LLP is as follows: should there be a recovery, one-third of the recovery will be applied to counsel's fees including out-of-pocket costs. Of this one-third, out-of-pocket costs will be reimbursed first. Of any remaining amounts, RMNLPP will receive 10% of the first $1,000,000, 15% of the second $1,000,000, and 25% of any amount above $2,000,000.

Having agreed to this, if you do not believe that this agreement will fairly compensate your law firm for its work, I am willing to amend the agreement to address your concerns. I value your work on this matter, and want to make sure that your firm is compensated fairly.

                                        Sincerely yours,

                                        Thomas R. Ajamie

TRA:glt
16021