```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
PRUDENTIAL EQUITY GROUP, LLC             :
                                         :
            Plaintiff,                   :      07 Civ. 5606 (JSR)
                                         :
            -v-                          :      MEMORANDUM ORDER
                                         :
THOMAS R. AJAMIE, AJAMIE LLP, ROBERT     :
WEISS, ROBERT H. WEISS & ASSOCIATES,     :
LLP, JOHN MOSCOW, BRIAN ROSNER,          :
ROSNER NAPIERALA LLP, DAVID ROBBINS,     :
KAUFMANN FEINDER YAMIN GILDIN &          :
ROBBINS, LLP, WALLACE SHOWMAN,           :
BERNSTEIN LITOWITZ BERGER & GROSSMANN    :
LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI    :
LLP, MARTIN KROLL, KROLL, MOSS &         :
KROLL LLP, JOHN DOES 1-25, AND ABC       :
CORPORATIONS 1-25,                       :
                                         :
            Defendants.                  :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

By motion dated July 3, 2007, plaintiff moved the Court to award plaintiff the attorneys' fees, costs, and disbursements plaintiff incurred in connection with this interpleader action in the total amount of $69,439.74.

It is well established that "[a] disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees." Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Plaintiff is a disinterested stakeholder who has asserted interpleader, and so would ordinarily be entitled to fees pursuant to that rule. However, defendants Thomas R. Ajamie and Ajamie LLP (collectively, "Ajamie") object to plaintiff's recovery of fees in the amount plaintiff seeks.

First, Ajamie argues that any award of fees to plaintiff should be reduced by the amount of interest that plaintiff has earned on the disputed fund at issue in this action between March 9, 2007, when the parties all agreed that interest would cease accruing, and June 12, 2007, when plaintiff commenced the present interpleader action.  However, Ajamie admits that Ajamie expressly agreed that interest would cease accruing on the disputed fund as of March 9, 2007.  See Ajamie Opp'n Mem. at 5.  Given that Ajamie entered that agreement with plaintiff to serve Ajamie's strategic interests at that time, it would be inequitable to reduce plaintiff's fee award by any interest that plaintiff has earned on the disputed fund pursuant to that agreement.

Second, Ajamie argues that plaintiff's fee request is excessive.  Specifically, Ajamie argues that a reasonable fee award in this case "is no more than $15,000" because "the instant proceedings have been reasonably simple" and "[n]o party has opposed either the interpleader action or the order to show cause that [plaintiff] filed along with that interpleader."  Ajamie Opp'n Mem. at 6-7.  Further, Ajamie contends that plaintiff "needlessly complicated this matter" in various respects, such as by filing a "fourteen page complaint," by "seek[ing] an Order to Show Cause," by doing unnecessary legal research, and by naming unnecessary parties.  Ajamie Opp'n Mem. at 8-10.

However, the procedural history of this action justifies plaintiff's fee request.  By letter dated May 25, 2007, plaintiff

advised Ajamie, inter alios, that plaintiff intended to institute an interpleader action in this Court. See Declaration of David A. Picon dated July 3, 2007 ("Picon Decl."), ¶ 16. In connection with preparing that interpleader action, plaintiff incurred roughly $15,000 in fees, see Picon Decl. ¶¶ 29-30, which is the very amount that Ajamie now argues would be reasonable in an interpleader action, see Ajamie Opp'n Mem. at 6. But on May 30, 2007, just before the time when plaintiff had indicated it would file its interpleader complaint, Ajamie sought and obtained, ex parte, a temporary restraining order in Harris County, Texas, enjoining plaintiff from instituting that interpleader action. Picon Decl. ¶ 17 & Ex. B. Plaintiff incurred substantial fees in connection with its efforts to dissolve that temporary restraining order. Id. ¶ 31. These efforts were ultimately successful, and the temporary restraining order was dissolved on June 11, 2007. Id. ¶ 20. The next day, plaintiff filed the instant action, and has incurred additional fees in the course of these proceedings. Id. ¶¶ 21, 32.

In light of this procedural history, Ajamie's contention that plaintiff's fee should be reduced to $15,000 because plaintiff "needlessly complicated this matter" in various respects, see Ajamie Opp'n Mem. at 8-10, must be rejected, as plaintiff's fees exceed that amount principally because of plaintiff's efforts to deal with Ajamie's own procedural maneuvering, see Picon Decl. ¶ 33.

Accordingly, the Court awards plaintiff $69,439.74 in attorneys' fees, disbursements and costs against the interpleader

3

fund itself, without prejudice to any party moving to tax another party for these sums in lieu of the fund itself. See Septembertide, 884 F.2d at 683 (attorneys' fees and costs "are generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it"). The Clerk is directed to close document 15.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 17, 2007