UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PRUDENTIAL EQUITY GROUP, LLC

                            Plaintiff,

              -against-

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT
WEISS, ROBERT H. WEISS & ASSOCIATES, LLP,
JOHN MOSCOW, BRIAN ROSNER,
ROSNER NAPIERALA LLP, DAVID
ROBBINS, KAUFMANN FEINER YAMIN GILDIN &
ROBBINS, LLP, WALLACE SHOWMAN,
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP, ROBERT KRAUS, KRAUS &
ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS &
KROLL LLP, JOHN DOES 1-25 AND
ABC CORPORATIONS 1-25,

                            Defendants.
-------------------------------------------------------------------X

ROBERT WEISS'S REPLY
TO CROSS-COMPLAINT
OF THOMAS R. AJAMIE,
ESQ., AJAMIE LLP AND
WILLIAM SHOWMAN,
ESQ.

07 CV 5606 (JSR)

        Defendants Robert Weiss and Robert H. Weiss & Associates, LLP, (collectively "Weiss"), by their attorney, Richard M. Maltz , PLLC, hereby alleges as its Reply to the Cross-Claims of defendant Thomas R. Ajamie, Esq., Ajamie LLP, and Wallace Showman, Esq. as follows:

## ADMISSIONS AND DENIALS

    1.    Admits paragraphs 56, 58, 59, 71, and 75.

    2.    Denies paragraphs 57, 60, 62, 63, 64, 65, 66, 67, 69, 72, 73, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, and 95.

3. Denies knowledge or information sufficient to form a belief as to paragraphs 61, 68, 70, and 74.

## **FIRST AFFIRAMTIVE DEFENSE**

4. Ajamie has denied Weiss his portion of the legal fees from the Sahni settlement by repudiating the parties' Amended Fee Agreement.

5. Ajamie has breached the parties Amended Fee Agreement and plaintiffs have been damaged thereby in an amount equal to 34% of the legal fees from the Sahni settlement plus interest.

## **SECOND AFFIRMATIVE DEFENSE**

6. Ajamie is an attorney admitted in Texas but not admitted in New York.

7. For all times pertinent to this proceeding, Ajamie never applied for, nor was granted, *pro hac vice* status in New York.

8. Ajamie engaged in the unauthorized practice of law in New York by conducting the Sahni Clients' Arbitration in New York before the NASD and, *inter alia:* meeting with the Sahni claimants in New York; interviewing witnesses in New York; preparing witnesses to testify in New York; preparing for the Arbitration in New York; communicating with New York counsel for Prudential, by corresponding, faxing, e-mailing and telephoning Prudential's New York counsel regarding the New York Arbitration. During the entire appellate process, Ajamie continued to advise Mr. Sahni on New York Law without seeking *pro hac vice* status.

9. By this conduct Ajamie violated Judiciary Law §§ 478 & 484 and he should be denied any and all legal fees for his work in the Sahni matter because all work

is attributable to prosecuting a New York Arbitration; or, in the alternative, denying defendants any fee attributable to work in New York.

### THIRD AFFIRAMTIVE DEFENSE

10. Ajamie refused to allow Weiss to participate in the representation of the Sahni Clients after the completion of a few Arbitration sessions. This obstreperous conduct was an attempt to interfere with the attorney-client relationship between Mr. Weiss and the Sahni Clients.

11. Ajamie's conduct was part of his scheme to cut Mr. Weiss out of any portion of the legal fee to which Mr. Weiss was entitled, pursuant to the parties' Amended Fee Agreement.

12. This scheme culminated in Ajamie bringing a law suit in Texas regarding the parties' fee dispute simply to harass Mr. Weiss when there was absolutely no basis whatsoever to commence an action in that jurisdiction.

13. Ajamie's conduct constitutes a scheme that violated defendant's duty of good faith and fair dealing under the parties' Amended Fee Agreement.

14. Due to this misconduct, Ajamie violated the parties' Amended Fee Agreement in bad faith and defendants should be denied any portion of the fee monies from the Sahni settlement and Weiss should be granted all of the monies being held as legal fees in the Sahni matter.

### FOURTH AFFIRMATIVE DEFENSE

15. Upon information and belief, Weiss is the only defendant that executed a written retainer with the Sahni Clients.

16. To receive a contingent legal fee in New York a lawyer must have a written retainer agreement with a client.

17. Ajamie did not execute a written retainer with the Sahni Clients, and, therefore, Ajamie may not independently enforce a contingency fee agreement with the Sahni Clients.

18. Therefore, only Weiss, and not Ajamie or any other of the co-defendants, have the authority to enforce the contingency fee agreement with the Sahni Clients.

### FIFTH AFFIRMATIVE DEFENSE

19. All co-defendants, including former co-defendants Robert Kraus, Esq., Kraus & Zuchlewski LLP, David Robbins, Esq., and Kaufmann Feiner Yamin Gildin & Robbins, LLP, are purportedly owed legal fees for services provided the Sahni Clients pursuant to an agreement with Ajamie, except defendant Kroll.

20. Weiss was never apprised of any such agreements, therefore he neither authorized nor approved such agreements.

21. Ajamie is solely responsible for legal fees owed the co-defendants, if any, pursuant to his agreement with the co-defendants.

22. All legal fees, if any, owed all co-defendants and former co-defendants (except Kroll) should not be paid from the money deposited in Court and should be the sole responsibility of Ajamie.

### REQUEST FOR RELIEF

Weiss demands a judgment:

    i. Denying Ajamie any legal fee and granting Weiss the right to receive the entire legal fee owed under the Sahni Clients' retainer agreement due to Ajamie's misconduct;

    ii.    Enforcing the parties' Amended Fee Agreement and granting Weiss 34% of all legal fees owed and expenses under the Sahni Clients' agreement;

    iii.    Taxing Ajamie for any and all fees, expenses and disbursement granted plaintiff's counsel;

    iv.    Denying defendants any legal fee and granting Weiss the right to receive the entire Sahni legal fee because no defendants, other than Weiss, has an enforceable written retainer agreement with the Sahni Clients;

    v.    Finding Ajamie solely responsible for any legal fees owed the co-defendants (except Kroll) and former co-defendants and denying payment of co-defendants' legal fees from the money deposited in the Court: or,

    vi.    Granting any further or different relief deemed fair, just and equitable including interest, costs, and disbursements of this action and reasonable attorney fees.

**DEFENDANT WEISS DEMANDS A JURY TRIAL ON ALL CROSS-CLAIMS**

Dated: New York, NY
       August 17, 2007

_____
Richard M. Maltz (RM 5627)

RICHARD M. MALTZ, PLLC
488 MADISON AVENUE, 10th Fl.
NEW YORK, NY 10022
(212) 705-4804
(347) 438-2087 (fax)

ATTORNEY FOR ROBERT WEISS AND ROBERT H. WEISS & ASSOCIATES, LLP