UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

PRUDENTIAL EQUITY GROUP, LLC

                                                    Plaintiff,

                              -against-

                                                    ROBERT WEISS'S REPLY
                                                    TO CROSS-COMPLAINT
                                                    OF JOHN MOSCOW, ESQ.

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT          07 CV 5606  (JSR)
WEISS, ROBERT H. WEISS & ASSOCIATES, LLP,
JOHN MOSCOW, BRIAN ROSNER,
ROSNER NAPIERALA LLP, DAVID
ROBBINS, KAUFMANN FEINER YAMIN GILDIN &
ROBBINS, LLP, WALLACE SHOWMAN,
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP, ROBERT KRAUS, KRAUS &
ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS &
KROLL LLP, JOHN DOES 1-25 AND
ABC CORPORATIONS 1-25,

                                                    Defendants.

-----------------------------------------------------------------------X

        Defendants Robert Weiss and Robert H. Weiss & Associates, LLP, (collectively

"Weiss"), by their attorney, Richard M. Maltz, PLLC, hereby allege as their Reply to the

Cross-Claims of defendant John Moscow, Esq. as follows:

## ADMISSIONS AND DENIALS

1.      Admits paragraph 4.

2.      Denies paragraphs 16, 17, and 20.

3.      Denies knowledge or information sufficient to form a belief as to

paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, and 19.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

4.    Cross-defendant Weiss alleges that any purported claim Moscow asserts for work performed by John Moscow on behalf of Charanjit Sahni, Harpreet Sahni, Nasimang Enterprises, AVV/Nasimang Trust by Nand Sahni and Charanjit Sahni; Charanjit Sahni Custodian Angad Sahni Utma; and Charanjit Sahni Custodian Simran Sahni Utma ("Sahni Clients") is pursuant to an alleged agreement with defendant Ajamie.

5.    Defendant Weiss did not approve, authorize or know of the purported fee agreement between Moscow and defendant Ajamie. There was no written agreement from the Sahni Clients authorizing that Moscow be paid fees from the monies recovered from plaintiff. Ajamie is solely responsible for fees owed Moscow, if any, for legal services provided the Sahni Clients.

6.    Any fees allegedly owed Moscow must be paid by Ajamie and should not be paid from the funds deposited in Court by plaintiff.

### Second Affirmative Defense

7.    Cross-defendant Weiss alleges that Moscow had no written retainer or agreement with the Sahni Clients.

8.    To receive a contingency legal fee in New York a lawyer must have a written retainer agreement with a client.

9.    Moscow has no right to fees from the Sahni clients pursuant to a retainer

agreement executed between the Sahni clients and defendant Weiss.

## REQUEST FOR RELIEF

Weiss demands a judgment:

    i.    Denying Moscow a legal fee paid from
the funds begin held by this Court and owed under
the Sahni Clients' retainer agreement; and,
requiring Moscow to pursue any such claim
directly from defendant Ajamie;

    ii.    Granting Weiss the right to receive the
entire Sahni legal fee because no
co- defendants, other than Weiss, has an
enforceable written retainer agreement with the
Sahni Clients; or,

    iii.    Granting any further or different relief deemed
fair, just and equitable including interest, costs,
and disbursements of this action and reasonable
attorney fees.

### DEFENDANT WEISS DEMANDS A JURY TRIAL
### ON ALL CROSS-CLAIMS

Dated: New York, NY
      August 17, 2007

_____
    Richard M. Maltz (RM 5627)

    RICHARD M. MALTZ, PLLC
    488 MADISON AVENUE, 10th Fl.
    NEW YORK, NY 10022
    (212) 705-4804
    (347) 438-2087 (fax)

    ATTORNEY FOR ROBERT
    WEISS AND ROBERT H. WEISS
    & ASSOCIATES, LLP

- 3 -