UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRUDENTIAL EQUITY GROUP, LLC,

                      Plaintiff,

      v.

THOMAS R. AJAMIE, AJAMIE LLP, ROBERT WEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, ROSNER NAPIERALA LLP, BRIAN ROSNER, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, AND ABC CORPORATIONS 1-25,

                      Defendants.

No. 07-CV-5606 (JSR)

**ANSWER TO CROSS-CLAIMS AND CLAIMS**

Defendants Thomas R. Ajamie ("Ajamie"), Ajamie LLP (collectively, the "Ajamie Defendants") and Wallace Showman ("Showman") (collectively, "Defendants"), by their undersigned counsel, for their Answer to the Claim by Robert Weiss and Robert H. Weiss and Associates (the "Weiss Claim"), the Answer of Kroll Moss & Kroll LLP (the "Kroll Claim"), the claim of John Moscow (the "Moscow Claim"), and the Answer of Brian Rosner, Esq. and Rosner & Napierala, LLP to Complaint for Interpleader and Jury Demand ("Rosner Claim") state the following:

**ANSWER TO WEISS CLAIM**

      1.    The Defendants admit the allegations contained in Paragraph 54 of the Weiss Claim.

2. The Defendants admit the allegations contained in Paragraph 55 of the Weiss Claim.

3. The Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Weiss Claim.

4. The Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Weiss Claim.

5. The Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Weiss Claim.

6. The Defendants admit the allegations contained in the first two sentences of Paragraph 59 of the Weiss Claim. The Defendants lack knowledge or information sufficient to form a belief as to the remainder of allegations contained in Paragraph 59 of the Weiss Claim.

7. The Defendants admit that the Weiss Defendants filed an NASD claim for the Sahnis in or around April of 2001. The Defendants lack knowledge or information sufficient to form a belief as to the remainder of allegations contained in Paragraph 60 of the Weiss Claim.

8. The Defendants admit that Mr. Ajamie and Mr. Weiss initially met at a PIABA meeting and that they exchanged casual greetings at a subsequent PIABA meeting. The Defendants deny the remaining allegations contained in Paragraph 61 of the Weiss Claim.

9. The Defendants admit that Mr. Weiss and Mr. Ajamie spoke on the telephone a number of times. The Defendants deny the remaining allegations contained in Paragraph 62 of the Weiss Claim. The Defendants state that Weiss agreed to share equally in the work on the representation of the Sahnis and further aver that Mr. Ajamie had no intention of hiring other counsel in October of 2002 because Mr. Ajamie did not anticipate that the Weiss

Defendants would breach their agreement to share equally in the work of representing the Sahni Family.

10. The Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations in the first two sentences in Paragraph 63 of the Weiss Claim. The Defendants admit the remaining allegations in Paragraph 63 of the Weiss Claim. Defendants further aver that Mr. Ajamie had no duty to be admitted pro hac vice in New York.

11. The Defendants admit the allegations contained in Paragraph 64 of the Weiss Claim.

12. The Defendants deny that Mr. Ajamie was the sole author of the Amended Fee Agreement but rather state this Agreement was negotiated by Mr. Ajamie and Mr. Weiss. Defendants admit the remaining allegations contained in Paragraph 65 of the Weiss Claim. Defendants further aver that Paragraph 65 does not set forth all of the terms of the Amended Fee Agreement.

13. The Defendants deny that there were no discussions of retaining other attorneys to assist with the representation of the Sahni Family. In fact, Mr. Ajamie stated that other attorneys would have to be retained if Weiss failed to perform his responsibilities under the Amended Fee Agreement. Mr. Weiss assured Mr. Ajamie that it would be unnecessary to retain other counsel because Mr. Weiss would perform his responsibilities under the Amended Fee Agreement. The Defendants deny the remaining allegations contained in Paragraph 66 of the Weiss Claim.

