Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PRUDENTIAL EQUITY GROUP, LLC,

                         Plaintiff,                **ANSWER TO CROSS-CLAIMS**
     v.                                         **OF THOMAS R. AJAMIE,**
                                                    **AJAMIE, LLP, AND**
THOMAS R. AJAMIE, et al.                    **WALLACE SHOWMAN**

                                                    07 Civ. 5606 (JSR)

                      Defendants.
-----------------------------------------------------------X

       Defendant John Moscow, by his attorneys, Beldock Levine & Hoffman LLP, alleges on information and belief as and for his answer to the cross-claims of Thomas R. Ajamie, Ajamie, LLP, and Wallace Showman as follows:

       1.     Refers all questions of law in paragraph 56 to the Court.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57; and refers all questions of law to the Court.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, except admits that the Weiss Defendants performed no work on the

case while Moscow was involved.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except admits that the Weiss Defendants performed no work on the Arbitration while Moscow was involved.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, except admits that Ajamie requested Moscow to perform work with respect to the arbitration.

13. Admits the allegations in paragraph 68.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, except denies that the Ajamie Defendants advanced all of the expenses associated with the Arbitration.

15. Admits the allegations in paragraph 70.

16. Admits the allegations in paragraph 71.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

19. Admits the allegations in paragraph 74, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding payment of all of the invoices issued by these firms.

20. Admits the allegations in paragraph 75.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77; and refers all questions of law to the Court.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78; and refers all questions of law to the Court.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79; and refers all questions of law to the Court.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80; and refers all questions of law to the Court.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

27. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 84; and refers all questions of law to the Court.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85; and refers all questions of law to the Court.

29. Denies each and every allegation in paragraph 87, except admits that Defendants' work, in combination with Moscow's, resulted in the Award, and that the Weiss Defendants performed virtually no work while Moscow was involved in the case that resulted in the Award.

30. Admits the allegations in paragraph 88.

31. The allegations in paragraph 89 are all questions of law, which are referred to the Court.

32. Denies each and every allegation in paragraph 91, except admits that the Ajamie Defendants performed valuable services by representing the Sahni family in Arbitration, which, in combination with Moscow's valuable services, resulted in the Award.

33. The allegations in paragraph 92 are solely questions of law, which are referred to the Court.

34. The allegations in paragraph 93 are solely questions of law, which are referred to the Court.

35. The allegations in paragraph 95 are solely questions of law, which are referred to the Court.

36. The allegations in paragraph 96 are solely questions of law, which are referred to the Court.

Dated: New York, New York
August 23, 2007

Respectfully submitted,

BELDOCK, LEVINE & HOFFMAN LLP

_____
Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
Attorneys for Plaintiff