Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRUDENTIAL EQUITY GROUP, LLC,

                Plaintiff,

v.

THOMAS R. AJAMIE, et al.

                Defendants.
------------------------------------------------------------X

**ANSWER TO CROSS-CLAIMS OF BRIAN ROSNER, ESQ. AND ROSNER & NAPIERALA, LLP**

07 Civ. 5606 (JSR)

Defendant John Moscow, by his attorneys, Beldock Levine & Hoffman LLP, alleges on information and belief as and for his answer to the cross-claims of Brian Rosner and Rosner & Napierala, LLP as follows:

1. Refers all questions of law to the Court.

2. Denies knowledge or information sufficient to form a belief as to each and every allegation in paragraph 2, except denies that defendant R&N was formerly known, or is the same law firm, as RMN rather than a new partnership formed after the dissolution of RMN upon Moscow's withdrawal from the RMN partnership.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 3.

4. Denies each and every allegation in paragraph 4, except admits that Moscow is a citizen of the State of New York and that he previously practiced at RMN as a general partner.

5. Admits the allegations in paragraph 5.

6. Admits the allegations in paragraph 6.

7. Admits the allegations in paragraph 7.

8. Admits the allegations in paragraph 8.

9. Admits the allegations in paragraph 9.

10. Admits the allegations in paragraph 10.

11. Admits the allegations in paragraph 11.

12. Denies each and every allegation in paragraph 12, except admits that Ajamie, LLP, acting on Sahni's behalf, requested that Moscow act as co-counsel in the arbitration.

13. Denies each and every allegation in paragraph 13, except admits that Moscow, acting as a partner of RMN, originally negotiated a fee agreement with Ajamie in consideration of Moscow's services, and that the fee would be a portion of the attorneys' fee award, which attorneys' fee award would be one-third of the total arbitration award.

14. Denies each and every allegation in paragraph 14, except admits that Ajamie subsequently purported to describe, in a March 1, 2006 letter, his understanding of the terms of the fee agreement that Moscow had earlier negotiated with Ajamie; and refers all questions of law to the Court.

15. Denies each and every allegation in paragraph 15, except admits that the March 1, 2006 letter annexed as Exhibit A is a copy of Ajamie's letter.

16. Denies each and every allegation in paragraph 16, except admits that Moscow played a critical role in representing Sahni in the arbitration, devoting a significant amount of

time to reviewing pre- and post-arbitration documents, interviewing and preparing witnesses, developing and implementing a case strategy, appearing and representing Sahni during the arbitration hearing, and otherwise representing Sahni in the proceeding.

17. Denies each and every allegation in paragraph 17, except admits that Sahni came to the RMN premises on multiple occasions (prior to Rosner's abandonment of the engagement, the clients and Ajamie) to be prepared by Moscow for the arbitration hearing, was aware that Moscow had been retained by Ajamie to act as co-counsel in the arbitration, and was aware that Ajamie, LLP had agreed to share the attorneys' fee award with Moscow.

18. Denies each and every allegation in paragraph 18.

19. Denies each and every allegation in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Denies each and every allegation in paragraph 21, except admits that RMN and Rosner, as well as Moscow, had binding contractual obligations as a result of the arbitration engagement and fee agreement negotiated by Moscow as a partner of RMN; and refers all questions of law to the Court.

22. Denies each and every allegation in paragraph 22, except admits that Moscow fully performed his professional, contractual and ethical obligations and that Moscow's legal services in the Sahni arbitration were a substantial and important factor causing the Award to be made and were reasonably proportionate to the promised share in the attorneys' fee award; and refers all questions of law to the Court.

22 (second). Moscow incorporates by reference and realleges, as though fully set forth

herein, the responses set forth in the preceding paragraphs of this Reply.

23.   Denies each and every allegation in paragraph 23, except admits that Rosner and RMN, as well as Moscow, had binding contractual, professional and ethical obligations to the clients and Ajamie, LLP resulting from the arbitration engagement and fee agreement negotiated by Moscow, which were only fulfilled by Moscow.

24.   Denies each and every allegation in paragraph 24, except admits that services rendered in connection with the arbitration were rendered by Moscow, and that the RMN premises were used to render relevant legal services only until Rosner abandoned the case, the clients, and Ajamie; and refers all questions of law to the Court.

25.   Denies each and every allegation in paragraph 25.

26.   Refers all questions of law to the Court.

27.   Moscow incorporates by reference and realleges, as though fully set forth herein, the responses set forth in the preceding paragraphs of this Reply.

28.   Denies each and every allegation in paragraph 28, except admits that Moscow provided legal services to Sahni in the arbitration and those services were a substantial and important factor in Sahni's success in obtaining the Award, and resulted in a fund earmarked for the payment of attorneys' fees, costs and disbursements, and refers all questions of law to the Court.

29.   Refers all questions of law to the Court.

30.   Moscow incorporates by reference and realleges, as though fully set forth herein, the responses set forth in the preceding paragraphs of this Reply.

31.   Denies each and every allegation in paragraph 31, and refers all questions of law

to the Court.

32. Denies each and every allegation in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Denies each and every allegation in paragraph 34, except admits that Moscow performed legal services in the Sahni arbitration that were reasonably proportionate to the promised share in the attorneys' fee award, and is entitled to 100% of the amount set forth in the fee agreement.

35. Denies each and every allegations in paragraph 35, and refers all questions of law to the Court.

### AFFIRMATIVE DEFENSES

36. Defendants fail to state a claim upon which relief can be granted.

37. Defendants waived their rights to attorneys' fees by, inter alia, abandoning the Sahni clients, their case, and Ajamie.


Dated: New York, New York
       August 23, 2007

                                Respectfully submitted,

                                BELDOCK, LEVINE & HOFFMAN LLP

                                _____
                                Robert L. Herbst (RLH8851)
                                Sofia Yakren (SY4874)
                                Attorneys for Plaintiff