UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRUDENTIAL EQUITY GROUP, LLC,

        Plaintiff,

v.

THOMAS R. AJAMIE, AJAMIE, LLP, ROBERT WEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, BRIAN ROSNER, ROSNER NAPIERALA LLP, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, and ABC CORPORATIONS 1-25,

        Defendants.

07-CV-5606 (JSR)

ECF

**ANSWER OF BRIAN ROSNER, ESQ. AND ROSNER & NAPIERALA, LLP TO CROSS-CLAIMS OF THE AJAMIE DEFENDANTS AND SHOWMAN**

---

Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP (collectively, "R&N"), by and through their undersigned counsel, for their Answer to the Cross-Claims of Defendants Thomas R. Ajamie, Ajamie, LLP and Wallace Showman (collectively, "Cross-Claimants"), state as follows:

## AS TO CROSS-CLAIMS

55. R&N admit that the referenced Cross-Claims have been filed but deny any liability to the Cross-Claimants with respect to same.

56. R&N admit the allegations contained in paragraph 56 of the Cross-Claims.

## **FACTUAL BACKGROUND**

57.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 57 of the Factual Background, and therefore neither admit nor deny same.

58.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 58 of the Factual Background, and therefore neither admit nor deny same.

59.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 59 of the Factual Background, and therefore neither admit nor deny same.

60.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 60 of the Factual Background, and therefore neither admit nor deny same.

61.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 61 of the Factual Background, and therefore neither admit nor deny same.

62.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 62 of the Factual Background, and therefore neither admit nor deny same.

63.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegations contained in paragraph 63 of the Factual Background, and therefore neither admit nor deny same.

64. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 64 of the Factual Background, and therefore neither admit nor deny same.

65. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 65 of the Factual Background, and therefore neither admit nor deny same.

66. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 66 of the Factual Background, and therefore neither admit nor deny same.

67. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 67 of the Factual Background, and therefore neither admit nor deny same, except to admit/assert that: a) Ajamie, LLP, by and through Thomas R. Ajamie, requested that Rosner, Moscow & Napierala, LLP (now known as Rosner & Napierala, LLP) act as co-counsel with Ajamie, LLP; and b) Defendant John Moscow rendered services in the Sahni Arbitration in his capacity as a non-equity partner of Rosner, Moscow & Napierala, LLP (now known as Rosner & Napierala, LLP).

68. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 68 of the Factual Background, and therefore neither admit nor deny same, except to admit/assert that the referenced proceedings were lengthy and complex, that there were numerous hearing sessions and witnesses and that Rosner, Moscow & Napierala, LLP (now known as Rosner & Napierala, LLP) rendered substantial legal services in the Sahni Arbitration, by and through Moscow and others, which were a substantial factor in causing the Arbitration Award to be made.

69. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 69 of the Factual Background, and therefore neither admit nor deny same, except to deny that the Cross-Claimants advanced all the expenses associated with the Arbitration and to assert that Rosner Moscow & Napierala, LLP (now known as Rosner & Napierala, LLP) advanced a substantial amount of expenses in connection with services rendered in the Arbitration by Rosner Moscow & Napierala, LLP (now known as Rosner & Napierala, LLP).

70. R&N deny the allegations contained in paragraph 70 of the Factual Background as stated, except to admit that: repeated requests were made to Ajamie, LLP during 2005 and 2006 to provide RM&N with a written fee-sharing agreement; when it appeared that Ajamie LLP would not provide RM&N with a written fee-sharing agreement, Ajamie and others were requested, at one point in time, to use Ajamie's New York office, rather than the firm's office, and Rosner encouraged Moscow to reduce the amount of time he spent working on the Sahni matter; notwithstanding the same, Moscow continued to provide substantial services in his capacity as an attorney of the firm; and once the firm received from Ajamie, LLP a written fee-sharing agreement, Moscow, with Rosner's knowledge and permission, and in Moscow's capacity as an attorney with the firm, continued working on the Sahni matter up until the time that he left the firm in December 2006.

71. R&N admit the allegations contained in paragraph 71 of the Factual Background.

72. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 72 of the Factual Background, and therefore neither admit nor deny same.

73.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 73 of the Factual Background, and therefore neither admit nor deny same.

74.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 74 of the Factual Background, and therefore neither admit nor deny same.

75.  R&N admit the allegations contained in paragraph 75 of the Factual Background.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
#### (By the Ajamie Defendants Against the Weiss Defendants)

76.  R&N restate and incorporate herein their answers to the allegations contained in paragraphs 55 through 75 of the Cross-Claims as if fully set forth herein.

