UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDENTIAL EQUITY GROUP, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS R. AJAMIE, AJAMIE LLP, ROBERTWEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, BRIAN ROSNER, ROSNER NAPIERALA LLP, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, and ABC CORPORATIONS 1-25,<br><br>    Defendants. | Case No. 07-CV-5606 (JSR)<br><br>ECF<br><br>**ANSWER OF BRIAN ROSNER, ESQ. AND ROSNER & NAPIERALA, LLP TO CROSS-CLAIMS OF JOHN <u>MOSCOW</u>** |

  Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP, by and through their undersigned counsel, for their Answer to the Cross-Claims of John Moscow, state as follows:

### <u>CROSS-CLAIMS</u>

  4. Brian Rosner, Esq. and Rosner & Napierala, LLP (collectively, "R&N") deny each and every allegation contained in paragraph 4 of the Cross-Claims, except admit that, under 28 U.S.C. § 1335, the Court has original subject-matter jurisdiction over those of Moscow's Cross-Claims that relate to the interpleaded funds, and deny that the Court has ancillary or supplementary subject-matter jurisdiction over the remainder of Moscow's Cross-Claims, namely, those set forth in paragraphs 18 through 20 of his Answer and Cross-Claims.

5. R&N deny each and every allegation contained in paragraph 5 of the Cross-Claims, except admit that between January 2005 and December 2006, Moscow was a non-equity partner with Rosner Moscow & Napierala, LLP ("RM&N").

6. R&N deny each and every allegation contained in paragraph 6 of the Cross-Claims, except admit that: RM&N was retained to represent the Sahni family and Sahni family trusts ("Sahni") in a New York Stock Exchange securities arbitration; Sahni agreed to pay Ajamie, LLP on a contingency-fee basis; Ajamie and RM&N negotiated a fee-sharing agreement; and that the following sets forth the full text of the fee-sharing agreement, which was dated March 1, 2006 and addressed to "Brian Rosner, Rosner Moscow & Napierala, LLP":

> My understanding of the agreement between Ajamie LLP and Rosner, Moscow & Napierala, LLP is as follows: should there be a recovery, one-third of the recovery will be applied to counsel's fees including out-of-pocket costs. Of this one-third, out-of-pocket costs will be reimbursed first. Of any remaining amounts, RMNLLP will receive 10% of the first $1,000,000, 15% of the second $1,000,000, and 25% of any amount above $2,000,000.
>
> Having agreed to this, if you do not believe that this agreement will fairly compensate your law firm for its work, I am willing to amend the agreement to address your concerns. I value your work on this matter, and want to make sure that your firm is compensated fairly.

R&N also assert that when Rosner discussed with Moscow whether it would be necessary for the *firm* to file a lien to insure payment under the fee-sharing agreement, Moscow said that it was not necessary because Ajamie, LLP would honor the agreement and pay the *firm* those amounts to which the *firm* was entitled under the agreement.

7. R&N deny each and every allegation contained in paragraph 7 of the Cross-Claims as stated, except admit that: while Moscow was the primary RM&N attorney to work on the Sahni matter, he was not the only firm attorney or paralegal to do so; Moscow played a critical role in the Sahni arbitration and devoted a substantial amount of time to the

representation of Sahni; and that Rosner was concerned about the firm's continued work on the Sahni matter when, nearly a year after RM&N's representation commenced, the firm still did not have a written fee-sharing agreement with Ajamie, LLP, despite repeated requests to be furnished with one.

8.  R&N deny each and every allegation contained in paragraph 8 of the Cross-Claims, except admit that Rosner was the managing and sole equity partner of RM&N, and that, in October 2005, when the firm did not yet have a written fee-sharing agreement with Ajamie, LLP, Rosner sent a letter to Thomas Ajamie in which he stated that: due to Thomas Ajamie's failure to attend four pre-established hearing dates, Moscow was required to take over primary responsibility for the matter during those hearing dates and devote significant time to the representation of Sahni; the scope of the firm's representation had far exceeded the originally-agreed upon scope; and that, in the future: the firm expected to play a more limited role in Sahni's representation; the firm's offices would be made freely available for the use of counsel and clients; and that Moscow would continue to advise on discrete matters on an as-needed basis. Notwithstanding the foregoing, the firm, by and through Moscow, continued to provide substantial services in the Sahni matter.

9.  R&N deny each and every allegation contained in paragraph 9 of the Cross-Claims, except admit that, in the absence of a written fee-sharing agreement with Ajamie, LLP, Rosner encouraged Moscow to reduce the amount of time he spent working on the Sahni matter, that, notwithstanding the same, Moscow continued to provide substantial services in his capacity as an attorney of the firm, and that once the firm received from Ajamie, LLP a written fee-sharing agreement, Moscow, with Rosner's knowledge and permission, and in Moscow's

capacity as an attorney with the firm, continued working on the Sahni matter up until the time that he left the firm in December 2006.

