UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRUDENTIAL EQUITY GROUP, LLC,

                Plaintiff,

        v.

THOMAS R. AJAMIE, AJAMIE LLP,
ROBERTWEISS, ROBERT H. WEISS &
ASSOCIATES, LLP, JOHN MOSCOW,
BRIAN ROSNER,ROSNER NAPIERALA
LLP, DAVID  ROBBINS, KAUFMANN
FEINDER YAMIN GILDIN & ROBBINS,
LLP, WALLACE SHOWMAN, BERNSTEIN
LITOWITZ BERGER & GROSSMANN LLP,
ROBERT KRAUS, KRAUS &
ZUCHLEWSKI LLP, MARTIN KROLL,
KROLL, MOSS & KROLL LLP, JOHN
DOES 1-25, and ABC CORPORATIONS 1-
25,

                Defendants.

Case No. 07-CV-5606 (JSR)

**ECF**

**ANSWER OF BRIAN ROSNER, ESQ.
AND ROSNER & NAPIERALA, LLP
TO THE CROSS-CLAIMS OF
ROBERT WEISS AND ROBERT H.
WEISS & ASSOCIATES**

      Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP, by and through their

undersigned counsel, for their Answer to the Cross-Claims of Robert Weiss and Robert H. Weiss

& Associates (collectively, "Weiss"), state as follows:

## FACTS

      54.    Brian Rosner, Esq. and Rosner & Napierala, LLP (collectively, "R&N") deny

knowledge or information sufficient to form a belief as to the truth of each and every allegation

contained in paragraph 54 of the Cross-Claims, except admit that members of the Sahni family

and the Sahni family trusts ("Sahni") sustained losses of approximately $21 million in

connection with brokerage accounts they maintained with Prudential Equity Group, LLC ("PEG").

55.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 55 of the Cross-Claims, except admit that Sahni's claims against PEG were ultimately submitted to, and resolved through, arbitration.

56.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 56 of the Cross-Claims, except admit that Sahni previously retained the Kroll Firm.

57.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 57 of the Cross-Claims, except admit that the Kroll Firm received a settlement offer of approximately $225,000, which the Kroll Firm communicated to Sahni.

58.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 58 of the Cross-Claims, except admit that Sahni terminated Kroll.

59.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 59 of the Cross-Claims, except admit that Sahni retained Weiss, and respectfully refer this Court to the written retainer agreement referenced in paragraph 59 of the Cross-Claims for its content thereof.

60.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 60 of the Cross-Claims, except admit that a NASD complaint was filed on behalf of Sahni.

61.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 61 of the Cross-Claims.

62.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 62 of the Cross-Claims, except admit that Ajamie, LLP ("Ajamie, LLP") was retained as counsel to assist in the pending Sahni arbitration, and assert that Ajamie, LLP informed Sahni that it would retain additional counsel to assist in the arbitration, Sahni consented to being represented in the arbitration by Rosner Moscow & Napierala, LLP ("RM&N"), now known as Rosner & Napierala, LLP, and Sahni consented to RM&N, now known as Rosner & Napierala, LLP, receiving a portion of the attorneys' fee award made in connection with that arbitration.

63.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 63 of the Cross-Claims, except admit that Sahni authorized Weiss to retained Ajamie, LLP as co-counsel.

64.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 64 of the Cross-Claims, and respectfully refer this Court to the fee-sharing agreement referenced in paragraph 64 of the Cross-Claims for its content thereof.

65.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 65 of the Cross-Claims, and respectfully refer this Court to the Amended Fee Agreement referenced in paragraph 65 of the Cross-Claims for its content thereof.

66.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 66 of the Cross-Claims, except assert that

Ajamie, LLP informed Sahni that it would retain additional counsel to assist in the arbitration, Sahni consented to being represented in the arbitration by RM&N, now known as Rosner & Napierala, LLP, and Sahni consented to RM&N, now known as Rosner & Napierala, LLP, receiving a portion of the attorneys' fee award made in connection with that arbitration.

67.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 67 of the Cross-Claims.

68.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 68 of the Cross-Claims.

69.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 69 of the Cross-Claims, except admit that Weiss served a charging lien on PEG relating to its claim for legal fees in the Sahni matter.

70.     R&N deny each and every allegation contained in paragraph 70 of the Cross-Claims, except admit that: in the spring of 2005, Ajamie, LLP retained RM&N, now known as Rosner & Napierala, LLP, to act as co-counsel in the arbitration; Ajamie, LLP informed Sahni that it would retain additional counsel to assist in the arbitration; Sahni consented to being represented by RM&N, now known as Rosner & Napierala, LLP, in the arbitration; and Sahni consented to RM&N, now known as Rosner & Napierala, LLP, receiving a portion of the attorneys' fee award made in connection with that arbitration.

71.     R&N admit each and every allegation contained in paragraph 71 of the Cross-Claims.

72.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 72 of the Cross-Claims, except admit that

Kraus represented Sahni in petitioning the New York Supreme Court to confirm the arbitration award.

73.    R&N admit each and every allegation contained in paragraph 73 of the Cross-Claims.

74.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 74 of the Cross-Claims, except admit that the Texas Court dismissed the action against Weiss, and respectfully refer to the Court all questions of law raised therein.

75.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 75 of the Cross-Claims, except admit that: work on the Sahni matter was performed by counsel other than Weiss; Sahni consented to Ajamie, LLP retaining RM&N, now known as Rosner & Napierala, LLP, to represent Sahni in the arbitration; and Sahni consented to RM&N, now known as Rosner & Napierala, LLP, receiving a portion of the attorneys' fee award made in connection with that arbitration.

## FIRST CROSS-CLAIM

76.    R&N repeat and reallege the responses to paragraphs 1 through 75 of the Cross-Claims as if fully set forth herein.

