UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDENTIAL EQUITY GROUP, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>THOMAS R. AJAMIE, AJAMIE LLP, ROBERTWEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, BRIAN ROSNER, ROSNER NAPIERALA LLP, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, and ABC CORPORATIONS 1-25,<br><br>               Defendants. | Case No. 07-CV-5606 (JSR)<br><br>ECF<br><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CERTAIN CROSS-CLAIMS OF JOHN MOSCOW |

       Brian Rosner ("Rosner") and Rosner & Napierala, LLP ("R&N"), interpleader and cross-claim defendants, move, under Federal Rules of Civil Procedure 12(b)(1), to dismiss certain claims of interpleader defendant John Moscow ("Moscow") against Rosner and R&N that are contained in the "Cross-Claims Against Defendants-In-Interpleader" filed August 3, 2007 ("Moscow Cross-Claims") that do not qualify as cross-claims under FRCP 13(g) and/or as to which this Court lacks subject matter jurisdiction.

## FACTUAL BACKGROUND

       This action involves a single, ultimate issue at this point in time: how the monies interpleaded by the plaintiff ("Disputed Fund") should be apportioned between and among multiple law firms and lawyers, who claim they performed legal work that led to a large

arbitration award in proceedings brought on behalf of the Sahni family and Sahni family trusts ("Sahni Matter"). In the Moscow Cross-Claims, Moscow asserts cross-claims against Rosner, R&N and all of the other interpleader defendants, arguing that he is entitled to 100% of the amount due (the "Stipulated Amount") under a fee-sharing agreement between Rosner Moscow & Napierala, LLP ("RMN"; now known as R&N") and Ajamie, LLP.[1] These claims, which we shall denominate as Moscow's "Interpleader Claims", memorialize his direct claims against the Disputed Fund, wherein he asserts that it is he, and not R&N, that should be paid the Stipulated Amount out of the Disputed Fund.

In addition to his Interpleader Claims, however, Moscow also asserts other unrelated claims against Rosner and R&N that arise out of his prior affiliation with RMN. Specifically, Moscow claims that he is entitled 50% of all client revenues he generated at RMN (which claim involves clients and matters unrelated to the Sahni Matter), access to the law firm's books and records, and an accounting.[2] These claims are denominated hereinafter as Moscow's "RMN Partnership Claims."

As discussed in greater detail below, Moscow's RMN Partnership Claims should be dismissed because: 1) they do not qualify as cross-claims under Federal Rule of Civil Procedure 13(g); 2) they do not fall within the Court's original subject-matter jurisdiction; 3) they do not fall within the Court's supplemental jurisdiction; and 4) even assuming arguendo that they fell within the Court's supplemental jurisdiction, the Court should decline to exercise supplemental jurisdiction because the RMN Partnership Claims will substantially predominate over the other claims asserted in this action.

---

[1] Answer to Complaint for Interpleader and Cross-Claims ¶¶ 4-17.
[2] Answer to Complaint for Interpleader and Cross-Claims ¶¶ 18-20.

**ARGUMENT**

I.  **THE COURT SHOULD DISMISS MOSCOW'S RMN PARTNERSHIP CLAIMS BECAUSE THEY DO NOT QUALIFY AS CROSS-CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 13 (g).**

The Court should dismiss Moscow's RMN Partnership Claims because they do not qualify as "cross-claims" under Federal Rule of Civil Procedure 13(g).[3] The Rule requires that, in order for a claim to be asserted as a cross-claim, it must either: a) arise out of the same "transaction or occurrence" that is the subject matter of the underlying action; or b) relate to the "property" that is the subject matter of the underlying action.[4] The RMN Partnership Claims meet neither requirement.

A.  **THE RMN PARTNERSHIP CLAIMS DO NOT SATISFY RULE 13(g)'s "TRANSACTION OR OCCURRENCE" REQUIREMENT.**

The Second Circuit has held that the following criteria may be considered in determining whether Rule 13(g)'s "transaction or occurrence" requirement has been satisfied: 1) an identity of facts between the original claim and the cross-claim; 2) the logical relationship between the

