Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PRUDENTIAL EQUITY GROUP, LLC,

                Plaintiff,               Case No. 07-cv-5606 (JSR)

     v.

                                          **ECF**

THOMAS R. AJAMIE, et al.,

                Defendants.
-----------------------------------------------------x

# JOHN MOSCOW'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF BRIAN ROSNER AND ROSNER & NAPIERALA, LLP

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    MOSCOW'S PARTNERSHIP CLAIMS ARE PROPER CROSS-CLAIMS
         UNDER F.R.C.P. 18(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II    THE COURT HAS JURISDICTION OVER SET-OFFS. . . . . . . . . . . . . . . . . . 6

    III.   THE COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER
         MOSCOW'S PARTNERSHIP CLAIMS BECAUSE THEY ARE
         SUFFICIENTLY RELATED TO THE INTERPLEADER CLAIMS . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

### CASES

*AT&T Corp. v. New York City Health and Hospitals Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . 10 n.12
72 F. Supp. 2d 398 (S.D.N.Y. 1999),

*Bache & Co., Inc. v. Roland*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 n.13
375 F. Supp. 989 (S.D.N.Y. 1974)

*Bernstein v. Crazy Eddie, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
702 F. Supp. 962 (E.D.N.Y. 1988)

*Burgess v. Omar*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 n.12
345 F. Supp. 2d 369 (S.D.N.Y. 2004)

*Federman v. Empire Fire and Marine Ins. Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 n.5
597 F.2d 798 (2d Cir. 1979)

*First Nat'l Bank of Cincinnati v. Pepper*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6
454 F.2d 626 (2d Cir. 1972)

*Fraser v. Astra Steamship Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
18 F.R.D. 240 (S.D.N.Y. 1955)

*Jones v. Ford Motor Credit Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 n.5, 8, 8 n.9, 9-10 n.10, 11
358 F.3d 205 (2d Cir. 2004).

*Loral Fairchild Corp. v. Matsushita Elect. Indust. Co., Ltd.*, . . . . . . . . . . . . . . . . . . . . . . . 7-8 n.8
840 F. Supp. 211 (E.D.N.Y. 1994)

*Semi-Tech Litigation LLC v. Bankers Trust Company*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 n.12
234 F. Supp. 2d 297 (S.D.N.Y. 2002)

*Travelers Ins. Co. v. First Nat'l Bank of Shreveport*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 n.8
675 F.2d 633 (5th Cir. 1982)

*United Mine Workers v. Gibbs*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 7 n.7, 7 n.8, 11
383 U.S. 715 (1966)

*United States v. West Productions, Ltd.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4, 4 n.4, 5, 6
1997 WL 668210 (S.D.N.Y. Oct. 27, 1997)

**STATUTES**

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 n.6, 8 n.9

28 U.S.C. § 1367(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 10 n.11, 11

**RULES**

F.R.C.P. 13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.C.P. 13(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 n.1, 3, 3 n.2, 4 n.4, 5

F.R.C.P. 18(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 3 n.3, 5, 11

**TREATISE**

Fed. Pract. Proc. § 83 (West 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
PRUDENTIAL EQUITY GROUP, LLC,

             Plaintiff,                    Case No. 07-cv-5606 (JSR)

      v.

                                         **ECF**

THOMAS R. AJAMIE, et al.,

             Defendants.
--------------------------------------------------x

## JOHN MOSCOW'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF BRIAN ROSNER AND ROSNER & NAPIERALA, LLP

       Cross-claimant John Moscow, by his attorneys Beldock Levine & Hoffman, LLP,

respectfully submits this memorandum of law in opposition to the motion of Brian

Rosner and Rosner & Napierala, LLP ("Rosner") to dismiss Moscow's RMN Partnership

Claims.

       The motion to dismiss fails on a number of grounds.  First, Moscow's Partnership

Claims are properly joined to his Interpleader Claims under Federal Rule of Civil

Procedure ("F.R.C.P.") 18(a), whether or not the two sets of claims are related.[1]  Second,

this Court has jurisdiction over the Partnership Claims because they arise from a common

---

[1] For the sake of convenience and simplicity, Moscow adopts Rosner's shorthand reference to Moscow's cross-claims as "Interpleader Claims," which Rosner concedes are proper cross-claims under Federal Rule of Civil Procedure 13(g) and therefore not subject to the motion to dismiss, and "RMN Partnership Claims."  However, as elaborated below, the two types of cross-claims overlap substantially.

nucleus of operative fact with the Interpleader Claims, which are indisputably properly before the Court.

