FINESTEIN & MALLOY, L.L.C.
Michael D. Malloy (MM 5196)
26 Main Street
Chatham, New Jersey 07928
(973) 635-4500
Attorneys for Brian Rosner, Esq.
and Rosner & Napierala, LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDENTIAL EQUITY GROUP, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>THOMAS R. AJAMIE, AJAMIE LLP, ROBERTWEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, BRIAN ROSNER, ROSNER NAPIERALA LLP, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, and ABC CORPORATIONS 1-25,<br><br>     Defendants. | Case No. 07-CV-5606 (JSR)<br><br>ECF<br><br>**REPLY IN FURTHER SUPPORT OF MOTION OF BRIAN ROSNER, ESQ. AND ROSNER & NAPIERALA, LLP TO DISMISS CERTAIN CROSS-<u>CLAIMS OF JOHN W. MOSCOW</u>** |

{00031084 / MMALLOY}


# TABLE OF AUTHORITIES

**CASES**

*Beaufort Transfer Co. v. Fischer Trucking Co.*,
357 F.Supp. 662, 671 n.6 (E.D.Mo. 1973) ...................................................................... 7

*Cherokee Insurance Company v. Koenenn*,
536 F.2d 585, 588-90 (5th Cir. 1976) ............................................................................ 6

*Federman v. Empire Fire and Marine Ins. Co.*,
597 F.2d 798 (2d Cir. 1979) ........................................................................................... 4

*Fraser v. Astra Steamship Corporation*,
18 F.R.D. 240, 242 (S.D.N.Y. 1955) ......................................................................... 6, 7

*Jones v. Ford Motor Credit Company*,
358 F.3d 205, 213-215 (2d Cir. 2004) ........................................................................... 4

*Metropolitan Life Insurance Company v. O'Ferrall Ochart*,
635 F.Supp 119, 120-121 (D.P.R. 1986) ....................................................................... 6

*Mount Vernon Fire Ins. v. A.S. Constr.*,
Case No. 05-CV-3190, 2007 WL 2275242, at *2-5 (E.D.N.Y. Aug. 7, 2007) ............. 4

*Wayne County Board of County Commissioners v. Mendel, Inc.*,
Case No. 98-CV-1795, 2000 WL 206257, at *2 (N.D.Ohio Jan. 6, 2000) ................ 2, 3

**STATUTES**

28 U.S.C. § 1367 ..................................................................................................... 1, 4, 5

**OTHER AUTHORITIES**

20 Am. Jur. 2d *Counterclaim* § 6 .................................................................................. 6, 7
35A C.J.S. *Federal Civil Procedure* § 382 ........................................................................ 6

**RULES**

Federal Rule of Civil Procedure 13(a) ............................................................................. 4
Federal Rule of Civil Procedure 13(b) ............................................................................. 4
Federal Rule of Civil Procedure 13(g) ...................................................................... passim
Federal Rule of Civil Procedure 18(a) ..................................................................... 1, 2, 3

**TREATISES**

20 Charles Alan Wright and Mary Kay Kane, *Federal Practice and Procedure* § 83 ....... 3

## **INTRODUCTION**

Brian Rosner and Rosner & Napierala, LLP (together "R&N"), Interpleader and Cross-Claim Defendants, move to dismiss certain cross-claims asserted by Interpleader Defendant John W. Moscow.

In his Cross-Claims, Moscow asserts that he is entitled to 100% of the amount due under a fee-sharing agreement (the "Stipulated Amount") between Rosner Moscow & Napierala, LLP ("RMN") and Ajamie, LLP (the "Interpleader Claims").[1] He also asserts other, unrelated claims arising out of his prior affiliation with RMN, alleging that he is entitled to: 50% of all client revenues he generated while at RMN; access to the firm's books and records; and an accounting (the "RMN Partnership Claims").

In R&N's Memorandum of Law in Support of Motion to Dismiss Certain Cross-Claims of John Moscow (the "Initial R&N Memorandum"), R&N argue that Moscow's RMN Partnership Claims should be dismissed because: 1) they do not qualify as cross-claims under Federal Rule of Civil Procedure 13(g); 2) they do not fall within the Court's original subject-matter jurisdiction; 3) they do not fall within the Court's supplemental jurisdiction; and 4) even assuming for the sake of argument that they fall within the Court's supplemental jurisdiction, the Court should, nevertheless, decline to exercise jurisdiction over these claims because they will substantially predominate over other claims asserted in the underlying interpleader action.

