UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
PRUDENTIAL EQUITY GROUP, LLC,         :
                                      :
            Plaintiff,                :     07 Civ. 5606 (JSR)
                                      :
       -v-                            :     MEMORANDUM ORDER
                                      :
THOMAS R. AJAMIE et al.,              :
                                      :
            Defendants.               :
--------------------------------------x

JED S. RAKOFF, U.S.D.J.

     By summary order dated October 10, 2007, this Court granted the motion of defendants Brian Rosner and Rosner & Napierala, LLP (the "Rosner defendants") to dismiss the cross-claims of defendant John Moscow set forth in paragraphs 18 to 20 of Moscow's Answer to Complaint for Interpleader and Cross-Claims. This Memorandum states the reasons for that ruling.

     Plaintiff Prudential Equity Group, LLC brought this interpleader action because it had control of a fund of money representing an amount due as attorneys' fees in a completed arbitration proceeding, to which the interpled defendants, all attorneys or law firms, had competing claims. See Complaint ¶¶ 3-18, 21-29. Defendants John Moscow and Brian Rosner were, at one time, partners in the law firm of Moscow Rosner & Napierala, LLP ("MRN"). Id. ¶¶ 8-9; Answer of John Moscow to Complaint for Interpleader and Cross-Claims ("Moscow Answer") ¶ 5. In his Answer, defendant Moscow asserted cross-claims against the Rosner defendants based upon his provision of legal services in the arbitration proceeding (the "arbitration cross-claims"). Moscow Answer ¶¶ 4-16. Additionally,

however, Moscow asserted other cross-claims against the Rosner defendants (the "partnership cross-claims") that related primarily to other moneys Moscow may be owed out of revenues generated by other client representations of Moscow Rosner & Napierala, LLP that have nothing to do with the arbitration representation that is the subject of the interpleader action.  Id. ¶¶ 18-20.  It is the partnership cross-claims that the Rosner defendants moved to dismiss.

While the Court agrees with Moscow that the arbitration cross-claims may properly be joined in this lawsuit pursuant to Rules 13(g) and 18(a) of the Federal Rules of Civil Procedure, see First Nat'l Bank of Cincinnati v. Pepper, 454 F.2d 626, 635 (2d Cir. 1972), permission to join a claim does not of itself create federal jurisdiction over that claim.  It is undisputed that the Court does not have original subject matter jurisdiction over the partnership cross-claims, but Moscow suggests that the Court can exercise supplemental jurisdiction over these cross-claims pursuant to 28 U.S.C. § 1367, which allows a federal court that has original jurisdiction over a claim (here, the underlying interpleader claim and the concomitant arbitration cross-claims) to exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Such supplemental jurisdiction may be exercised whenever the claims "derive from a common nucleus of operative fact."  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

In assessing whether claims arise from the same common nucleus, the Second Circuit has "traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (alterations in original). Here, although Moscow's arbitration cross-claims and his partnership cross-claims begin from the shared premise that Rosner's behavior constituted a breach of his partnership agreement with Moscow, that is the modest extent of the overlap. The arbitration cross-claims involve the representation provided by the parties in the single case that is the subject of this interpleader action. The partnership cross-claims involve moneys that may be owed to Moscow from a number of entirely separate client representations that have nothing to do with the representation that is the subject of the interpleader action. The common theory of liability is not enough to provide a common nucleus of operative fact.

Moreover, even if the Court were to find that it has supplemental jurisdiction over the partnership cross-claims, the Court would decline to exercise that jurisdiction pursuant to § 1367(c)(4), which provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim ... if ... in exceptional circumstances, there are ... compelling reasons for declining jurisdiction." See generally Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004). Here, as Moscow conceded,

3

resolution of the partnership cross-claims would require a trial separate from the trial of the arbitration cross-claims. See transcript, 10/4/07. Discovery would also be greatly complicated. For example, documents in each of the contested representations would have to be redacted to protect attorney-client confidences from being disclosed to third parties in each of the separate representations at issue in the partnership cross-claims. Complicated protective orders would also be required. In short, to keep the partnership cross-claims in this Court would create logistical imbroglios that are the very antithesis of the values of "economy, convenience, fairness, and comity" sought to be advanced by supplemental jurisdiction. Jones, 358 F.3d at 214; see also Caraballo v. S. Stevedoring, Inc., 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); Hirschinger v. Allstate Ins. Co., 884 F. Supp. 317, 320-21 (S.D. Ind. 1994). The Court also finds that the fact that this litigation is in its early stages weighs in favor of dismissal. Cf. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Together, these are compelling considerations for declining to exercise supplemental jurisdiction, assuming arguendo that there were otherwise a legal basis to do so.

  As a fall-back position, Moscow argues that, even if there is no supplemental jurisdiction over the partnership cross-claims, these claims would still properly be before the Court under the set-off exception to the requirement of independent jurisdiction, which "provides that '[w]here [a] permissive counterclaim is in the nature of a set-off interposed merely to defeat or reduce the opposing party's claim and does not seek affirmative relief, no independent

4

jurisdictional grounds are required.'"  Jones, 358 F.3d at 212 n.3 (quoting United States v. Heyward-Robinson, 430 F.2d 1077, 1081 n.1 (2d Cir. 1970).  On their face, the arbitration cross-claims do not qualify as set-offs because the claims seek affirmative relief.  See Moscow Answer ¶¶ 18-20.  At oral argument Moscow's counsel offered to confine the claims to a defensive set-off to get around that problem. See transcript, 10/4/07.  However, even with such a limitation, the Court finds that the set-off exception is not applicable in this case, for several reasons.  To begin with, it is not clear from the case law that the set-off exception applies to cross-claims as opposed to counterclaims.  See, e.g., Jones, 358 F.3d at 212 n.3; cf. 3 Moore's Federal Practice § 13.110[1][b].  Further, even with some type of limitation on the partnership cross-claims, it is unclear that they would qualify as truly "defensive" for purposes of the set-off exception.  See id. § 13.31 (defining a setoff as a claim "for a liquidated or otherwise ascertained amount pleaded solely to diminish or reduce a judgment for the opposing party").  Finally, the Second Circuit has itself questioned whether the set-off exception, though technically different from supplemental jurisdiction, can be reconciled with the Supreme Court's holding in United Mine Workers v. Gibbs, supra, limiting supplemental jurisdiction to situations involving a "common nucleus" of facts.  See Jones, 358 F.3d at 212 n.3.  Given these uncertainties over the nature and extent of this exception, the Court declines to find the exception applicable here.

Accordingly, the Court hereby reaffirms its Order dated October 10, 2007, granting the Rosner defendants' motion to dismiss the cross-claims set forth in paragraphs 18 to 20 of Moscow's Answer. The Clerk of the Court is directed to close document number 54 in the Court's docket.

SO ORDERED.

                                                                                                                               JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 6, 2007