SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 4
------------------------------------------------------------x
CHARANJIT SAHNI and HARPREET SAHNI,

                Petitioners,

           -against-                              Index No.: 105274/04

THE NEW YORK STOCK EXCHANGE,
PRUDENTIAL SECURITIES INCORPORATED,
STUART SKLAR, MARTIN KENNEDY, and
ROBIN HENRY,

                Respondents.
------------------------------------------------------------x

KIBBIE F. PAYNE, J.:

       Motion sequence numbers 001 and 002 are consolidated for disposition.

       Petitioners Charanjit and Harpreet Sahni are the claimants in an on-going arbitration proceeding pending before the New York Stock Exchange (NYSE) entitled *Sahni, et al. v Prudential Securities Inc., et al.*, NYSE Arbitration No. 2002-010156 (the Arbitration). They have petitioned this court, pursuant to CPLR Article 75, for an order disqualifying one of the three arbitrators, respondent Robin Henry, on the ground that her conduct during the hearings has given the appearance of bias and partiality towards the respondents in the Arbitration, Prudential Securities, Incorporated, Stuart Sklar and Martin Kennedy (the Prudential respondents). Respondents NYSE and Robin Henry cross-move for an order, pursuant to CPLR 404(a) and 3211, dismissing the petition with prejudice. In motion sequence 002, the Prudential respondents likewise move for dismissal of the petition on various grounds.

       The First Amended Statement of Claim filed in the Arbitration alleges that the Prudential respondents violated their fiduciary duties in administering the petitioners' brokerage accounts,

AJ 23921

interest. None of the case law involved the removal of an arbitrator at an advanced stage of the proceeding under circumstances where one party perceives bias towards themselves based on the arbitrator's demeanor, eyebrow movements and/or "body language."

The court has not considered any of the statements regarding, or documentary submissions purporting to show, the arbitration award history for Ms. Henry. Even assuming any of this evidence is competent or proper, the petition does not seek her removal on this basis.

Accordingly, I find that the petition fails to state a claim for judicial disqualification of Ms. Henry under either the FAA or under the CPLR, and it is

ORDERED AND ADJUDGED that the application is denied in all respects and the cross motions to dismiss the petition are granted; and it is further

ORDERED AND ADJUDGED that costs and disbursements are awarded to respondents, including motions costs of $100.00 for each motion to dismiss pursuant to CPLR 8106 and 8202.

This constitutes the decision and judgment of the court.

DATED: JUN 3 0 2004                    ENTER:

                                       _____
                                              J.S.C.

14

AJ 23934