# NYSE Regulation

NYSE Regulation
In the Matter of Arbitration Between

Case:   Charanjit Sahni, Harpreet Sahni, Nasimang Enterprises Avv/Nasimang Trust by Nand Sahni and Charanjit Sahn
Charanjit Sahni Custodian Angad Sahni UTMA, and Charanjit Sahni Custodian Simran Sahni UTMA v.
Prudential Securities Inc., Stuart Sklar, Martin Kennedy, Andrea Klein, and Ash Rajan
Docket: 2002-010156

Attorneys:
    For Claimant(s):    John W. Moscow - New York, NY
                        Thomas R. Ajamie - Houston, TX
    For Respondent(s):  Matthew Farley - New York, NY

Date Filed: 4/12/2002        First Scheduled: 02/17/2003        Decided: 05/18/2006

Case Summary: Claimants, customers, allege that respondents engaged in unsuitable trading and various SRO violations, breached their fiduciary duty, failed to supervise, were negligent, and breached their contract regarding transactions in equity investments.

Product: Equity                              Market: NYSE

Claim:

|          | Claim           |
|----------|-----------------|
| Claim:   | $22,115,342.00  |
| Punitive:| $0.00           |
| Atty Fees:| $0.00          |
| Deposit: | $1,500.00       |

Award:

|          | Award           |
|----------|-----------------|
| Award:   | $11,830,516.00  |
| Punitive:| $0.00           |
| Atty Fees:| $0.00          |
| Costs:   | $0.00           |

Forum Fees:    $124,500.00

Case:   Charanjit Sahni, Harpreet Sahni, Nasimang Enterprises Avv/Nasimang Trust by Nand Sahni and Charanjit Sahn
Charanjit Sahni Custodian Angad Sahni UTMA, and Charanjit Sahni Custodian Simran Sahni UTMA v.
Prudential Securities Inc., Stuart Sklar, Martin Kennedy, Andrea Klein, and Ash Rajan
Docket: 2002-010156

---

Decision: The undersigned arbitrator(s) have decided and determined that in full and final settlement of all claims
between the parties that:

Respondent, Prudential Equity Group, Inc. shall pay to claimants the following amounts:
-Simran Sahni - $141,897 plus simple interest at the rate of 9% from August 1, 2000 until date paid;
-Angad Sahni - $472,619 plus simple interest at the rate of 9% from August 1, 2000 until date paid;
-Mr. & Mrs. Sahni - $816,000 plus simple interest at the rate of 2% from September 1, 2000 until date paid;
-Nasimang Trust - $10,400,000 plus simple interest at the rate of 4% from November 1, 2000 until date paid.

The forum fees of $124,500 are assessed equally between the claimants and respondent, Prudential Equity Group,
Inc. In addition, claimants are to pay a $1,500 adjournment fee and $500 balance of hearing deposit.

The panel orders that the CRD records of Messrs. Martin Kennedy and Stuart Sklar be expunged on the basis that the
allegations against them are false, subject to review by a court of competent jurisdiction.

