UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDENTIAL EQUITY GROUP, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS R. AJAMIE, AJAMIE LLP, ROBERT WEISS, ROBERT H. WEISS & ASSOCIATES, LLP, JOHN MOSCOW, BRIAN ROSNER, ROSNER NAPIERALA LLP, DAVID ROBBINS, KAUFMANN FEINDER YAMIN GILDIN & ROBBINS, LLP, WALLACE SHOWMAN, BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, ROBERT KRAUS, KRAUS & ZUCHLEWSKI LLP, MARTIN KROLL, KROLL, MOSS & KROLL LLP, JOHN DOES 1-25, and ABC CORPORATIONS 1-25,<br><br>　　　　Defendants. | Case No. 07-CV-5606 (JSR)<br><br>STIPULATION OF SETTLEMENT |

　　NOW COME Thomas R. Ajamie; Ajamie LLP; John Moscow; Brian Rosner; Rosner & Napierala, LLP; and Wallace Showman (collectively, "the Settling Parties"); and Robert Weiss and Robert H. Weiss & Associates, LLP ("the Weiss Parties"); and Martin Kroll and Kroll, Moss & Kroll, LLP ("the Kroll Parties"); by and through their respective attorneys of record, and make this Stipulation of Settlement.

　　The parties have settled and resolved the disputes between and among them related to the funds on deposit with this Court ("the Disputed Fund"), except that a dispute remains between the Weiss Parties and the Kroll Parties regarding the claim of the Kroll Parties to a portion of the Disputed Fund.



IT IS HEREBY STIPULATED AND AGREED as follows:

1. The sum of $280,000.00 shall remain on deposit with the Clerk of the Court to satisfy the Weiss Parties and the Kroll Parties' claims to the Disputed Fund. All claims of the Weiss Parties and the Kroll Parties shall be satisfied out of such amount. The trial of the Weiss Parties and the Kroll Parties' respective claims shall proceed as scheduled on April 7, 2008, unless otherwise ordered by the Court. The remainder of the Disputed Fund, including all accrued interest, shall be distributed to the Settling Parties as set forth in paragraph 2 hereinbelow.

2. The parties agree that the remainder of the Disputed Fund shall be paid in the following amounts, to the following parties, and the Clerk of the Court is directed to now release and pay the following amounts ("the Settlement Sums") out of the funds on deposit in this Action:

a. The sum of $269,541.24 shall be paid to Brian Rosner and Rosner & Napierala, LLP, jointly as follows: The Clerk shall prepare a check in the amount of $269,541.24 made payable to Rosner & Napierala, LLP and shall send such check to Michael D. Malloy, Esq., Finestein & Malloy, LLC, 26 Main Street, Chatham, New Jersey 07928.

b. The sum of $469,541.23 shall be paid to John R. Moscow as follows: The Clerk shall prepare a check in the amount of $469,541.23 made payable to Beldock Levine & Hoffman LLP, attorneys for John R. Moscow, and shall send such check to Robert L. Herbst, Esq., Beldock Levine & Hoffman LLP, 99 Park Avenue, Suite 1600, New York, New York 10016-1503.

2

c.  The sum of $175,000.00 shall be paid to Wallace Showman as follows: The Clerk shall prepare a check in the amount of $175,000.00 made payable to Wallace A. Showman and shall send such check to Wallace A. Showman, 200 Cabrini Boulevard., No. 43, New York, New York 10033.

d.  After setting aside the sum of $280,000.00 as described in paragraph 1 hereinabove, and paying the sums described in paragraphs 2(a), (b), and (c) hereinabove, the Clerk of the Court shall pay the remainder of the funds on deposit in this Action, including interest that has accrued on the funds, to Thomas R. Ajamie and Ajamie LLP as follows: The Clerk shall prepare a check for such amount made payable to Ajamie LLP and shall send such check to Ajamie LLP, 711 Louisiana, Suite 2150, Houston, Texas 77002.

3.  The Settling Parties are directed to supply to the Clerk of the Court all information and documentation reasonably required by the Clerk, pursuant to its usual and ordinary procedures, to effectuate the distributions noted above.

4.  Once paid, the Settlement Sums are not subject to recoupment or recovery by any of the other parties to this Stipulation of Settlement and represent all of the sums to which the Settling Parties shall be entitled.

5.  All claims made by all Settling Parties against one another, and all claims of the Weiss Parties and the Kroll Parties against the Settling Parties or any of them, shall be dismissed with prejudice and without legal fees or interest paid by any party to any other party, such dismissal to be effective upon receipt by the Settling Parties of the sums described in paragraphs 2(a) – 2(d) hereinabove. Each party hereby waives and releases its respective rights to pursue reimbursement for the fees paid to counsel for Prudential Equity Group, LLC from the res.