14. The Defendants deny the allegations contained in Paragraph 67 of the Weiss Claim.

15.     The Defendants deny the allegations contained in Paragraph 68 of the Weiss Claim.

16.     The Defendants admit that Mr. Weiss asserted a charging lien but otherwise deny the allegations contained in Paragraph 69 of the Weiss Claim.

17.     The Defendants admit the allegations contained in the first sentence of Paragraph 70 of the Weiss Claim. The Defendants deny the remaining allegations contained in Paragraph 70 of the Weiss Claim.

18.     The Defendants admit the allegations contained in Paragraph 71 of the Weiss Claim.

19.     The Defendants deny the allegations contained in the first sentence of paragraph 72 of the Weiss Claim.  The Defendants admit that Mr. Ajamie was not admitted to the New York bar.  The Defendants further aver that all of Mr. Ajamie's conduct was in accordance with all applicable ethical rules including those governing the practice of law in the State of New York.

20.     The Defendants admit the allegations contained in Paragraph 73 of the Weiss Claim.

21.     The Defendants admit that the Texas Court dismissed the action against Mr. Weiss because he challenged the state court's exercise of personal jurisdiction over him, but state that such decision was erroneous and is being appealed.  The Defendants deny the remaining allegations contained in Paragraph 74 of the Weiss Claim.

22.     The Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in the first sentence of paragraph 75 of the Weiss

Claim. The Defendants deny the remaining allegations contained in Paragraph 75 of the Weiss Claim.

23. In response to Paragraph 76 of the Weiss Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the Weiss Claim.

24. The Defendants deny the allegations contained in Paragraph 77 of the Weiss Claim.

25. The Defendants deny the allegations contained in Paragraph 78 of the Weiss Claim.

26. In response to Paragraph 79 of the Weiss Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the Weiss Claim.

27. The Defendants admit the allegations contained in Paragraph 80 of the Weiss Claim.

28. The Defendants deny the allegations contained in Paragraph 81 of the Weiss Claim.

29. The Defendants deny that Mr. Ajamie's actions constituted the unauthorized practice of law and note that Mr. Weiss was supposed to act as New York counsel. When Mr. Weiss did not, Mr. Ajamie was required to retain other New York counsel to assist him both in the arbitration and subsequent Court proceedings. The Defendants further deny that there was any "appellate process" related to the Sahni Arbitration.

30. The Defendants deny the allegations contained in Paragraph 83 of the Weiss Claim.

31. In response to Paragraph 84 of the Weiss Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the Weiss Claim.

32. The Defendants deny the allegations contained in Paragraph 85 of the Weiss Claim.

33. The Defendants deny the allegations contained in Paragraph 86 of the Weiss Claim.

34. The Defendants deny the allegations contained in Paragraph 87 of the Weiss Claim.

35. The Defendants deny the allegations contained in Paragraph 88 of the Weiss Claim.

36. The Defendants deny the allegations contained in Paragraph 89 of the Weiss Claim.

37. In response to Paragraph 90 of the Weiss Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the Weiss Claim.

38. The Defendants deny the allegations contained in Paragraph 91 of the Weiss Claim.

39. The Defendants deny the allegations contained in Paragraph 92 of the Weiss Claim.

40. The Defendants deny the allegations contained in Paragraph 93 of the Weiss Claim.

41. The Defendants state that they have no obligation to respond to the affirmative defenses set forth in Paragraphs 94 through 101 of the Weiss Claim.

**FIRST AFFIRMATIVE DEFENSE**
**WAIVER**

42. The Weiss Defendants waived their rights under any agreements between the Weiss Defendants and the Ajamie Defendants by, inter alia, failing to participate in the Arbitration and thereby earn attorneys' fees by such Arbitration.