77.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 77 of the First Cause of Action, and therefore neither admit nor deny same.

78.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 78 of the First Cause of Action, and therefore neither admit nor deny same, except to admit/assert that Rosner, Moscow & Napierala, LLP (now known as Rosner & Napierala, LLP) was retained to render services in the Sahni Arbitration and did in fact render substantial and significant services.

79.  R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 of the First Cause of Action, and therefore neither admit nor deny same, except to deny that the Cross-Claimants are entitled to such portion

of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its Fee Agreement with Ajamie, LLP.

80. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 80 of the First Cause of Action, and therefore neither admit nor deny same.

## SECOND CAUSE OF ACTION
## COMMON LAW FRAUD
### (By the Ajamie Defendants Against the Weiss Defendants)

81. R&N restate and incorporate herein their answers to the allegations contained in paragraphs 55 through 80 of the Cross-Claims as if fully set forth herein.

82. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 82 of the Second Cause of Action, and therefore neither admit nor deny same.

83. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 83 of the Second Cause of Action, and therefore neither admit nor deny same.

84. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 84 of the Second Cause of Action, and therefore neither admit nor deny same.

85. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 85 of the Second Cause of Action, and therefore neither admit nor deny same, except to deny that the Cross-Claimants are entitled to such portion of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its Fee Agreement with Ajamie, LLP.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT
**(By the Defendants Against the Weiss Defendants)**

86. R&N restate and incorporate herein their answers to the allegations contained in paragraphs 55 through 85 of the Cross-Claims as if fully set forth herein.

87. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 87 of the Third Cause of Action, and therefore neither admit nor deny same, except to deny that the Cross-Claimants solely performed the work that resulted in Arbitration Award and to assert that Rosner & Napierala, LLP rendered substantial services, which were a significant factor in causing the Arbitration Award to be made.

88. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 88 of the Third Cause of Action, and therefore neither admit nor deny same.

89. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 89 of the Third Cause of Action, and therefore neither admit nor deny same, except to deny that the Weiss Defendants are entitled to all of the attorney's fees associated with the Arbitration Award and to admit/assert that Rosner & Napierala, LLP is entitled to an award of attorney's fees pursuant to its Fee Agreement with Ajamie, LLP.

## FOURTH CAUSE OF ACTION
## QUANTUM MERUIT
**(By Defendants Against All Cross-Claim Defendants)**

90. R&N restate and incorporate herein their answers to the allegations contained in paragraphs 55 through 89 of the Cross-Claims as if fully set forth herein.

91. R&N deny the allegations contained in paragraph 91, as stated, except to admit that Ajamie, LLP performed certain services in connection with the Sahni Arbitration.

92. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 92 of the Fourth Cause of Action, and therefore neither admit nor deny same.

93. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 93 of the Fourth Cause of Action, and therefore neither admit nor deny same, except to deny that the Cross-Claimants are entitled to such portion of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its Fee Agreement with Ajamie, LLP.

## FIFTH CAUSE OF ACTION
### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
(By Defendants Against All Cross-Claim Defendants)

94. R&N restate and incorporate herein their answers to the allegations contained in paragraphs 55 through 93 of the Cross-Claims as if full set forth herein.

95. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 95 of the Fifth Cause of Action, and therefore neither admit nor deny same, except to deny that the Cross-Claimants are entitled to such portion of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its Fee Agreement with Ajamie, LLP.

96. R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 96 of the Fifth Cause of Action, and therefore neither admit nor deny same, except to deny that the Cross-Claimants are entitled to such portion

of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its Fee Agreement with Ajamie, LLP.

WHEREFORE, Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP demand judgment dismissing the Cross-Claims of Defendants Thomas R. Ajamie, Ajamie, LLP and Wallace Showman, to the extent said Cross-Claims seek such relief against Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP that would operate to diminish the amount due to Rosner & Napierala, LLP per its Fee Agreement with Ajamie, LLP.

Dated: August 23, 2007
      Chatham, New Jersey

FINESTEIN & MALLOY, L.L.C.

/s/ *Michael D. Malloy*
Michael D. Malloy (MM 5196)
26 Main Street
Chatham, New Jersey 07928
Telephone: (973) 635-4500
Facsimile:  (973) 635-4543
Attorneys for Defendants,
Brian Rosner, Esq. and Rosner & Napierala, LLP