10.     R&N deny each and every allegation contained in paragraph 10 of the Cross-Claims, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Moscow used his personal email and cellular phone to communicate with Ajamie, and admit that: in the absence of a written fee-sharing agreement with Ajamie, LLP, Rosner encouraged Moscow and the firm's other attorneys and staff to reduce the amount of time they spent working on the Sahni matter; notwithstanding the same, Moscow continued to provide substantial services in his capacity as an attorney of the firm, and that once the firm received from Ajamie, LLP a written fee-sharing agreement, Moscow, with Rosner's knowledge and permission, and in Moscow's capacity as an attorney with the firm, continued working on the Sahni matter up until the time that he left the firm in December 2006; Rosner reviewed some facsimiles and took some telephone calls in connection with the Sahni matter to remain informed about expenses being incurred by the firm and work being done in the firm's name in connection with the Sahni matter; and that Moscow made extensive use of the firm's email, computers, copy machines, facsimile machine and staff throughout the duration of his work on the Sahni matter.

11.     R&N deny each and every allegation contained in paragraph 11 of the Cross-Claims as stated, except admit that repeated requests were made to Ajamie, LLP during 2005 and 2006 to provide RM&N with a written fee-sharing agreement, and that when it appeared that Ajamie LLP would not provide RM&N with a written fee-sharing agreement, Ajamie and others were requested, at one point in time, to use Ajamie's New York office, rather than the firm's office.

12. R&N deny each and every allegation contained in paragraph 12 of the Cross-Claims.

13. R&N deny each and every allegation contained in paragraph 13 of the Cross-Claims.

14. R&N deny each and every allegation contained in paragraph 14 of the Cross-Claims.

15. R&N deny each and every allegation contained in paragraph 15 of the Cross-Claims, except admit that Moscow, as a RM&N attorney, performed valuable services by representing Sahni in the arbitration.

16. R&N deny each and every allegation contained in paragraph 16 of the Cross-Claims, and respectfully refer to the Court all questions of law raised therein.

17. R&N deny each and every allegation contained in paragraph 17 of the Cross-Claims, and respectfully refer to the Court all questions of law raised therein.

18. R&N deny each and every allegation contained in paragraph 18 of the Cross-Claims, except admit that since his departure from the firm, Moscow has not been provided with access to its books and records or a formal accounting, but deny that he is entitled to the same.

19. R&N deny each and every allegation contained in paragraph 19 of the Cross-Claims, and respectfully refer to the Court all questions of law raised therein.

20. R&N deny each and every allegation contained in paragraph 20 of the Cross-Claims, and respectfully refer to the Court all questions of law raised therein.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks original subject-matter jurisdiction over the claims asserted by Moscow in paragraphs 18 through 20 of his Cross-Claims.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject-matter jurisdiction, under 28 U.S.C. § 1335, over Moscow's claims set forth in paragraphs 18 through 20 of his Cross-Claims because these claims do not pertain to the Disputed Fund and are not interrelated with the claims asserted in this interpleader action.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks ancillary or supplemental subject-matter jurisdiction, under 28 U.S.C. § 1367, over Moscow's claims set forth in paragraphs 18 through 20 of his Cross-Claims because these claims do not arise out of the same case or controversy giving rise to the Defendants' claims to the interpleaded funds.

## FOURTH AFFIRMATIVE DEFENSE

This Court should decline to exercise ancillary or supplemental subject-matter jurisdiction, under 28 U.S.C. § 1367, over Moscow's claims set forth in paragraphs 18 through 20 of his Cross-Claims because these claims do not relate to the Disputed Fund, do not arise out of the common nucleus of operative facts that form the basis for the other claims asserted in this action, and are not sufficiently related to the other claims to warrant that they be tried together.

## FIFTH AFFIRMATIVE DEFENSE

Moscow's claims set forth in paragraphs 18 through 20 of his Cross-Claims are not germane to this action, do not arise out of the same transactions or occurrences underlying the Defendants' claims to the Disputed Fund, and are not proper cross-claims under Federal Rule of Civil Procedure 13(g).

## SIXTH AFFIRMATIVE DEFENSE

Moscow's Cross-Claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Moscow is precluded from recovery on his Cross-Claims by virtue of a lack of good faith and fair dealing.

## **EIGHTH AFFIRMATIVE DEFENSE**

Moscow's Cross-Claims are barred by the doctrine of unclean hands.

WHEREFORE, Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP demand judgment dismissing the Cross-Claims of Defendant John Moscow.

Dated: August 23, 2007
       Chatham, New Jersey

                                    FINESTEIN & MALLOY, L.L.C.

                                    /s/ *Michael D. Malloy*
                                    Michael D. Malloy (MM 5196)
                                    26 Main Street
                                    Chatham, New Jersey 07928
                                    Telephone: (973) 635-4500
                                    Facsimile: (973) 635-4543
                                    Attorneys for Rosner & Napierala, LLP