77.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 77 of the Cross-Claims, as these allegations are directed toward Ajamie.

78.    R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 78 of the Cross-Claims, as these allegations are directed to Ajamie, except deny each and every allegation contained in paragraph 78 that Weiss

is entitled to such portion of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its fee agreement with Ajamie, LLP, and respectfully refer to the Court all questions of law raised therein.

## SECOND CROSS-CLAIM

79.     R&N repeat and reallege the responses to paragraphs 1 through 78 of the Cross-Claims as if fully set forth herein.

80.     R&N admit each and every allegation contained in paragraph 80 of the Cross-Claims.

81.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 81 of the Cross-Claims.

82.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 82 of the Cross-Claims, as these allegations are directed toward Defendant Ajamie, and respectfully refer to the Court all questions of law raised therein.

83.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 83 of the Cross-Claims, except deny each and every allegation contained in paragraph 83 that Weiss is entitled to such portion of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its fee agreement with Ajamie, LLP, and respectfully refer to the Court all questions of law raised therein.

## THIRD CROSS-CLAIM

84.     R&N repeat and reallege the responses to paragraphs 1 through 83 of the Cross-Claims as if fully set forth herein.

85.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 85 of the Cross-Claims, as these allegations are directed toward Defendant Ajamie.

86.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 86 of the Cross-Claims, as these allegations are directed toward Defendant Ajamie.

87.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 87 of the Cross-Claims, as these allegations are directed toward Defendant Ajamie, and respectfully refer to the Court all questions of law raised therein.

88.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 88 of the Cross-Claims, as these allegations are directed toward Defendant Ajamie, and respectfully refer to the Court all questions of law raised therein.

89.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 89 of the Cross-Claims, as these allegations are directed toward Defendant Ajamie, except deny each and every allegation contained in paragraph 89 that Weiss is entitled to such portion of the Disputed Fund as would operate to diminish the amount due to Rosner & Napierala, LLP per its fee agreement with Ajamie, LLP, and respectfully refer to the Court all questions of law raised therein.

## FOURTH CROSS-CLAIM

90.     R&N repeat and reallege the responses to paragraphs 1 through 89 of the Cross-Claims as if fully set forth herein.

91.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 91 of the Cross-Claims, except deny that Weiss' retainer is the only enforceable agreement for the payment of a contingent fee, and assert that the fee-sharing agreement between RM&N, now known as Rosner & Napierala, LLP, and Ajamie, LLP is enforceable, and respectfully refer to the Court all questions of law raised therein.

92.     R&N deny each and every allegation contained in paragraph 92 of the Cross-Claims, and assert that, under New York law (DR 2-107), a fee-sharing agreement permitting a firm to share in a contingency fee award is *not* required to be in writing to be enforceable, and respectfully refer to the Court all questions of law raised therein.

93.     R&N deny each and every allegation contained in paragraph 93 of the Cross-Claims, except deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 93 of the Cross-Claims that Weiss is the only defendant who executed an enforceable retainer agreement with Sahni, and assert that RM&N, now known as Rosner & Napierala, LLP, has an enforceable fee-sharing agreement with Ajamie, LLP, and respectfully refer to the Court all questions of law raised therein.

## AFFIRMATIVE DEFENSES

94.     R&N repeat and reallege the responses to paragraphs 1 through 93 of the Cross-Claims as if fully set forth herein.

95.     R&N deny each and every allegation contained in paragraph 95 of the Cross-Claims, except admit that RM&N, now known as Rosner & Napierala, LLP, entered into an enforceable fee-sharing agreement with Ajamie, LLP.

96.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 96 of the Cross-Claims.

97.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 97 of the Cross-Claims, except deny, as to R&N, that Weiss' authorization was required and assert that: Sahni consented to being represented by RM&N, now known as Rosner & Napierala, LLP, in the arbitration; Sahni consented to RM&N, now known as Rosner & Napierala, LLP, receiving a portion of the attorneys' fee award made in the arbitration; and the fee-sharing agreement between RM&N and Ajamie, LLP is enforceable.

98.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 98 of the Cross-Claims, except deny that, under New York law (DR 2-107), a fee-sharing agreement permitting a firm to share in a contingency fee award must be in writing to be enforceable, and assert that the fee-sharing agreement between RM&N and Ajamie, LLP is enforceable.

99.     R&N deny each and every allegation contained in paragraph 99 of the Cross-Claims, and respectfully refer to the Court all questions of law raised therein.

100.     R&N deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 100 of the Cross-Claims, except admit/assert that Rosner & Napierala, LLP is entitled to be paid the full amount of legal fees due to it under the fee-sharing agreement between RM&N and Ajamie, LLP, that the Disputed Fund is available to R&N for this purpose, and respectfully refer to the Court all questions of law raised therein.

101.     R&N deny each and every allegation contained in paragraph 101 of the Cross-Claims, and respectfully refer to the Court all questions of law raised therein.

WHEREFORE, Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP demand judgment dismissing the Cross-Claims of Defendants to the extent that said Cross-Claims seek such relief against Defendants Brian Rosner, Esq. and Rosner & Napierala, LLP as would operate to diminish the amount due to Rosner & Napierala, LLP per Rosner Moscow & Napierala, LLP's Fee Agreement with Ajamie, LLP.

Dated:  August 27, 2007
      Chatham, New Jersey

                    FINESTEIN & MALLOY, L.L.C.


                    /s/ *Michael D. Malloy*
                    Michael D. Malloy (MM 5196)
                    26 Main Street
                    Chatham, New Jersey 07928
                    Telephone:  (973) 635-4500
                    Facsimile:   (973) 635-4543
                    Attorneys for Brian Rosner, Esq.
                    and Rosner & Napierala, LLP