---

[3] In order for there to be supplemental jurisdiction over cross-claims asserted in an interpleader action, such claims must first satisfy the requirements of Federal Rule of Civil Procedure 13(g). *See generally* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1715 ("Normally, the addition of a cross-claim will not pose any difficulties or unduly complicate the action because Rule 13(g) requires the claim to arise out of the transaction or occurrence or relate to the property that is the subject matter of the original interpleader action.  Because of that relationship, the cross claim may be brought under the court's supplemental subject-matter jurisdiction. *If the claim does not meet the Rule 13(g) transaction requirements, then jurisdiction will also not lie*.") (internal citations omitted) (emphasis added). *See generally* 44B Am Jur. 2d. *Interpleader* § 27 ("Supplemental jurisdiction does not exist where the supplemental and interpleader claims lack sufficient congruity, with respect to both the property involved and the transactions from which they arose.  A court may decline to exercise supplemental jurisdiction over a cross-claim in a statutory interpleader action where no federal policy of economy will be served by the court retaining jurisdiction.") (internal citations omitted); 44B Am Jur. 2d. *Interpleader* § 57 ("A cross-claim is not within the ancillary jurisdiction of a federal court if it does not arise out of the occurrence that led the plaintiff to file the interpleader action").

[4] Fed.R.Civ.P. 13(g) ("A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action … or relating to any property that is the subject matter of the original action.").

original claim and the cross-claim; and 3) the mutuality of proof in establishing the original claim and the cross-claim.[5] Moscow's RMN Partnership Claims do not satisfy these criteria.

With respect to the first and second criteria, there is neither an identity of facts nor a logical relationship between the claims asserted in the underlying interpleader action and the RMN Partnership Claims. The claims asserted in this interpleader action by all parties (including Moscow, with respect to his Interpleader Claims) all relate to the Disputed Fund that emerged from the Sahni Matter and fee sharing agreements between various law firms. By contrast, the RMN Partnership Claims relate only to a dispute between Moscow and Rosner/R&N that implicates alleged partnership obligations, agreements as to his compensation, access to books and records and other matters having nothing to do with the Disputed Fund or the other parties' claims to it.

With respect to the third criteria, there is no mutuality in the proofs that will be required to resolve, on the one hand, the claims asserted in the underlying interpleader action, and, on the other hand, Moscow's RMN Partnership Claims. To resolve the claims asserted in the interpleader action, the Court will likely need to consider the retainer agreements and understandings between the various law firms and possibly, the quantum of work actually performed by the competing firms. These proofs are irrelevant to the RMN Partnership Claims.

For all of the foregoing reasons, Moscow's RMN Partnership Claims simply cannot be said to arise out of the same "transaction or occurrence" as the underlying claims asserted in the interpleader action.

---

[5] *Federman v. Empire Fire and Marine Ins. Co.*, 597 F.2d 798, 812 (2d Cir. 1979) (applying these factors to determine whether the "transaction or occurrence" standard under Rule 13(a) for a compulsory counterclaim had been satisfied); *see also U.S. v. West Productions, Ltd.*, No. 95-Civ-1425, 1997 WL 668210, at *2 (S.D.N.Y. Oct. 27, 1997) (applying these factors to determine whether the "transaction or occurrence" standard under Rule 13(g) for cross-claims had been satisfied).

**B.     MOSCOW'S RMN PARTNERSHIP CLAIMS DO NOT SATISFY RULE 13(g)'s "PROPERTY" REQUIREMENT**

By way of his Interpleader Claims, Moscow argues that he is entitled to 100% of R&N's share of the attorneys' fee award in the Sahni Matter. By way of the R&N Partnership Claims, Moscow argues that he is entitled to 50% of all client revenues he generated.[6] The amounts claimed by way of the RMN Partnership Claims, therefore, must be additional to the amounts claimed in the Interpleader Claims. Accordingly, the RMN Partnership Claims do not concern the "property" that is that subject of the underlying interpleader action. Consequently, Moscow's RMN Partnership Claims do not satisfy Rule 13(g)'s "property" requirement.

**II.     THE COURT SHOULD DISMISS MOSCOW'S RMN PARTNERSHIP CLAIMS BECAUSE THE COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION OVER THEM**

The Court should dismiss Moscow's RMN Partnership Claims because the Court does not have federal-question or diversity jurisdiction over them: they are entirely state-law claims, asserted by a citizen of the State of New York, Moscow against: a) another citizen of the State of New York, to wit, Rosner; and b) a limited liability partnership organized under the laws of the State of New York, with its principal place of business in the State of New York, to wit, R&N.[7]

**III.    THE COURT SHOULD DISMISS MOSCOW'S RMN PARTNERSHIP CLAIMS BECAUSE THE COURT DOES NOT HAVE SUPPLEMENTAL JURISDICTION OVER THEM**

Moscow's Partnership Claims must also be dismissed because the Court does not have supplemental jurisdiction over them.