Therefore, this Court has, and should exercise, jurisdiction over all of Moscow's cross-claims, including the Partnership Claims.

## FACTUAL BACKGROUND

The original action in interpleader brought by Prudential Equity Group, LLC invited the co-defendants to make claims of entitlement to the Disputed Fund at issue, which consists of the legal fees owed in aggregate by the Sahni family as a percentage of its arbitration award. By his cross-claims of August 3, 2007, Moscow makes two types of claims for relief against Rosner and Rosner Moscow & Napierala, LLP ("RMN"): (1) one set of claims for that portion of the Disputed Fund that represents up to 100% of the Sahni legal fees allocated pursuant to a fee agreement with Ajamie, i.e. the "Stipulated Amount," or alternatively, such higher amount if fixed by the Court in quantum meruit (the "Interpleader Claims"); and (2) a second set of claims for money owed, but not yet paid, to Moscow for work done by Moscow on behalf of other RMN clients while he was a partner at the firm (the "RMN Partnership Claims").

The Interpleader and Partnership Claims are related to one another in that both allege conduct by Rosner in violation of his partnership obligations to Moscow. They are also related to the Disputed Fund, as Moscow seeks in both to be paid in the first instance out of that portion of the Disputed Fund claimed by Rosner. See Part II infra. In assessing Moscow's entitlement to both the Sahni fee and other client revenues, Moscow asks this Court to apply the partnership agreement with Rosner and to determine whether Rosner violated it by (1) abandoning the Sahni arbitration, the Sahni clients, co-counsel

2

Ajamie, and Moscow; and (2) by failing to pay Moscow his due from other client revenues. Thus, both the Interpleader and Partnership cross-claims arise out of and integrally relate to the professional and partnership relationship between Moscow and Rosner. Additionally, since Moscow alleges entitlement to 50% of the revenues from clients other than Sahni, and since Rosner alleges entitlement to 50% of the Stipulated Amount, both sets of claims may well require the Court to determine the partnership agreement's compensation terms.

**ARGUMENT**

## I.  MOSCOW'S PARTNERSHIP CLAIMS ARE PROPER CROSS-CLAIMS UNDER F.RC.P. 18(a).

As a preliminary matter, Rosner misconstrues Second Circuit law in contending that this Court should dismiss Moscow's RMN Partnership Claims because they do not qualify as cross-claims under F.R.C.P. 13(g).[2] The Second Circuit has held that, "under Rule 18(a), F.R.Civ.P., a party asserting a proper cross-claim within Rule 13(g) may join with it as many independent, unrelated cross-claims as he has against an opposing party . . . ."[3] First Nat'l Bank of Cincinnati v. Pepper, 454 F.2d 626, 635 (2d Cir. 1972) (interpleader action in which court allowed joinder of cross-claim that did not arise out of the transaction or occurrence that was the subject matter of the original interpleader action because two other cross-claims were proper under F.R.C.P. 13(g)); see also United

---

[2] F.R.C.P. 13(g) states: "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action."

[3] F.R.C.P. 18(a) states: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

States v. West Productions, Ltd., 1997 WL 668210 (S.D.N.Y. Oct. 27, 1997) at *2

("Pepper still appears to state the law of this circuit . . . .");[4] Bernstein v. Crazy Eddie,

Inc., 702 F. Supp. 962, 983 (E.D.N.Y. 1988) ("Cross-claimant need therefore only assert

one cross-claim that passes muster under Rule 13(g) in order to bring all the rest before

this court under Rule 18(a)."); see generally 20 Charles Alan Wright & Mary Kay Kane,

Federal Practice and Procedure § 83 (West 2007) ("Rule 18 was completely rewritten and

now makes it clear that any party who has asserted a claim for relief against an opposing

party or parties may join with it whatever other claims the party may have, regardless of

their nature, against any opposing party.").

Rosner concedes that Moscow's Interpleader Claims properly qualify as cross-

claims under F.R.C.P. 13(g). Accordingly, Moscow's Partnership Claims should stand,

even assuming (wrongly), as does Rosner, that they are not sufficiently related under the

"common nucleus" or "transaction or occurrence" standard.[5]

The Second Circuit in Pepper, and later the Southern District in West Productions,

specifically found that they had jurisdiction over cross-claims that did not themselves

arise out of the transaction or occurrence that was the subject matter of the original

---

[4] Rosner's reliance on West Productions to demonstrate the factors used to determine whether the "transaction or occurrence" standard under F.R.C.P. 13(g) for cross-claims has been satisfied, see Rosner Mot. to Dismiss at 4 n.5, is misleading. The greater significance of the case is its holding that cross-claims which do not lie properly under F.R.C.P. 13(g) nonetheless should be joined, pursuant to the "plain language" of F.R.C.P. 18(a), to cross-claims that do fulfill the rule's requirements.