In Moscow's Memorandum of Law in Opposition to Motion to Dismiss Cross-Claims of Brian Rosner and Rosner & Napierala, LLP ("Moscow Memorandum"), Moscow argues that his RMN Partnership Claims should not be dismissed because: 1) they are proper cross-claims under Federal Rule of Civil Procedure 18(a); 2) the Court has supplemental jurisdiction over these claims under 28 U.S.C. Section 1367; and 3) the Court has subject-matter jurisdiction over these

---

[1] RMN is now known as R&N.

{00031084 / MMALLOY}     1

claims because they are "set-offs."

As discussed in greater detail below, none of Moscow's arguments has merit. Accordingly, Moscow's RMN Partnership Claims should be dismissed.

## ARGUMENT

**I. MOSCOW'S RMN PARTNERSHIP CLAIMS ARE NOT PROPERLY JOINED UNDER FEDERAL RULE OF CIVIL PROCEDURE 18(A), AND, EVEN IF THEY WERE, AN INDEPENDENT BASIS FOR EXERCISING SUBJECT-MATTER JURISDICTION IS STILL REQUIRED AND IS LACKING**

Moscow argues that his Interpleader Claims are properly asserted under Rule 13(g), and that his RMN Partnership Claims are properly asserted under Rule 18(a).[2]

Rule 13(g) provides:

> A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.

Rule 18(a) provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Knowing that the RMN Partnership Claims simply do not pass muster under Rule 13(g), Moscow attempts to use Rule 18(a) to sanctify them as proper cross-claims.

There are two problems with Moscow's argument. First, those of Moscow's claims that have been denoted as Interpleader Claims are not truly cross-claims; they are simply interpleader claims.

In *Wayne County Board of County Commissioners v. Mendel, Inc.*, the court squarely addressed this precise issue, holding that, while an interpleader defendant could, in theory, assert cross-claims against other interpleader defendants, it did not do so when it merely asserted a

---

[2] Moscow Memorandum at 3-6.

claim to the interpleaded funds.[3] The Court explained the rationale for its finding, a rationale that applies equally in the instant case:

> If parties in interpleader actions were permitted to label their claims for relief against the interpled funds "cross-claims," then parties could, in every instance, join any and all claims against any co-party pursuant to Fed.R.Civ.P Rule 18(a), regardless of whether such claims arose out of the same transaction or occurrence as the original action or related to any property that is the subject matter of the original action. Accordingly, allowing a cross-claim such as [an interpleader claim asserted as a "cross-claim"] to go forward could effectively render Rule 13(g)'s limitations on cross-claims a nullity.[4]

Since, in this case, the Interpleader Claims are not genuine cross-claims, they cannot act as a platform for adding additional claims, including the RMN Partnership Claims, under Rule 18(a).

Second, even if Moscow's Interpleader Claims were truly cross-claims and did, in fact, provide a basis for joining additional claims, including the RMN Partnership Claims, under Rule 18(a), the RMN Partnership Claims would *still* be required to independently satisfy subject-matter jurisdictional requirements:

> Federal jurisdictional requirements must of course be observed in joining claims…When the basis of jurisdiction is a federal claim, however, plaintiff may not join with it a separate and distinct non-federal claim, unless diversity exists. If, however, the claims are closely enough related on their facts, the court has power to exercise what used to be called "pendent jurisdiction" and is now called "supplemental jurisdiction" over the non-federal claim if it chooses to do so.[5]

Because Moscow's RMN Partnership Claims are not proper cross-claims and because there is no independent basis for exercising subject-matter jurisdiction over them, these claims should be dismissed.

---

[3] Case No. 98-CV-1795, 2000 WL 206257, at *2 (N.D.Ohio Jan. 6, 2000).
[4] *Id.*
[5] 20 Charles Alan Wright and Mary Kay Kane, *Federal Practice and Procedure* § 83. Moscow, in fact, cited this section of *Federal Practice and Procedure* on page 4 of his Memorandum.