After over 40 days of hearings over a period of 2-1/2 years, at which dozens of witnesses testified, and the
introduction of thousands of pages of exhibits, the panel believes it is appropriate to briefly set forth its reasoning
behind the award. The nature of the claims asserted by the Sahni interests against Prudential (now Wachovia) are set
forth in the case description. In generic terms, this is a "crash" case, but not of a garden variety.
No attempt will be made here to summarize all the testimony and evidence, which frequently proved largely
irrelevant, inconclusive or contradictory. Briefly, the Sahni interests attempted to portray Mr. Sahni as an
unsophisticated investor whose accounts were ruthlessly traded by his broker, Mitesh Shere, under the not so
watchful eyes of anyone at the branch or compliance levels. Prudential argued that Mr. Sahni was at all times fully in
command and control of his family of accounts and directed all trading modalities, including stock selection and
strategy. Prudential also argued that its representatives lived up to the standards and requirements of the firm and
the industry in supervising the Sahni accounts. After sifting all the evidence, the Panel concluded that the
responsibility for the investment losses should appropriately be shared.
One of the unanswered questions in the case was Sahni's failure to name as a respondent Mitesh Shere, or to offer any
explanation why this was not done. The panel considered this to be highly significant in the overall context of Shere's
relationship with Sahni, which was deeper and more substantive than that of a broker-client. In sum, it appeared to
the panel that they were in effect "partners" in the loose sense of the term in trading the accounts and relied on each
other constantly. This is evidenced by the tremendous volume of phone traffic between the two and credible
testimony that Sahni was virtually a fixture at the branch office. This relationship (which carried over from Shere's
days at Ladenburg) is also reflected in the opening account documentation at Prudential granting Shere trading
authority, and which was crafted by Shere and Sahni - perhaps deliberately - so that Prudential could not achieve the
appropriate level of supervision required of such discretionary accounts.
At the same time, this close and obviously personal relationship gave branch personnel the false impression that
Sahni was entirely at home with investments and markets and the trading strategies, including heavy use of margin,
he was employing. As one witness testified, people at the branch were shocked that he actually filed an arbitration
claim against the firm since from all direct observation there appeared to be no dissatisfaction despite crushing
portfolio losses.
This sense of security, however rational, was misplaced. If, as it appears, Sahni was in the office constantly, it would
have required no Herculean effort for the branch manager or operations manager to visit with him, find out the kind
of business he and Shere were doing, and get direct confirmation that there were no difficulties. This apparently was
never done to any depth. Documents from a firm where Sahni had had accounts previously amply demonstrate the
kinds of memorializaton of client contact sorely lacking here.
As a result, the panel concluded that responsibility for managing the accounts was shared by Shere and Sahni and
that, Prudential as the ultimate party responsible and Shere's employer, should bear approximately half of the
investment losses that occurred in the Nasimang and joint accounts.
Concerning the children's gift accounts, the panel believed that, although Prudential acted in accordance with firm

policy and written guidelines, they facilitated Sahni's raiding of these accounts to cover margin calls in the main investment account. As a result, the Panel awarded full compensation for the children's accounts, with interest, as provided above.

---

Remarks:

At the start of the hearing the claims against Andrea Klein and Ash Rajan were withdrawn.

---

The undersigned arbitrators hereby affirm that they have executed this instrument which is their award:

Arbitrators: (D = Dissents)                Signatures:

    Robert E. Anderson

    Robin R. Henry

    Robina F Asti

City, State: New York, NY                  Date:    05/18/2006

---

Sessions: 83
Hearing Dates:
    09/12/2003 , (2)
    09/11/2003 , (2)
    09/10/2003 , (2)
    09/09/2003 , (2)
    09/08/2003 , (2)
    08/12/2003 , (1)
    01/28/2004 , (2)
    03/16/2004 , (2)
    03/18/2004 , (2)
    01/26/2004 , (2)
    01/27/2004 , (2)
    04/01/2004 , (1)
    04/05/2004 , (1)
    12/02/2003 , (2)
    12/03/2003 , (2)
    09/13/2004 , (2)
    09/14/2004 , (2)
    09/15/2004 , (2)
    09/16/2004 , (2)
    11/29/2004 , (2)
    11/30/2004 , (2)
    12/14/2004 , (2)
    12/15/2004 , (2)
    02/28/2005 , (2)
    03/01/2005 , (2)
    03/02/2005 , (2)
    05/02/2005 , (2)
    05/03/2005 , (2)

May-26-06    09:38am    From-

T-822    P.005/005    F-216

05/04/2005 , (2)
10/11/2005 , (1)
10/12/2005 , (2)
10/14/2005 , (2)
10/13/2005 , (2)
02/08/2006 , (2)
02/09/2006 , (2)
02/10/2006 , (2)
03/27/2006 , (2)
03/28/2006 , (2)
04/10/2006 , (1)
04/11/2006 , (2)
03/06/2006 , (2)
03/07/2006 , (2)
03/08/2006 , (2)
03/09/2006 , (2)