6. This Stipulation of Settlement operates as a release of all claims that were made or that could have been made in this Action by each of the Settling Parties against one another; by each of the Settling Parties against each other party to this Stipulation of Settlement up to the date of this Stipulation; and by each party to this Stipulation of Settlement against the each of the Settling Parties up to the date of this Stipulation. All such releases shall be effective upon receipt by the Settling Parties of the sums described in paragraphs 2(a) - 2(d) hereinabove. For purposes of these releases, the term "claims" includes all demands, causes of action, obligations, setoffs, restitutions, sanctions, penalties, liabilities, losses, injuries, damages and costs of any kind or nature whatsoever, at law, in equity, or otherwise. Except for the dispute between the Weiss Parties and the Kroll Parties regarding the Kroll Parties' claim to a portion of the Disputed Fund, each party to this Stipulation of Settlement releases each other party from any and all claims and causes of action that each such party has, shall, or may have, for, upon, or by reason of any matter, cause or thing from the beginning of the world to the date of this Stipulation, arising from or relating to the arbitration proceedings in the matter of *Charanjit Sahni, et al. v. Prudential Securities Inc., et al.*, NYSE Arbitration No. 2002-010156, the proceedings to confirm the arbitration award, or this Action.

7. All claims made by Rosner & Napierala, LLP and Moscow against each other will be dismissed, with prejudice and without legal fees paid by each to the other, such dismissal to be effective upon receipt by Rosner & Napierala, LLP and Moscow of the amounts to which each is entitled pursuant to paragraph 2 hereinabove. This Stipulation of Settlement shall operate as a release of all claims that were made or that could have been made by Rosner & Napierala, LLP and Moscow against each other, whether in this action or otherwise, up to the date of the execution of this Stipulation of Settlement, such releases to be effective upon receipt by Rosner

& Napierala, LLP and Moscow of their respective Settlement Sums. Rosner & Napierala, LLP and Moscow acknowledge that each has received good and valuable consideration for their releases. For purposes of this paragraph 7, "Rosner & Napierala, LLP" shall be deemed to include the former firm of Rosner, Moscow & Napierala, LLP, and Brian Rosner, John Moscow, and Natalie Napierala, individually.

8. Thomas R. Ajamie and Ajamie LLP shall pay the NYSE's outstanding invoice in the amount of $46,750.00 from their portion of the Disputed Fund. Thomas R. Ajamie and Ajamie LLP warrant and represent that they have paid all expenses which they have incurred and of which they have knowledge, including the fees of attorneys David Robbins, Esq.; Robbins, Kaufmann, Feiner, Yamin, Gilden & Robbins LLP; Robert Kraus, Esq.; and Kraus & Zuchlewski LLP; incurred in connection with the arbitration proceedings in the matter of *Charanjit Sahni, et al. v. Prudential Securities Inc., et al.*, NYSE Arbitration No. 2002-010156, and the proceedings to confirm the arbitration award.

9. The undersigned attorneys set forth their respective signatures as their respective clients' consent to all of the terms and conditions of this settlement and represent that they are each authorized by their respective clients to execute this Stipulation of Settlement on their respective behalves.

10. This Stipulation of Settlement sets forth the entire agreement and understanding of the parties and supersedes all prior communications, oral or written, and all prior negotiations, if any, with respect thereto.

11. This Stipulation of Settlement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

5

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the __19th__ day of March, 2008.

FINESTEIN & MALLOY, L.L.C.
Attorneys for Defendants,
Brian Rosner, Esq.
and Rosner & Napierala, LLP

By: _____[signature]_____
    Michael D. Malloy, Esq.

BELDOCK LEVINE & HOFFMAN LLP
Attorneys for Defendant,
John R. Moscow, Esq.

By:_____
    Robert L. Herbst, Esq.

KRAUS & ZUCHLEWSKI, LLP
Attorneys for Defendants,
Thomas R. Ajamie, Esq., Ajamie LLP,
and Wallace Showman, Esq.

By:_____
    Robert Kraus, Esq.

RICHARD M. MALTZ, PLLC
Attorney for Defendants,
Robert Weiss, Esq. and Robert H.
Weiss & Associates, LLP

By:_____
    Richard M. Maltz, Esq.

KROLL MOSS & KROLL LLP
Attorneys for Defendants,
Martin N. Kroll, Esq. and Kroll Moss & Kroll, LLP

By:_____
    John Moss, Esq.

SO ORDERED:

_____
Honorable Jed S. Rakoff
United States District Judge

On this _____ day of March, 2008

6

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the 19th day of March, 2008.

FINESTEIN & MALLOY, L.L.C.
Attorneys for Defendants,
Brian Rosner, Esq.
and Rosner & Napierala, LLP

By: _____
    Michael D. Malloy, Esq.

BELDOCK LEVINE & HOFFMAN LLP
Attorneys for Defendant,
John R. Moscow, Esq.