43. The Weiss Defendants have thereby waived their right to recover attorneys' fees from the Arbitration or any portion of the Disputed Fund.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE OF CONSIDERATION

44. The Weiss Defendants failed to provide consideration in that they failed to perform work on the Arbitration.

45. Because of the failure of the Weiss Defendants to provide consideration, they are not entitled to attorneys' fees with respect to the Arbitration or to receive any portion of the Disputed Fund.

## ANSWER TO MOSCOW CLAIM

46. The Defendants admit the allegations contained in Paragraph 4 of the Moscow Claim.

47. The Defendants admit the allegations contained in Paragraph 5 of the Moscow Claim.

48. The Defendants admit the allegations contained in Paragraph 6 of the Moscow Claim.

49. The Defendants admit the allegations contained in Paragraph 7 of the Moscow Claim.

50. The Defendants admit the allegations contained in Paragraph 8 of the Moscow Claim.

51. The Defendants admit the allegations contained in Paragraph 9 of the Moscow Claim.

52. The Defendants admit the allegations contained in Paragraph 10 of the Moscow Claim.

53. The Defendants admit the allegations contained in Paragraph 11 of the Moscow Claim.

54. The allegations contained in Paragraph 12 of the Moscow Claim are legal conclusions to which no response is necessary.

55. The allegations contained in Paragraph 13 of the Moscow Claim are legal conclusions to which no response is necessary.

56. The Defendants admit the allegations contained in Paragraph 14 of the Moscow Claim.

57. The allegations contained in Paragraph 15 of the Moscow Claim are legal conclusions to which no response is necessary.

58. The allegations contained in Paragraph 16 of the Moscow Claim are legal conclusions to which no response is necessary.

59. The allegations contained in Paragraph 17 of the Moscow Claim are legal conclusions to which no response is necessary.

60. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 18 of the Moscow Claim.

61. The allegations contained in Paragraph 19 of the Moscow Claim are legal conclusions to which no response is necessary.

62. The allegations contained in Paragraph 20 of the Moscow Claim are legal conclusions to which no response is necessary.

## ANSWER TO ROSNER CLAIM

63. The Defendants admit the allegations contained in Paragraph 1 of the Rosner Claim.

64. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 2 of the Rosner Claim.

65. The Defendants admit the allegations contained in Paragraph 3 of the Rosner Claim.

66. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations regarding John Moscow's status as a non-equity partner. The Defendants admit the remaining allegations contained in Paragraph 4 of the Rosner Claim.

67. The Defendants admit the allegations contained in Paragraph 5 of the Rosner Claim.

68. The Defendants admit the allegations contained in Paragraph 6 of the Rosner Claim.

69. The Defendants admit the allegations contained in Paragraph 7 of the Rosner Claim.

70. The Defendants admit the allegations contained in Paragraph 8 of the Rosner Claim.

71. The Defendants admit the allegations contained in Paragraph 9 of the Rosner Claim.

72. The Defendants admit the allegations contained in Paragraph 10 of the Rosner Claim.

73. The Defendants admit the allegations contained in Paragraph 11 of the Rosner Claim.

74. With respect to Paragraph 12 of the Rosner Claim, the Defendants admit to asking John Moscow, while the arbitration was pending, to participate in the Sahni matter. The Defendants deny asking the firm to act as co-counsel.

75. The Defendants admit the allegations contained in Paragraph 13 of the Rosner Claim but qualify that any payment was in consideration for John Moscow's services.

76. The Defendants admit the allegations contained in Paragraph 14 of the Rosner Claim.

77. The Defendants admit the allegations contained in Paragraph 15 of the Rosner Claim.

78. The Defendants admit that the Moscow played a critical role in representing the Sahni Family in the Arbitration but otherwise deny the allegations contained in Paragraph 16 of the Rosner Claim.

79. The Defendants admit that Sahni came to the law firm, deny that anyone at the law firm other than Moscow prepared Sahni for the arbitration, and admit the remaining allegations contained in Paragraph 17 of the Rosner Claim.

80. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 18 of the Rosner Claim.

81. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 19 of the Rosner Claim.

82. The Defendants deny that the law firm apprised Ajamie LLP orally of the foregoing. The Defendants admit the remaining allegations contained in Paragraph 20 of the Rosner Claim.

83. The Defendants admit that they and John Moscow entered into an agreement and qualify that the letter referenced in Paragraphs 14 and 21 was sent one year later. The Defendants deny the remaining allegations contained in Paragraph 21 of the Rosner Claim.

84. The Defendants admit that Moscow performed his obligations under the Fee Agreement but otherwise deny the allegations contained in Paragraph 22 of the Rosner Claim.

85. In response to the second Paragraph 22 of the Rosner Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the preceding paragraphs.

86. The allegations contained in Paragraph 23 of the Rosner Claim are legal conclusions to which no response is necessary.

87. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 24 of the Rosner Claim.

88. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 25 of the Rosner Claim.

89. The allegations contained in Paragraph 26 of the Rosner Claim are legal conclusions to which no response is necessary.

90. In response to Paragraph 27 of the Rosner Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the preceding paragraphs.

91. The Defendants admit that Moscow provided legal services to the Sahni family but otherwise deny the allegations contained in Paragraph 28 of the Rosner Claim.

92. The allegations contained in Paragraph 29 of the Rosner Claim are legal conclusions to which no response is necessary.

93. In response to Paragraph 30 of the Rosner Claim, the Defendants incorporate by reference the foregoing responses to the allegations contained in the preceding paragraphs.

94. The allegations contained in Paragraph 31 of the Rosner Claim are legal conclusions to which no response is necessary.

95. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 32 of the Rosner Claim.

96. The Defendants deny the allegations contained in Paragraph 33 of the Rosner Claim.

97. The Defendants deny the allegations contained in Paragraph 34 of the Rosner Claim.

98. The Defendants deny the allegations contained in Paragraph 35 of the Rosner Claim.

## ANSWER TO KROLL CLAIM

99. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 3 of the Kroll Claim.

100. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 4 of the Kroll Claim.

101.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 5 of the Kroll Claim.

102.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 6 of the Kroll Claim.

103.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 7 of the Kroll Claim.

104.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 8 of the Kroll Claim.

105.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 9 of the Kroll Claim.

106.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 10 of the Kroll Claim.

107.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 11 of the Kroll Claim.

108.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 12 of the Kroll Claim.

109.    The Defendants admit the allegations contained in the first sentence of Paragraph 13 of the Kroll Claim.  The Defendants deny the remaining allegations contained in Paragraph 13 of the Kroll Claim.

110.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 14 of the Kroll Claim.

111.    The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 15 of the Kroll Claim.

112. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 16 of the Kroll Claim.

113. The Defendants lack knowledge or information sufficient to determine the accuracy of the allegations contained in Paragraph 17 of the Kroll Claim.

114. The Defendants admit the allegations contained in Paragraph 18 of the Kroll Claim.

115. The Defendants admit the allegations contained in Paragraph 19 of the Kroll Claim.

116. The allegations contained in Paragraph 20 of the Kroll Claim are legal conclusions to which no response is necessary.

**DEMAND FOR RELIEF**

**WHEREFORE**, the Defendants demand judgment:

A. Dismissing the cross-claims against them;

B. Dismissing the claims to the Disputed Fund of the other defendants except the claim of John Moscow in an amount to be determined at trial;

C. Awarding the Defendants their reasonable attorneys' fees and costs incurred in defense of this action, and for such other relief as the Court deems just and proper.


Dated: New York, New York
       August 22, 2007

LAW OFFICES OF ERIC J. GRANNIS

By: *Eric Grannis*
    Eric J. Grannis (EG 8403)
620 Fifth Avenue
New York, New York 10020
(212) 903-1025

Attorneys for Defendants Thomas R. Ajamie, Ajamie LLP, and Wallace Showman