To have supplemental jurisdiction over the RMN Partnership Claims, they must be so closely related to the Interpleader Claims that they form part of the same case or controversy

---

[6] Answer to Complaint ¶¶ 18-20.
[7] *See* 28 U.S.C. §§ 1331, 1332.

under Article III.[8] Stated otherwise, the RMN Partnership Claims must, in effect, arise from the same transaction or occurrence or common nucleus of fact that is the subject matter of the Interpleader Claims.[9]

As detailed above, the RMN Partnership Claims involve factual and legal issues that are completely distinct from, and do not overlap with, the factual and legal issues raised in the Interpleader Claims. Likewise, the proofs that must be presented to support the RMN Partnership Claims are, completely distinct from, and do not overlap with, the proofs that must be presented to support the Interpleader Claims.[10]

Moreover, even if the Court determines that it has supplemental jurisdiction over the RMN Partnership Claims, it should decline to exercise such jurisdiction because the RMN Partnership Claims will, for the aforementioned reasons, substantially predominate over the other claims asserted in the underlying action.[11]

---

[8] 28 U.S.C. § 1367.

[9] *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

[10] *See, e.g., Loral Fairchild Corp. v. Matsushita Elect. Indust. Co, Ltd.*, 840 F.Supp. 211, 215 (E.D.N.Y. 1994) (considering the same factors); *See also Travelers Ins. Co. v. First Nat'l Bank of Shreveport* in which the Court clarified that the legal standards under Rule 13(g) and pendent and ancillary jurisdiction are indistinguishable: "It is settled, of course, that ancillary jurisdiction does extend to cross-claims properly asserted under Rule 13(g), including those filed between competing claimants in a Rule 22 interpleader. As we recently cautioned, however, the mere filing of a claim denominated as a cross-claim does not purport to settle the issue of whether the claim is actually ancillary. Such a consequence would be untenable inasmuch as the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction. A claim which satisfies the 'transaction or occurrence' test of Rule 13(g) necessarily must be closely related to the original action. Thus, a proper cross-claim satisfies the requirements of ancillary jurisdiction. It matters not if we ask whether this claim is a proper cross-claim under Rule 13(g) or whether this claim is supported by ancillary jurisdiction. The analysis is substantially the same and our result would be the same." 675 F.2d 633, 638 (5th Cir. 1982) (internal citations omitted).

[11] In the event that the foregoing requested relief is not granted, movants respectfully request leave to amend their original Answer to add additional tort-based cross-claims against John Moscow, Thomas R. Ajamie, and Ajamie, LLP. 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."). In *Bache & Co, Inc. v. Roland*, a pre-28 U.S.C. § 1367 case in which the underlying action was brought under the federal interpleader statute, the Court declined to exercise pendent jurisdiction over the state law claims asserted by a New York citizen against another New York citizen once the interpleader claims had already been resolved, citing considerations of judicial economy, convenience and fairness to litigants. 375 F.Supp. 989, 990-91 (S.D.N.Y. 1974). *See also Burgess v. Omar*, 345 F.Supp.2d 369, 371-72 (S.D.N.Y. 2004); *Semi-Tech Litig. LLC v. Bankers Trust Co.*, 234 F.Supp.2d 297, 299-301 (S.D.N.Y. 2002); *AT&T Corp. v. New York City Health and Hospitals Corp.*, 72 F.Supp.2d 398, 398-401 (S.D.N.Y. 1999).

**CONCLUSION**

For the reasons set forth above, Brian Rosner and Rosner & Napierala, LLP respectfully urge the Court to grant their Motion, dismissing the claims of defendant, John Moscow that are memorialized in paragraphs 17 through 20 of Moscow's "Answer to Complaint for Interpleader and Cross-Claims" filed August 3, 2007 and in the prayer for relief therein, at paragraphs (d) through (f).

Dated: September 6, 2007
       Chatham, New Jersey

FINESTEIN & MALLOY, L.L.C.

/s/ *Michael D. Malloy*
Michael D. Malloy (MM 5196)
26 Main Street
Chatham, New Jersey 07928
Telephone: (973) 635-4500
Facsimile: (973) 635-4543
Attorneys for Brian Rosner, Esq.
and Rosner & Napierala, LLP