[5] Rosner's reference to Federman v. Empire Fire and Marine Ins. Co., 597 F.2d 798 (2d Cir. 1979), see Rosner Mot. to Dismiss at 4 n.5, for the standard applying to compulsory counterclaims is inapplicable to the question of joinder of cross-claims that is at issue here. In addition, Federman's analysis of ancillary jurisdiction, outdated with the subsequent passage of 28 U.S.C. § 1367, has been rejected by the Second Circuit in Jones v. Ford Motor Credit Co., 358 F.3d 205, 210-13 (2d Cir. 2004).

action, or otherwise relate to the original action, but were joined to cross-claims that did

so arise. See Pepper, 454 F.2d at 635; West Productions, 1997 WL 668210 *3.

In Pepper, an interpleader action much like the one at hand was brought by a bank

to settle conflicting claims to the amount of a "legal fee" agreement pertaining to attorney

Pepper's attempted sale of corporate stock. See 454 F.2d at 628-31. Two of the cross-

claims were related to Pepper's entitlement to the legal fee, while a third cross-claim

sought recovery of a sum paid to Pepper for unrelated services to the estate of a

stockholder's husband. See id. at 635. Concluding that it had jurisdiction over all three

cross-claims, the Second Circuit reasoned as follows:

> The district court dismissed [the third] cross-claim on the grounds that since the
> first two cross-claims had been dismissed, the court had no jurisdiction over it
> because it did not arise 'out of the transaction or occurrence that is the subject
> matter' of the original interpleader action. Rule 13(g), F.R.Civ.P. Since we have
> reinstated the first and second cross-claims, both concededly proper within Rule
> 13(g), we reinstate the third cross-claim.

Id.

Following the Second Circuit's lead, in West Productions, a case brought by the

government against West Productions and its partners for unpaid taxes, the Southern

District concluded that it had supplemental jurisdiction over a defendant's cross-claims

for economic deprivations in the context of a West Side Story production and defamation

in connection with an application to join the Friars Club in New York City. 1997 WL

668210 *1-3. Although these cross-claims were "entirely unrelated to the government's

tax claims" and would not properly lie under F.R.C.P. 13(g) on their own, the court found

that, pursuant to F.R.C.P. 18(a), they could be maintained in joinder with a cross-claim

for indemnity or contribution pertaining to the government's tax claim. Id. at 2.

Thus, even if <u>arguendo</u> Rosner were right that, like the cross-claims at issue in <u>Pepper</u> and <u>West Productions</u>, Moscow's Partnership Claims were wholly unrelated to Moscow's Interpleader Claims, this Court would still have supplemental jurisdiction over the Partnership Claims by virtue of its undisputed jurisdiction over the original interpleader claims.[6]

## II.    THE COURT HAS JURISDICTION OVER SET-OFFS.

With respect to his Partnership Claims, Moscow seeks the money owed him from clients other than Sahni, in the first instance, in the form of a set-off against any portion of the Stipulated Amount to which Rosner may be found entitled. Where a claim "is in the nature of set-off, . . . no separate federal jurisdictional basis for the set-off need be established. . . . It is a counter-demand . . . arising out of a transaction extrinsic to that out of which the primary claim arose." <u>Fraser v. Astra Steamship Corp.</u>, 18 F.R.D. 240, 242 (S.D.N.Y. 1955) (in personal injury action by seaman alleging negligent handling and unseaworthy condition of a vessel, finding jurisdictional basis for unrelated counterclaim based on damages incurred by defendants as a result of plaintiff's earlier attack on a crew-mate). Accordingly, even if the Interpleader and Partnership Claims are deemed unrelated, this Court has jurisdiction over the Partnership Claims as it would over any other claim for set-off.

---

[6] The broad definition of supplemental jurisdiction under federal statute further justifies such a conclusion. <u>See</u> 28 U.S.C. § 1367 (". . . the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III.    THE COURT ALSO HAS SUPPLEMENTAL JURISDICTION OVER MOSCOW'S PARTNERSHIP CLAIMS BECAUSE THEY ARE SUFFICIENTLY RELATED TO THE INTERPLEADER CLAIMS.