## II. MOSCOW'S RMN PARTNERSHIP CLAIMS SHOULD BE DISMISSED BECAUSE THEY DO NOT SATISFY THE REQUIREMENTS OF RULE 13(G) OR THE LITMUS TEST OF SECTION 1367

Moscow also argues that this Court has subject-matter jurisdiction over his RMN Partnership Claims because the requirements of 28 U.S.C. Section 1367 have been satisfied.[6] In making this argument, Moscow relies upon a recent Second Circuit decision in a non-interpleader context, *Jones v. Ford Motor Credit Company*. There, the Court held that a *counterclaim* did not necessarily satisfy the requirements for a compulsory counterclaim under Rule 13(a), but that there was, nevertheless, subject-matter jurisdiction over the counterclaim because it satisfied the more liberal requirements for a permissive counterclaim under Rule 13(b) as well as Section 1367.[7]

As discussed in *Jones*, however, a counterclaim may be compulsory or permissive; if a counterclaim cannot satisfy the Rule 13(a) requirements for a compulsory counterclaim, the court may still have subject-matter jurisdiction if the counterclaim can satisfy the more liberal Rule 13(b) requirements for a permissive counterclaim, as well as Section 1367. By contrast, there are no compulsory and permissive cross-claims; the only way a court will have subject-matter jurisdiction over a cross-claim is if it satisfies Rule 13(g).[8]

As detailed in the Initial R&N Memorandum, the RMN Partnership Claims do not satisfy the "transaction or occurrence" requirement of Rule 13(g) because there is neither an identity of facts nor a logical relationship between the claims asserted in the underlying interpleader action and the RMN Partnership Claims. Moreover, there is no mutuality in the proof that will be

---

[6] Moscow Memorandum at 4 n.5, 7 n.8, and 7-11.
[7] 358 F.3d 205, 213-215 (2d Cir. 2004).
[8] *See, e.g., Mount Vernon Fire Ins. v. A.S. Constr.*, Case No. 05-CV-3190, 2007 WL 2275242, at *2-5 (E.D.N.Y. Aug. 7, 2007) (citing *Jones v. Ford Motor Credit Co.* and *Federman v. Empire Fire and Marine Ins. Co.*, and applying Rule 13(g) and the logical relationship test to determine that cross-claims could not be asserted in a pending declaratory judgment action).

{00031084 / MMALLOY}                             4

required to resolve, on the one hand, the claims asserted in the underlying interpleader action, and, on the other hand, the RMN Partnership Claims.[9]

Even assuming *arguendo* that the RMN Partnership Claims passed muster under Rule 13(g), supplemental jurisdiction over these claims is still not available under Section 1367, which applies the "common nucleus" test. By way of his Interpleader Claims, Moscow alleges that he is entitled to 100% of the Stipulated Amount under the Fee Agreement between RMN and Ajamie, LLP, and that the same should be paid directly from the Disputed Fund. If Moscow prevails, that means that all of the monies that he seeks by way of his RMN Partnership Claims relate to clients other than Sahni, and to monies that are not part of the Disputed Fund.

Indeed, by taking the position that he, and not R&N, is entitled to all the monies out of the Disputed Fund, Moscow has succeeded in hoisting himself on his own petard. If there were any "common nucleus" – and there is not – he has effectively destroyed it.

In his Memorandum, Moscow has attempted, unsuccessfully, to backpedal, stating: "Since the Court will likely be required to determine the terms of Moscow's Partnership Agreement with Rosner in the process of allocating the Disputed Fund, it will require minimal additional effort to apply these terms to a review of Moscow's entitlement to revenues from other cases based on the relevant accounting records of Rosner, Moscow & Napierala, LLP."[10]

In fact, there will be no need for this Court to settle the partnership dispute between Moscow and R&N in order to determine how the Disputed Fund will be allocated. First of all, the partnership dispute is irrelevant to the other Interpleader Defendants and their claims to the Disputed Fund. Second, Moscow can produce no agreement that entitles him to a share in the Disputed Fund: It was RMN, not Moscow, that entered into the Fee Agreement with Ajamie,

---

[9] R&N Initial Memorandum at 3-4. Additionally, as detailed in the R&N Initial Memorandum, this Court does not have diversity, federal-question or supplementary jurisdiction over the RMN Partnership Claims. *Id.* at 5-7.

[10] Moscow Memorandum at 10.