(Name of Sponsoring Organization Wi     hich Claim is to Filed)

In the Matter of the Arbitration Between

Name(s) of Claimand(s) (Please print er type)

Name(s) of Respondent(s)

CHARANJIT SAHNI, HARPREET SAHNI,

NASIMANG ENTERPRISES AVV/NASIMANG
TRUST BY NAND SAHNI AND CHARANJIT
SAHNI, CHARANJIT SAHNI CUSTODIAN
ANGAD SAHNI UTMA, AND CHARANJIT
SAHNI CUSTODIAN SIMRAN SAHNI UTMA

and

PRUDENTIAL SECURITIES INCORPORATED

STUART SKLAR, MARTIN KENNEDY,
ANDREA KLEIN, AND ASH RAJAN

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached Statement of Claim, Answers, and all related Counterclaims, and/or Third-Party Claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgement and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. IN WITNESS WHEREOF, the parties hereto have signed and acknowledged the foregoing Submission Agreement.

Claimant(s) Signature(s)

Respondent(s) Signature(s)

(NAND K. SAHNI)

FOR CLAIMANTS WHO ARE INDIVIDUALS*

State of _New York_, County of _Nassau_

On the __16__ day, of __April__ ,2002 , before me personally appeared
CHARANJIT SAHNI, HARPREET SAHNI, NAND SAHNI to me known and known to me to be the person(s)
who executed the foregoing instrument, and (they) acknowledged to me that (they) executed the same.

Notary Public

* A corporate claimant is required to execute an acknowledgement in the form approved by the state in which it has its principal office. If assistance is required, please contact the Director of Arbitration.

ELISE M. NEGRIN
Notary Public, State of New York
No. 01NE4808756
Qualified in Nassau County
Commission Expires _7-31-2002_

# NEW YORK STOCK EXCHANGE, INC.
## UNIFORM SUBMISSION AGREEMENT

In the Matter of the Arbitration Between

*Respondent(s)*

Name(s) of Claimant(s)

NYSE Docket No.: 2002-010156

CHARANJIT SAHNI, HARPREET SAHNI,
NASIMANG ENTERPRISES AVV/NASIMANG
TRUST by NAND SAHNI and CHARANJIT
SAHNI, CHARANJIT SAHNI Custodian ANGAD
SAHNI UTMA, and CHARAJIT SAHNI Custodian
SIMRAN SAHNI UTMA

And

Name(s) of Respondent(s)

PRUDENTIAL SECURITIES INCORPORATED,
STUART SKLAR, MARTIN KENNEDY,
ANDREA KLEIN, and ASH RAJAN

1.  The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2.  The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3.  The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution,By-Laws, Rules, Regulation, and/or Code of Arbitration Procedure of the sponsoring organization.

4.  The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5.  The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Prudential Securities Incorporated
Respondent Name (please print)

By: _[signature]_

Respondent's Signature

6/21/02
Date

Respondent Name (please print)

Respondent's Signature

Date

SFNY1 93165 v1

## ACKNOWLEDGEMENT OF CORPORATION

STATE OF NEW YORK          )

                        : ss.:

COUNTY OF NEW YORK  )


On this 21st day of June, 2002, before me personally appeared Gregory P. Candela, to me known, who, being by me duly sworn, did depose and say that he is a First Vice President of Prudential Securities Incorporated, the corporation described in and which executed the foregoing instrument; that he signed said statement in the name of and on behalf of said corporation; and that he is duly authorized to sign and file said statement in the name of and on behalf of said corporation and to bind said corporation thereto.


_____
Notary Public

KENNETH FUCHS
NOTARY PUBLIC, State of New York
No. 02FU4886281
Qualified in New York County
Commission Expires Febouary 9, 2003