By: _____
    Robert L. Herbst, Esq.

KRAUS & ZUCHLEWSKI, LLP
Attorneys for Defendants,
Thomas R. Ajamie, Esq., Ajamie LLP,
and Wallace Showman, Esq.

By: _____
    Robert Kraus, Esq.

RICHARD M. MALTZ, PLLC
Attorney for Defendants,
Robert Weiss, Esq. and Robert H.
Weiss & Associates, LLP

By: _____
    Richard M. Maltz, Esq.

KROLL MOSS & KROLL LLP
Attorneys for Defendants,
Martin N. Kroll, Esq. and Kroll Moss & Kroll, LLP

By: _____
    John Moss, Esq.

**SO ORDERED:**

_____
Honorable Jed S. Rakoff
United States District Judge

On this _____ day of March, 2008

6

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the _____ day of March, 2008.

FINESTEIN & MALLOY, L.L.C.
Attorneys for Defendants,
Brian Rosner, Esq.
and Rosner & Napierala, LLP

By: _____
    Michael D. Malloy, Esq.

BELDOCK LEVINE & HOFFMAN LLP
Attorneys for Defendant,
John R. Moscow, Esq.

By: _____
    Robert L. Herbst, Esq.

KRAUS & ZUCHLEWSKI, LLP
Attorneys for Defendants,
Thomas R. Ajamie, Esq., Ajamie LLP,
and Wallace Showman, Esq.

By: *[signature: Robert Kraus]*
    Robert Kraus, Esq.

RICHARD M. MALTZ, PLLC
Attorney for Defendants,
Robert Weiss, Esq. and Robert H.
Weiss & Associates, LLP

By: _____
    Richard M. Maltz, Esq.

KROLL MOSS & KROLL LLP
Attorneys for Defendants,
Martin N. Kroll, Esq. and Kroll Moss & Kroll, LLP

By: _____
    John Moss, Esq.

**SO ORDERED:**

_____
Honorable Jed S. Rakoff
United States District Judge

On this _____ day of March, 2008

6

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the 20² day of March, 2008.

| | |
|---|---|
| FINESTEIN & MALLOY, L.L.C.<br>Attorneys for Defendants,<br>Brian Rosner, Esq.<br>and Rosner & Napierala, LLP | BELDOCK LEVINE & HOFFMAN LLP<br>Attorneys for Defendant,<br>John R. Moscow, Esq. |
| By: _____<br>    Michael D. Malloy, Esq. | By: _____<br>    Robert L. Herbst, Esq. |
| KRAUS & ZUCHLEWSKI, LLP<br>Attorneys for Defendants,<br>Thomas R. Ajamie, Esq., Ajamie LLP,<br>and Wallace Showman, Esq. | RICHARD M. MALTZ, PLLC<br>Attorney for Defendants,<br>Robert Weiss, Esq. and Robert H.<br>Weiss & Associates, LLP |
| By: _____<br>    Robert Kraus, Esq. | By: /s/ Richard M. Maltz<br>    Richard M. Maltz, Esq. |
| KROLL MOSS & KROLL LLP<br>Attorneys for Defendants,<br>Martin N. Kroll, Esq. and Kroll Moss & Kroll, LLP | |
| By: _____<br>    John Moss, Esq. | |

**SO ORDERED:**

_____
Honorable Jed S. Rakoff
United States District Judge

On this _____ day of March, 2008

6

MAR-19-2008 15:37     KROLL MOSS KROLL LLP                    15168738009    P.08/08

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the _____ day of March, 2008.

| | |
|---|---|
| FINESTEIN & MALLOY, L.L.C.<br>Attorneys for Defendants,<br>Brian Rosner, Esq.<br>and Rosner & Napierala, LLP | BELDOCK LEVINE & HOFFMAN LLP<br>Attorneys for Defendant,<br>John R. Moscow, Esq. |
| By: _____<br>Michael D. Malloy, Esq. | By: _____<br>Robert L. Herbst, Esq. |
| KRAUS & ZUCHLEWSKI, LLP<br>Attorneys for Defendants,<br>Thomas R. Ajamie, Esq., Ajamie LLP,<br>and Wallace Showman, Esq. | RICHARD M. MALTZ, PLLC<br>Attorney for Defendants,<br>Robert Weiss, Esq. and Robert H.<br>Weiss & Associates, LLP |
| By: _____<br>Robert Kraus, Esq. | By: _____<br>Richard M. Maltz, Esq. |

KROLL MOSS & KROLL LLP
Attorneys for Defendants,
Martin N. Kroll, Esq. and Kroll Moss & Kroll, LLP

By: /s/ _____
     John Moss, Esq.

SO ORDERED:

/s/ _____
Honorable Jed S. Rakoff
United States District Judge

On this 21st day of March, 2008

6

TOTAL P.08