Another ground for joinder of, and exercise of jurisdiction over, Moscow's Partnership Claims is that, as described in the Factual Background section above, these claims are indeed significantly related to the underlying interpleader action, such that they readily meet the supplemental jurisdiction test established by the Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). The Gibbs test confers pendent (now supplemental)[7] jurisdiction on federal courts over state claims where the state and federal claims derive from "a common nucleus of operative fact."

In contending that this Court lacks supplemental jurisdiction over Moscow's Partnership Claims, Rosner purports to rely upon the Gibbs jurisdictional test by citing to the decision and invoking the phrase "common nucleus of fact." Rosner Mot. to Dismiss at 6. However, in actuality, he appears to use the test interchangeably with the more restrictive "transaction or occurrence" standard. See id. at 6 (". . . the RMN Partnership Claims must, in effect, arise from the same transaction or occurrence or common nucleus of fact that is the subject matter of the Interpleader Claims"); 6 n.10.[8] The "transaction

---

[7] The Gibbs decision invoked the term "pendent jurisdiction" instead of "supplemental jurisdiction" because it preceded the passage of 28 U.S.C. § 1367.

[8] To the extent that Rosner cites Travelers Ins. Co. v. First Nat'l Bank of Shreveport, 675 F.2d 633 (5th Cir. 1982), for the proposition that ancillary jurisdiction depends on the "transaction or occurrence" test, see Rosner Mot. to Dismiss at 6 n.10, that principle has not been adopted by the Second Circuit and is inconsistent with the Supreme Court's holding in Gibbs.

Moreover, while Rosner suggests that the court in Loral Fairchild Corp. v. Matsushita Elect. Indust. Co., Ltd., 840 F. Supp. 211 (E.D.N.Y. 1994), considered the same factors in assessing supplemental jurisdiction over state claims that Rosner invokes – overlap of legal, factual, and proof issues between state and federal claims (Rosner Mot. to Dismiss

or occurrence" standard is not found in Gibbs, and it has been explicitly distinguished from the "common nucleus" test by the Second Circuit.  See Jones v. Ford Motor Credit Co., 358 F.3d 205, 209, 213 (2d Cir. 2004) (finding that counterclaims which are not related enough to satisfy the "transaction or occurrence" requirement under F.R.C.P. 13(a) nonetheless satisfy the "common nucleus" standard).[9]

In Jones, where borrowers of credit sued Ford Motor Credit Company under the Equal Credit Opportunity Act ("ECOA") for racial discrimination in setting its financing rates, the Second Circuit determined that the company's counterclaims against the plaintiffs for the amounts of their unpaid car loans met the "common nucleus" standard. See Jones, 358 F.3d at 207-08, 213.  The court reasoned that "[t]he counterclaims and the underlying claim bear a sufficient factual relationship (if one is necessary) to constitute the same 'case' within the meaning of Article III and hence of section 1367.  Both the ECOA claim and the debt collection claims originate from the Plaintiffs' decisions to purchase Ford cars."  Id. at 213-14.

Moscow's Partnership Claims clearly meet the "common nucleus" standard, as they share a closer relationship with his Interpleader Claims than the debt counterclaims and the underlying race discrimination claim share in Jones.  In his Interpleader Claims, Moscow alleges that he is entitled to at least 100% of the Stipulated Amount in legal fees

---

at 6 n.10) – the court in fact concluded that there need not be a relationship on all fronts. See id. at 216 ("While it is true that the issues of ownership and infringement are unrelated in terms of the legal issues and matters of proof, they are yet inextricably intertwined in that proof of one is necessary for action on the other. . . . Thus, it would not be improper for this court to exercise its jurisdiction over these defendants . . . .").
[9] The Second Circuit in Jones recognized that even the "common nucleus" standard may not be broad enough to provide the outer limit of an Article III "case" as envisioned by 28 U.S.C. § 1367 for the purposes of supplemental jurisdiction.  See Jones, 358 F.3d at 213.

for his work on the Sahni arbitration, and that Rosner is entitled to nothing, because Rosner abandoned the Sahni case in violation of, inter alia, his professional and partnership obligations to Moscow, among others. Similarly, in his Partnership Claims, Moscow alleges that, during the same time period, Rosner violated his partnership obligations to Moscow by withholding from Moscow money generated from other RMN clients to which Moscow was entitled. This is more than sufficient to constitute a common nucleus of operative fact from which both sets of claims arise.