LLP. Whether and to what extent Moscow, as a former partner in RMN, is entitled to be paid a portion of the funds that R&N receives out of the Disputed Fund is a completely distinct matter. Accordingly, Moscow's RMN Partnerships Claims should be dismissed.[11]

### III. MOSCOW'S RMN PARTNERSHIP CLAIMS DO NOT AMOUNT TO A SET-OFF. CONSEQUENTLY, THERE MUST BE AN INDEPENDENT BASIS FOR THE COURT TO EXERCISE SUBJECT-MATTER JURISDICTION OVER THEM

Moscow argues that the Court has subject-matter jurisdiction over his RMN Partnership Claims because they are set-offs.[12] Moscow cites a 1955 decision from the Southern District of New York, *Fraser v. Astra Steamship Corporation*, wherein the court observed that "when the counterclaim is in the nature of set-off, and is used defensively, rather than affirmatively, no separate federal jurisdictional basis for the set-off need be established."[13]

When Moscow quoted this case in his Memorandum, however, he substituted the word "claim" for "counterclaim."[14] This is a material substitution since, as explained in *Astra*, the set-off rule only applies when one party has asserted a claim, and the opposing party asserts a counterclaim that reduces the amount due to the first party.[15] Also, as explained in *Astra*, a set-

---

[11] *See, e.g., Cherokee Ins. Co. v. Koenenn*, 536 F.2d 585, 588-90 (5th Cir. 1976) (finding that, in an interpleader action to determine the beneficiaries of insurance proceeds, it was improper for the court to consider whether a note used to purchase the insured property should be cancelled as a result of the property's destruction in a fire); *Metro. Life Ins. Co. v. O'Ferrall Ochart*, 635 F.Supp 119, 120-121 (D.P.R. 1986) (finding that it would be inappropriate to consider a wrongful death claim asserted by the beneficiary of an insurance policy, in an interpleader action to determine the beneficiaries of life insurance policy).

[12] Moscow Memorandum at 6.

[13] 18 F.R.D. 240, 242 (S.D.N.Y. 1955) (internal citations and quotations omitted).

[14] R&N Initial Memorandum at 6.

[15] *Id. See also* 20 Am. Jur. 2d *Counterclaim* § 6 ("The doctrine of setoff…is essentially an equitable one requiring that the demands of mutually indebted parties be set off against each other and that only the balance be recovered in a judicial proceeding by one party against the other. Stated otherwise, the right to setoff allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A. It is a mode that equity adopts to compel the ultimate payment of a debt by one who in justice, equity and good conscience ought to pay it.") (internal citations and quotations omitted). *See also* 35A C.J.S. *Federal Civil Procedure* § 382 (discussing that a set-off may be asserted as

off may be used defensively, i.e., to offset a claim, but may not be used offensively, i.e., for an affirmative recovery.[16]

The set-off rule is inapplicable to Moscow's RMN Partnership Claims. In order for the set-off rule to apply, there must be a genuine juxtaposition of claim and counterclaim. In the instant case, both R&N and Moscow assert claims, by way of their Interpleader Claims, to a portion of the Disputed Fund. These claims are competing and mutually-exclusive; they do not offset one another and, hence, do not qualify for application of the set-off rule.

Moscow also seeks to have his remaining claims, the RMN Partnership Claims, paid out of a portion of the Disputed Fund, but this is merely by virtue of the fact that, for his own convenience, he has asserted these claims in this proceeding; these claims do not have any intrinsic relationship to the Disputed Fund. In any event, they are asserted offensively, rather than defensively, and therefore do not qualify for application of the set-off rule.[17]

---

either a permissive or compulsory counterclaim).
[16] 18 F.R.D. at 242. *See also* 20 Am. Jur. 2d *Counterclaim* § 6.
[17] *See, e.g., Beaufort Transfer Co. v. Fischer Trucking Co.*, 357 F.Supp. 662, 671 n.6 (E.D.Mo. 1973) (stating that the fact that one interpleader claimant is seeking to have a cross-claim paid out of another claimant's interest in the interpled fund does not "affect the fact that the cross-claim itself is not related to the fund").

{00031084 / MMALLOY}                                    7

## **CONCLUSION**

For the reasons set forth above and in their Initial Memorandum, Defendants, Brian Rosner and Rosner & Napierala, LLP respectfully urge the Court to grant their motion dismissing the Cross-Claims of Defendant John Moscow memorialized in paragraphs 17 through 20 and paragraphs (d) through (f) of the Prayer for Relief contained in his Answer to Complaint for Interpleader and Cross-Claims filed August 3, 2007.

Dated: September 27, 2007
       Chatham, New Jersey

                                        FINESTEIN & MALLOY, L.L.C.

                                        /s/ *Michael D. Malloy*
                                        Michael D. Malloy (MM 5196)
                                        26 Main Street
                                        Chatham, New Jersey 07928
                                        Telephone: (973) 635-4500
                                        Facsimile: (973) 635-4543
                                        Attorneys for Defendants,
                                        Brian Rosner, Esq.
                                        and Rosner & Napierala, LLP