The fact that all of Moscow's cross-claims against Rosner originate from his professional relationship with Rosner only scratches the surface of the factual and legal interconnections between the claims. In addition, the Court will likely have to determine, and make findings about, Moscow's partnership agreement with Rosner, which is implicated in both the Interpleader and Partnership Claims. We understand that Rosner alleges entitlement to 50% of the Stipulated Amount pursuant to his partnership agreement with Moscow. Similarly, Moscow contends that he is entitled to 50% of other client revenues pursuant to the same terms of the partnership agreement. Accordingly, the Court may have to determine Moscow's percentage entitlement to the Stipulated Amount based on the same terms of the partnership agreement that must be applied to Moscow's claim for a portion of the partnership's revenues from clients other than Sahni. Given the extensive overlap between the two sets of cross-claims, particularly compared to that in Jones, this Court clearly has supplemental jurisdiction over Moscow's Partnership Claims under the "common nucleus" standard.[10]

---

[10] Although Rosner was mistaken in using the "transaction or occurrence" standard, Moscow's Partnership Claims appear to fulfill this narrower standard as well. The Second Circuit has defined the "transaction or occurrence" test as requiring a "logical

Furthermore, this Court should exercise its supplemental jurisdiction because Moscow's Partnership Claims do not trigger any of the provisions under 28 U.S.C. § 1367(c)[11] that would justify doing otherwise. Since the Court will likely be required to determine the terms of Moscow's partnership agreement with Rosner in the process of allocating the Disputed Fund, it will require minimal additional effort to apply these terms to a review of Moscow's entitlement to revenues from other cases based on the relevant accounting records of Rosner Moscow & Napierala, LLP. Accordingly, the Partnership Claims do not substantially predominate over the Interpleader claims,[12] nor

---

relationship" between the relevant sets of claims. Jones, 358 F.3d at 209. "Although the 'logical relationship' test does not require an absolute identity of factual backgrounds, . . . the essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit." Id. (internal citations omitted). As explained above, the terms of Moscow's partnership agreement with Rosner create a logical connection between the Partnership Claims and the underlying interpleader action, such that their joinder is judicially economical and fair.

[11] 28 U.S.C. § 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[12] Rosner's citation to Burgess v. Omar, 345 F. Supp. 2d 369 (S.D.N.Y. 2004), see Rosner Mot. to Dismiss at 6 n.11, where the relevant sets of claims pertained to significantly different time periods and merely provided "background with respect to one another," is inapplicable. Id. at 372. As explained above, the Interpleader and Partnership Claims here stem from a similar time period and relate to the same partnership agreement between Moscow and Rosner, such that the Partnership Claims do not predominate over the Interpleader Claims. In addition, Semi-Tech Litigation LLC v. Bankers Trust Company, 234 F. Supp. 2d 297 (S.D.N.Y. 2002), and AT&T Corp. v. New York City Health and Hospitals Corp., 72 F. Supp. 2d 398 (S.D.N.Y. 1999), are inapplicable because, unlike here, the original claim in both cases is so narrow and simple to resolve that the other claims inevitably predominate.

do they present a novel or complex issue of state law or invite any other compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c).

Even if one of the 1367(c) factors were applicable to the facts at hand, the Second Circuit has held that "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in Gibbs . . .: economy, convenience, fairness, and comity." Jones, 358 F.3d at 214. Under these circumstances, to force Moscow to raise his Partnership Claims in a separate judicial forum would undermine the judicial economy, convenience, and fairness that would be effectuated by resolving all of his cross-claims in this action.[13]

## CONCLUSION

Moscow's Partnership Claims are proper cross-claims because: (1) they arise from a common nucleus of operative fact with Moscow's Interpleader Claims, which are indisputably properly before the Court, and (2) even if unrelated, because they are properly joined to the Interpleader Claims under F.R.C.P. 18(a). Accordingly, Rosner's motion to dismiss the Partnership Claims should be denied.

---

[13] Rosner cites Bache & Co., Inc. v. Roland, 375 F. Supp. 989 (S.D.N.Y. 1974), see Rosner Mot. to Dismiss at 6 n. 11, which is inapposite. The court refused to exercise supplemental jurisdiction in the name of economy and federalism due only to the fact that the federal issue had already been disposed of early in the case. See id. at 991. The Interpleader Claims at hand have not been resolved yet, nor are they likely to be resolved prior to the Partnership Claims, as the two would likely need to be addressed simultaneously.

Dated: New York, New York
      September 20, 2007

Respectfully submitted,

BELDOCK, LEVINE & HOFFMAN LLP

Robert L. Herbst (RLH8851)
Sofia Yakren (SY4874)
Attorneys for Cross-Claimant John Moscow